MARK BRNOVICH
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
JENNIFER J. SANDERS (020657)
Assistant Attorneys General
416 West Congress, 2nd Floor
Tucson, Arizona 85701-1315
(520) 638-2800 • Fax (520) 628-6050
Claudia.Collings@azag.gov
Jennifer.Sanders@azag.gov

Attorneys for Defendants Orozco, Francisco
Noriega, Encinas, Talamantes, & Sheldon

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Brian Wright, et al., | No. CV-21-00257-TUC-JGZ |
|---|---|
| Plaintiffs, | **STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF ADOPTION** |
| v. | |
| Southern Arizona Children's Advocacy Center, et al., | |
| Defendants. | |

Defendants Talamantes, Francisco, Encinas, Sheldon, Noriega, and Orozco (State Defendants) oppose Plaintiffs' request (Doc. 63) that this Court take judicial notice of an adoption.

The Court should deny Plaintiffs' Request as procedurally improper, because although submitted under the pretense of seeking judicial notice, the Request constitutes an improper surreply. The Local Rules of Civil Procedure do not authorize a surreply to a reply memorandum. LRCiv. 7.2(a)-(d). Plaintiffs admit that they are attempting to rebut arguments made in the State Defendants' Motion to Dismiss concerning Plaintiff Irlanda Wright's lack of standing. (Doc. 63 at 1-2.) Plaintiffs have already received a full and fair opportunity to address the substantive issues raised in the State Defendants Motion to

Dismiss when they filed their Response in Opposition. (Doc. 55.) Briefing on the motion to dismiss is complete, and Plaintiffs' surreply is unauthorized under the rules of procedure. The Defendants therefore respectfully request that the Court not consider Plaintiffs' request.

The Court should also deny Plaintiffs' request as substantively deficient. Plaintiffs assert that "the fact that Mrs. Wright has concluded the adoption proceedings asserted in the First Amended Complaint is relevant to the question of standing." (Doc. 63 at 2.) But judicial notice cannot be used to circumvent the Court's scope of review when ruling on a motion to dismiss.

The scope of this Court's review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *Marder* v. *Lopez,* 450 F .3d 445, 448 (9th Cir. 2006). The Court recognizes a narrow exception in that it may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Id.* Here, the adoption order dated March 31, 2022 (Doc. 63-1), was not referred to in Plaintiffs' First Amended Complaint, it is not central to plaintiff's claims that her rights were violated, and it was not attached to the motion to dismiss or plaintiffs' response in opposition. Nor could the adoption order have been referenced in the complaint since the adoption order post-dates the First Amended Complaint by almost five months.

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact outside the pleadings if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," such as matters of public record. *Western Radio Services Co. v. Qwest Corp.,* 530 F.3d 1186, 1192 n. 4 (9th Cir. 2008) (quoting Fed. R. Evid. 201); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The rule governs judicial notice of adjudicative facts only, not legislative facts.

*See* Fed. R. Evid. 201(a). Adjudicative facts are "simply the facts of a particular case" and legislative facts are "those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *See* Advisory Committee Note to Fed. R. Evid. 201(a) (1972). A court may not take judicial notice of a fact that is "subject to reasonable dispute." *Lee,* 250 F.3d at 689.

Here, whether Irlanda Wright had standing is a question of law. The only fact that the Court could or should take notice of is that an adoption order was entered by the Pima County Juvenile Court on March 31, 2022. Thus, as alleged in the First Amended Complaint—and argued in the State Defendants' Motion to Dismiss—Irlanda Wright was not LAW's parent or adoptive mother at the relevant time of the allegations in the First Amended Complaint, when the DCS investigation began in December 2020 and throughout the dependency until its dismissal in October 2021. The record of adoption shows that Irlanda Wright did **not** have standing at the time the Complaint was filed because she did **not** have a legal relationship with the child. The adoption order does not establish standing for Irlanda Wright to vindicate any alleged deprivation of any alleged constitutional rights. Indeed, there is no such thing as retroactive standing. Rather, the recent adoption order bolsters State Defendants' position that Irlanda Wright had no standing at the relevant timeframe as alleged in the complaint. Therefore, Plaintiffs' request is improper.[1]

---

[1] Under A.R.S § 8-821, it is unlawful to disclose adoption records. Adoption records are confidential and must be withheld from public inspection unless authorized by law, rule, court order. A.R.S. § 8-120(A); Ariz. R. Juv. P. 75. By filing the adoption records with this Court and without evidence that they followed Arizona Supreme Court Rule 123(d)(1) and Arizona Rules of Procedure for Juvenile Court 86, Plaintiffs have improperly and unlawfully disclosed confidential adoption records for public inspection.

For the foregoing reasons, the State Defendants respectfully request that the Court deny Plaintiffs' procedurally improper and substantively deficient request to take judicial notice in an attempt to retroactively establish standing.

RESPECTFULLY SUBMITTED this  29th  day of April, 2022.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

/s/ Claudia Acosta Collings
CLAUDIA ACOSTA COLLINGS
JENNIFER J. SANDERS
Assistant Attorney General
Attorneys for Defendants Orozco, Francisco, Noriega, Encinas, Talamantes, & Sheldon

s/ slf
10315424