**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAUREN DODSON, | No. 21-55783 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-04011-RGK-MRW |
| v. | |
| COUNTY OF LOS ANGELES; RENE DIAZ, Deputy; JORGE ORTIZ, Deputy, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| MARCOS ESCALANTE; DOES, 1-10 inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 13, 2022
Pasadena, California

Before: BENNETT and SANCHEZ, Circuit Judges, and FOOTE,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Plaintiff-Appellant Lauren Dodson challenges the grant of summary judgment to the defendants in her deliberate fabrication claim brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Dodson primarily challenges the district court's finding that collateral estoppel barred her claim. A California juvenile dependency court found the following (amended) allegations to be true:

> The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian.
>
> The children's mother, Lauren K. Rosen Dodson and the mother's male companion, Craig Sutfin, father of the [injured] child G. have a history of engaging in physical altercations. On 08/30/2017, the mother and the father threw objects at each other, in the presence of the child G. During the physical altercation on 8/30/17 the child G. was injured and suffered a Hematoma to the right side of the child's forehead and a small abrasion to the child's nose. On numerous prior occasions, the mother and father struck each other and pushed and shoved each other, in the presence of the children. Such conduct on the part of the parents endangers the children's physical health and safety and places the children at risk of serious physical harm.

The dependency court made no other factual findings.

We review de novo the district court's conclusion that a prior decision has preclusive effect, *Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1176 (9th Cir. 2002), applying the state's collateral estoppel rules, *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011). Under California law, collateral estoppel bars a second action when: (1) the issue presented is identical to that in the prior action; (2) the issue

was actually litigated in the prior action; (3) the issue was necessarily decided in the prior action; (4) there was a final judgment on the merits; and (5) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Lucido v. Superior Ct.*, 795 P.2d 1223, 1225 (Cal. 1990).

Dodson argues that the issues in the two actions are not identical because her § 1983 claim addresses whether "the defendants deliberately fabricate[d] their incident report by intentionally misrepresenting, distorting, and omitting material information they received from" the parents and the witness, Elisa Williams. We agree. Dodson's § 1983 claim alleges several specific misrepresentations in the incident report,[1] including that Dodson reported no injuries to the officers when she and Williams had instead reported that Sutfin knocked her unconscious during the altercation; that Williams purportedly stated that Dodson was carrying G. while Dodson threw objects at Sutfin and Sutfin swung a broken piece of wood at Dodson, hitting G. instead; that Dodson made conflicting statements about how G. was injured; and that Deputy Diaz falsely reported seeing G. uninjured in the car in the morning. The district court considered only the latter three of these alleged misrepresentations as actionable. The dependency court did not find or determine exactly how G. was injured, nor did it cite Dodson's statements or Diaz's reports

---

[1] Deputy Ortiz drafted the incident report. Deputy Diaz made statements that appear in the incident report, but did not draft the report. Detective Escalante wrote a supplemental report.

3

or statements. It did not determine what was reported to the deputies, and it made no findings regarding whether the incident report was accurate as to these alleged misrepresentations.² Thus, the fabrication claim is not identical to the prior issue.

Dodson also argues that the relevant issues were not actually litigated in the dependency court. The County argues that the veracity of the witnesses "was directly at issue, and the juvenile court rejected Appellant's version of the events." But under this prong, we do not consider, for example, whether the veracity of the witnesses was at issue, but whether the core alleged misrepresentations were actually litigated. They were not. The dependency court did not determine whether the deputies falsified certain statements in the incident report, even though it found that G. was injured during the altercation. *See Janjua v. Neufeld*, 933 F.3d 1061, 1068 (9th Cir. 2019).

Finally, Dodson argues that the relevant issues were not necessarily decided. Reading the dependency court's final determination, we can see that it did not determine whether evidence was excluded from the incident report that Dodson had been rendered unconscious during the altercation; whether Dodson was

---

² The dependency court struck from the original allegations more specific detail about what might have occurred during the altercation, for example that Sutfin struck Dodson in the face, causing her to lose consciousness and that Sutfin hit Dodson with a stick and struck G.'s face with a stick while Dodson was holding G. Had these allegations been kept in and found true by the dependency court, they could have supported the collateral estoppel argument.

4

carrying G. while Dodson threw objects at Sutfin and Sutfin swung a broken piece of wood at Dodson; whether Dodson made conflicting statements to the deputies about how G. was injured; or whether Deputy Diaz could not have seen G. uninjured in the car in the morning. But even beyond that, each factual finding the dependency court made had a basis in at least one of the social workers' reports, and so we do not even know if the court materially relied on the incident report. For example, Sutfin told a social worker that G. was injured during the fight, and Dodson told a social worker that she and Sutfin threw objects at each other in the child's presence. The dependency court noted that it "read and considered" the social workers' reports, but it did not mention the deputies' incident report. Dodson is thus correct: "it cannot be said that the state court credited any portion of the Defendants' incident report as a truthful recitation of what the witnesses reported on scene."

For these reasons, Dodson's § 1983 claim is not barred by collateral estoppel, and we reverse the district court's grant of summary judgment for the Defendants, which was made only on this ground.[3]

---

[3] We express no view on whether collateral estoppel could bar Dodson from relitigating the specific findings of the dependency court, such as whether "[d]uring the physical altercation on 8/30/17, the child G. was injured and suffered a Hematoma to the right side of the child's forehead and a small abrasion to the child's nose," or whether on "numerous prior occasions, the mother and father struck each other and pushed and shoved each other, in the presence of the children."

5

Further, we reject Defendants' argument that Dodson's claim is barred by the *Rooker-Feldman* doctrine. "[W]here the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Dodson does not seek relief from the dependency court's judgment, nor does she allege the dependency court erred in any way. Instead, she seeks redress for constitutional violations committed by the deputies who allegedly falsified reports that formed the basis for her criminal charges. Thus, *Rooker-Feldman* does not apply here. *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

Defendants argue that Dodson's claim is barred by the two-year statute of limitations. We leave this to the district court in the first instance.[4]

**REVERSED.**

---

[4] Defendants argue that Dodson knew of the alleged fabrications in the police report by October 25, 2017, the date of the jurisdictional hearing. Because she did not file suit until April 30, 2020, they argue that her suit is time-barred. Dodson contends, *inter alia*, citing *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019), that her claim did not accrue until the charge of child abuse was dismissed on April 30, 2018.

6

(7 of 10)

Case 4:21-cv-00257-JGZ Document 257-1 Filed 08/25/22 Page 7 of 10
Case: 21-15770, 08/16/2022, ID: 12524927, DktEntry: 74-2, Page 7 of 10

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    - ► A material point of fact or law was overlooked in the decision;
    - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- A response, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or response must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send an email or letter **in writing within 10 days** to:
    - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista (maria.b.evangelista@tr.com));
    - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

(10 of 10)

Case 4:21-cv-00825-P Document 125-2 Filed 08/25/22 Page 10 of 40
Case: 21-55807, 07/25/2022, ID: 12506027, DktEntry: 22-2, Page 10 of 10

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** _____ **Date** _____

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 10** *Rev. 12/01/2021*