Michael Garth Moore (023742)
6336 N. Oracle Road Suite 326 #119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>Southern Arizona Children's Advocacy Center, et al.,<br><br>   Defendants. | Case No.: 4:21-cv-00257-JGZ<br><br>**JOINT REPORT OF THE PARTIES AS TO DISCOVERY ISSUES (FIRST)**<br><br>Hon. Jennifer G. Zipps |

  Now come the Parties, pursuant to this Court's Order, Doc. 99, and submit their joint report on discovery issues in advance of the Court's Status Conference set for February 24, 2023. Plaintiffs' counsel certifies that he has made a sincere effort to resolve outstanding discovery disputes before bringing them to the Court's attention. Counsel for the AZDCS Defendants asserts that he has not, and that the explanation is set forth in the position statement of these Defendants.

  The following are discovery issues to be addressed with the Court:

**Plaintiffs:**

  Plaintiffs assert that the disclosures by the AZDCS Defendants of records and documents in the file of the department contain redactions of identities of individuals which do not comply with the Court's Protective Order, Doc. 98, as being excessive.

**Defendants Southern Arizona Child Advocacy Center and Fordney:**

No discovery issues need to be addressed by the Court at this time.

**Defendant Woolridge:**

No discovery issues need to be addressed by the Court at this time.

**Defendants Johnston, Carrizosa and Pelayo:**

No discovery issues need to be addressed by the Court at this time.

**Defendants Encinas, Sheldon, Noriega and Orozco:**

<u>7.1(h) Good Faith Consultation Certificate of DCS Defendants and Notice of Plaintiffs' Failure to Consult in Good Faith</u>

After written communications regarding the issues below, the DCS Defendants met and conferred with Plaintiffs on February 10, 2023 to attempt to resolve these issues in good faith. However, Plaintiffs did not. First, Mr. Moore, without advising counsel or asking consent, attempted to record the meet and confer. **Mr. Moore** then invited counsel undersigned to air all personal grievances against him. Counsel for DCS Defendants advised that the meet and confer was not to air personal grievances and the parties proceeded to discuss the issues. Counsel undersigned for DCS Defendants advised Plaintiff's Counsel that it was underhanded and unprofessional to attempt to surreptitiously record opposing counsel. *See Matter of Wetzel*, 691 P.2nd 1063, 1072 (Ariz. 1984) (Attorney disciplined for secretly recording conversations with another attorney under Arizona Ethics Opinion No. 75-13 (1975) Prior to Counsel for DCS Defendants joining the call, Counsel was running late from an earlier appointment, her legal assistant was recorded without his knowledge. The legal assistant only determined the call was being recorded when he heard a voice indicate that the recording had stopped. The legal assistant advised Ms. Sanders that he was recorded without any notice and to be aware that she would likely be recorded as well. DCS Defendants are concerned regarding Plaintiffs lack of good faith participation in these kinds of issues, presently

discovery disputes, and are of the opinion that Plaintiffs have not participated in good faith here.

DCS Defendants are not currently seeking sanctions against Plaintiffs, but wish to bring these issues to the attention of the Court. By Rule, any party who seeks discovery sanctions against another "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Moreover, "[w]ithout such a certification, or absent a meaningful discussion regarding the parties' dispute, courts will not grant a motion to compel." *Acosta v. Austin Electric Servs. LLC*, 324 F.R.D. 210, 212 (D. Ariz. 2017). A motion to compel lacking such a certification is "wrongly filed" and sanctions s should be denied. *Id.* at 213. "Conferring" as it is used in Rule 37(a)(2)(B) requires "a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996). Good faith contemplates "honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action." *Id.* at 171; *see also* ACTING IN GOOD FAITH, Black's Law Dictionary (11th ed. 2019) ("Behaving honestly and frankly, without any intent to defraud or to seek an unconscionable advantage"). Additionally, "the parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). A party who fails to include a certificate of good faith consultation with his motion for sanctions may be subject to sanctions himself. LRCiv. 7.2(j).

DCS Defendants are frustrated that Plaintiffs did not attempt to confer in good faith with undersigned Counsel regarding these issues. Plaintiffs failed to include the required certification that they did, in fact, attempt to do so even though they listed a discovery dispute with DCS Defendants in violation of the Order of this Court. [Doc. 99.] In other words, because Plaintiffs failed to confer in good faith by providing accurate and sufficient legal justification for their positions regarding DCS Defendants issues as outlined below, Plaintiffs failed to comply with Fed. R. Civ. P. 37(a)(1), LRCiv. 7.2(j), as well as the Court's Order. (Doc. 99.)

"The meet and confer requirement is not merely a formalistic prerequisite to the resolution of discovery disputes and cannot be met by simply showing that the discovery in question was requested more than once." *Wilson v. Aragon Agency, Inc.*, 262 F.R.D.561, 564 (D. Nev. 2010). "A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Plaintiff cannot satisfy the threshold issue as he made no efforts, much less adequate ones, to resolve the instant discovery issue. As such, sanctions are not available to Plaintiff under Rule 37(a). *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004) (District Court did not abuse discretion by denying motion for discovery sanctions lacking appropriate meet-and-confer certification); *Cung Le v. Zuffa, LLC*, 321 F.R.D. 636, 647 (D. Nev. 2017) (discovery motion denied based on failure to meet and confer); *AT & T Corp. v. Dataway, Inc.*, 577 F. Supp. 2d 1099, 1110 (C.D. Cal. 2008) (discovery sanctions not warranted due to failure to meet and confer).

During the last meet and confer regarding these discovery issues, when asked why Plaintiffs will not listen to legal justification and discuss the issues in good faith at these conferences, Plaintiffs' Counsel said something to the effect of he needs to keep claims in because Defendants successfully get claims dismissed so he has to keep as many in as

possible (regardless of duplication and legal justification).. This position and approach is not contemplated under the ethical or procedural rules. Here, Plaintiffs refused to meet and confer in good faith regarding both of their Complaints and refused to acknowledge the law and arguments of DCS Defendants requiring significant motion practice in this matter which were, and continue to be, unnecessarily litigated. Plaintiffs also refused to file a Second Amended NOS to reflect that they have delivered copies of exhibits in a format usable by Defendants on this date. However, State Defendants have not been able to confirm that they are able to open the exhibits or if the problems presented the first two times Plaintiffs provided the files are still obstacles to review and use of the documents, videos, and audio recordings.

**Plaintiffs' Response:**

This writer understood the intent of this report to be a list of discovery issues, not a vehicle for addressing every concern a party has with opposing counsel. Hence, this response will be brief. First, no attempt was made to secretly record the zoom call on February 10th. As this Court is likely aware, Zoom announces to every participant whether the call is being recorded. Once participating counsel came on, and the recording was announced, she opposed it. Although this writer offered to send all participants copies, that proposal was rejected and the recording was turned off.

As to the remainder of the statements, in that Plaintiffs are not seeking discovery sanctions from the AZDCS Defendants, the argument about sanctions is unnecessary. This writer will say that he has never refused to confer with opposing counsel in any case, and is not sure what is meant that this writer's disagreement about sufficiency of allegations "require[ed] two Motions to Dismiss in this matter which did not need to be litigated."

1. **Plaintiffs' Failure to Disclose Exhibits to IDS as Ordered By The Court and Required By Rule.**

Plaintiffs have not served DCS Defendants with the Exhibits to their Initial Disclosure Statement in a useable or viewable format and they refused to correct the record regarding the incorrect date of service in their NOS [Doc. 106] yet they have propounded discovery in violation of Fed. R. Civ. P. 26(a)(1)(E). Under 26(a)(1)(e), a party is not excused from making its disclosures because it challenges the sufficiency of another parties' disclosures or because another party has not made its disclosures.

Plaintiffs and DCS Defendants met and conferred as required [Doc. 99] and were able to discuss the issues with the format the Plaintiffs provided the exhibits in which caused hours of staff time to try to open the documents. Attached as **Exhibit A** hereto, is a list of the Plaintiff's Exhibits to their Initial Disclosure Statement showing which exhibits we were able to open and the ones we still cannot access after two paralegals and an IT Specialists spent approximately eight hours to accomplish this. The parties are working together to resolve the issues. However, the record will be corrected to reflect the correct date of disclosure by Plaintiffs. Plaintiffs will need to hold off on discovery until they have made their initial disclosure to DCS Defendants. Only discovery under Rule 34 may propounded before an IDS is served. Since, Plaintiffs have not provided exhibits to their IDS in a usable format. *See* Fed. R. Civ. P. 26(A)91)(E).

**Plaintiffs' Response:**

Counsel concedes that the parties have worked out the logistical challenges that were encountered in opening certain files. As of this date, Plaintiffs are confident that all files can be accessed. This writer is not sure what is meant by the record being "corrected." As for "holding off discovery," Fed.R.Civ.P. 26(d)(1), provides that discovery can commence following the parties' conference pursuant to Rule 26(f), which occurred some time ago.

**2. Plaintiffs failed to disclose a measure and computation of damages.**

Plaintiffs failed to disclose relevant and necessary information as required under Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiffs failed to disclose a measure and computation of damages.

Plaintiffs simply stated the following in their IDS:

> C. COMPUTATION OF DAMAGES.
>
> As a direct and proximate result of the Defendants' wrongful conduct, as alleged herein, Plaintiffs have experienced a prolonged period of severe suffering, anxiety, mental trauma, anguish, embarrassment, and humiliation. These losses are intangible and incapable of precise calculation.
> Plaintiffs have also incurred medical expenses, legal fees and other incidental or consequential damages as a result of their son's unlawful removal. These expenses are ongoing and cannot be made certain at this time. Plaintiffs reserve the right to offer additional documents and records during the pendency of discovery.

Clearly, Plaintiffs made conclusory statements about their alleged damages, but utterly failed to provide a measure and computation of damages in their Initial Disclosure Statement which was supposed to be served by Order of the Court on or before February 3, 2022. [Doc. 99.] Plaintiffs served their statement on February 3, 2023, with no explanation for the late service, but failed to provide exhibits which could be opened and reviewed by DCS Defendants. This issue is still unresolved DCS Defendants request that the Court order Plaintiffs to comply with Rule 26(a)(1)(A)(iii).

Plaintiffs have provided no valid justification for failing to provide a measure and computation of damages in their disclosure statement as required. *See* Rule 26(A)(1)(E).

**Plaintiffs' Response:**

Plaintiffs continue to gather documents and information relating to special damages, and will supplement. Leah Capece, who is working on supplementing disclosures, believes the damages computation can be completed by March 12, 2023, and

has so informed counsel.

> **3. Plaintiffs have impermissibly disclosed confidential records of the juvenile court and DCS in violation of the law of the 9th Circuit and Arizona law after DCS Defendants advised them more than a year ago that an order from the presiding juvenile judge was necessary to do so.**

On January 13, 2022, AAG Sanders advised Mr. Moore in writing:

> In regard to the records of the juvenile court, as we discussed, we are not allowed to review or disclose them without an order from the presiding juvenile judge. The records are confidential pursuant to A.R.S. 8-871 through 8-874, as you know. But, the Arizona Rules of Procedure for the Juvenile Court and the Arizona Supreme Court Rules also control here. To use the records in this case, we have to get the permission of the presiding juvenile judge to review and disseminate the records of the juvenile court which include the minute entries, pleadings, exhibits, rulings, and orders. A reading of Rule 47 of the Rules of Procedure for the Juvenile Court shows that neither of us are authorized to inspect or copy these records under any provision of the rule except (A)(2)(f). Rule 86 controls the adoption records and similarly, an order must be obtained to review and copy those records. Even when we have access to the records regarding representation of DCS as a client in dependency and adoption cases, we now seek the permission of the presiding juvenile judge before we access them. We do not look at or copy the records to disclose without a court order. I believe the same duty applies to you since you are not a person authorized to access or copy the records for purposes of this litigation under Rule 47 unless you have a court order from the presiding judge. I have attached a case out of the 9th Circuit which has guided recent changes to our office policy. Supreme Court Rule 123(d)(1) is also applicable here and it references the statute and rules cited above. Therefore, even if we both represented parties in the underlying case, Rule 47 prohibits us from accessing the records since we each no longer represent a party in a current case. The case is closed and is not a current case, so we need permission to access the records. Further, our clients in this action are not the same party the AG's Office represented in the dependency case. Of course, a protective order will be needed prior to disclosure of the records. We will send a proposed joint motion and order when it is appropriate to do so.

Mr. Moore was again advised of the same in writing on February 8, 2023. At the meet and confer on February 10, 2023, Mr. Moore indicated that the case law cited, *Nunes v. Arata, 983 F.3d 1108,* (9th Cir. 2020) (holding that there is a constitutional privacy right to confidentiality of DCS records after counsel in a civil rights action accessed DCS and juvenile court records without the permission of the presiding juvenile

judge to do so and were found to have violated the constitutional right to confidentiality of the records) and the Rules cited do not apply to him or his clients since the purpose of the confidentiality is to protect the family. Mr. Moore is incorrect. He has disclosed the records without permission to do so. The purpose of Title 8 is for the protection of the interests of the child, not the family. This is a good example of Mr. Moore's refusal to confer in good faith as noted in the 7.1(h) certificate above. Further, a review of the juvenile record shows that LAW had different positions than his father in the underlying matter. Brian Wright cannot waive the privacy rights of LAW here given that their interests were not aligned below.

**Plaintiffs' Response:**

The statements made by counsel are unfortunate, as they do not accurately reflect the position of Plaintiffs, nor the record. First, it was the State Defendants who sought the Protective Order, Doc. 98, in order, they said, to allow them to produce the AZDCS department records and the dependency case documents. This Court issued the Order, and Defendants have, indeed, disclosed what they assert are the entire department investigative file and the dependency court filings. Hence, the statement that Plaintiffs have disclosed documents without authorization is perplexing.

Plaintiffs have indeed disclosed AZDCS department documents in Plaintiffs' possession. This was done pursuant to this Court's Protective Order and the materials were handled according to this Court's direction in the Order. It is *not* true, as counsel claims, that the intent of the state law confidentiality provisions are only to protect privacy interests of the child. They are intended to protect both parent and child privacy, and not any interest of the state. Hence, the parties to whom the protection is afforded can waive that right. Further, whether state documents are discoverable or disclosable in a federal civil rights case is determined by federal law, not state statutes. *See, e.g., Leon v. County of San Diego,* 202 F.R.D. 631, 636 (S.D. Cal. 2001); *Doubleday v. Ruh,* 149 F.R.D. 601

(E.D. Cal. 1993).

Even if state law controlled the discovery in a federal case, under Arizona law, as an agent of the family, this writer is entitled to access the dependency documents. A.R.S. §8-807(E). Those documents may be disclosed pursuant to a court order. The statute does not limit that order to one issued by a juvenile judge. Id., §8-807(U). This Court's Protective Order provides all the protection from public dissemination countenanced by state law. Hence, there is nothing for this Court to decide, but Plaintiffs stand ready to brief the issue if the Court so desires.

### 4. **Plaintiff Brian Wright made a Public Records Request and obtained DCS records but failed to disclose them.**

Mr. Wright failed to disclose the records as required under Rule 26 and, through counsel, repeatedly refused to supplement when requested. DCS Defendants have disclosed the file obtained from DCS and disclosed it with permission of the juvenile court. Mr. Moore's basis for refusing to disclose the public records request was that the documents are only relevant to Defendants' defenses so he has no obligation to disclose them. He failed to acknowledge that his clients have put the records and proceedings at issue here and they are thus obligated to disclose them under Rule 26 as they will have to prove that DCS retaliated against Brian Wright for protected speech.

**Plaintiffs' Response:**

Counsel, again, misstates Plaintiffs' position. First, the AZDCS Defendants have disclosed what they assert is the entirety of the investigative file. This writer observed that what documents Plaintiffs possess cannot be the complete file, and, hence, as the custodians of those records, the Defendants' production should be the documents which are used in discovery. Further, it serves no purpose for Plaintiffs to disclose those documents which all Defendants have now received in their entirety.

**5. Plaintiff Brian Wright failed to disclose all of the appellate pleading and rulings from the underlying dependency matter.**

Plaintiffs are again refusing to disclose relevant and necessary information as required under Fed. R. Civ. P. 26(a)(1)(A)(iii). Mr. Moore was counsel of record in the underlying matter and he has an ethical obligation to retain the file pursuant ERs 1.15(a) and 1.16(d) as required under Rule 26(a)(1)(A)(i) and (ii), all of the appeal pleadings and rulings have also been put at issue by Plaintiffs claims and are relevant here. Further, Plaintiff Brian Wright has copies of all of the documents, if he does not they are easily accessed through his counsel in the dependency matter, Mr. Moore, and Plaintiff Brian Wright had Emily Danies appointed as his appellate attorney, she is also required to keep the records even if Mr. Wright did not, and she is required to provide them upon request. *See* Ers, *supra*. Plaintiff. Brian Wright also had an earlier appeal which is related as well and he put these records at issue. He either has possession of the relevant records, or he could quickly and easily obtain them, and he refuses to disclose them saying only that he does not have to prove DCS Defendants' defenses and again ignoring that Plaintiffs have put these matters at issue and seek to again add claims showing that DCS acted without cause. DCS Defendants seek an order that Brian Wright immediately obtain and disclose the relevant information and records. The information and records he has or should have from his appeal of the underlying matter and the underlying dependency matter should have been disclosed in his IDS. These documents and records were not disclosed and they were not even noted as relevant and in the possession of another as required under 26(a)(1)(A)(ii).

**Plaintiffs' Response:**

Unfortunately, counsel here, as well, does not provide an accurate account. First, this writer was not counsel for Brian Wright in the appellate proceeding. How I am supposed to have an "ethical obligation" to collect and retain appellate documents is a requirement I fail to locate in the Rules of Professional Responsibility. Second, this writer was counsel for Brian Wright for a brief period during the dependency, but does not have

11

access to all the dependency filings. Third, counsel for the AZDCS Defendants misapprehends the breadth of the disclosure requirement. This is not a case brought under the MIDP process. Fed.R.Civ.P. 26(1)(1)(A)(ii) applies, and disclosure is required of documents "the disclosing party *may use to support its claims*...."

At this juncture, Plaintiffs have no intent to use records of an appellate proceeding in state court to advance their claims. AZDCS Defendants have already disclosed dependency case filings which may be used to further Plaintiffs' claims. Hence, there is no obligation to disclose.

This writer so stated to counsel. If these Defendants believe having unprivileged portions of the dependency case or appellate file maintained by the lawyers who represented Brian Wright that will assist in their defense, all they need do is either subpoena the appropriate law office, or submit a request for production, and we will endeavor to secure and disclose.

**6.     Plaintiffs object to redactions approved in the Protective Order [Doc. 98.]**

DCS documents were produced pursuant to the Protective Order. [Doc. 98 at 2:7-21.] We are well within the Court's order to redact name and sensitive information. The reasoning for the redactions was provided in the Motion for Protective Order Regarding Confidential Information. [Doc. 95.]

> 1.   The attorneys for the parties are authorized to disclose and produce to attorneys for the other parties in this case copies of DCS information and information regarding Plaintiffs or Defendants. To the extent those records include school records, medical records, psychological records, and/or any other private information regarding the individual parties and minors, the representatives for all parties consent to the release of this otherwise protected information. These records will be disclosed but the disclosure of highly sensitive information easily susceptible to abuse and not typically necessary or helpful in litigation will be redacted. Redactions will include but not

==be limited to the following: social security numbers (except last four digits), birthdays (except year), driver's license numbers, employee ID numbers, and personal contact information.== The full name of minor L.A.W. need not be redacted in disclosures but his full name will be redacted and replaced with the initials L.A.W. in any public filings, documents, exhibits, or excerpts.

[Doc. 98 at 2:7-21.](emphasis added)

Even after this information was provided to Mr. Moore via e-mail, at the meet and confer, he refused to acknowledge that the Protective Order allowed the redactions and inexplicably included this as Plaintiffs' only issue in dispute with DCS in this report. Mr. Moore expressed in his email from February 1, 2023, "…me and my staff can figure out who is involved in documentation..." Attached as Exhibit B, hereto, is the email confirming Mr. Moore's opinion related to the redactions completed by DCS Defendants, according to the Motion for Protective Order Regarding Confidential Information. [Doc. 95.].

RESPECTFULLY SUBMITTED this 21st day of February, 2023.

**LAW OFFICE OF**
**MICHAEL GARTH MOORE**

/s/ Michael Garth Moore
Michael Garth Moore
*Attorney for Plaintiffs*

**OFFICE OF THE ATTORNEY GENERAL**

/s/ Jennifer J. Sanders (*with permission*)
Claudia Acosta Collings
Jennifer J. Sanders
Assistant Attorneys General
*Attorneys for DCS Defendants*

**GRASSO LAW FIRM PC**

/s/ Robert Grasso *(with permission)*
Robert Grasso
Pari Scroggin
Jenna Mandraccia
*Attorneys for Defendants SACAC & Marie Fordney*

**SLUTES, SAKRISON & ROGERS**

/s/ Tom Slutes *(with permission)*
Tom Slutes
*Attorneys for Defendant Dr. Dale Woolridge*

**JELLISON & ROBENS PLLC**

/s/ Mark J. Robens *(with permission)*
James M. Jellison
Mark J. Robens
Rodney F.W. States
*Attorneys for Town Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on February 21, 2023. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,
/s/ Michael Garth Moore