1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Brian Wright, et al.,                    No. CV-21-00257-TUC-JGZ

10                    Plaintiffs,              **ORDER**

11   v.

12   Southern Arizona Children's Advocacy
     Center, et al.,
13
                       Defendants.
14

15          On April 21, 2023, the parties submitted a Joint Report, listing unresolved discovery

16   disputes. (Doc. 138.) On April 25, 2023, the Court heard oral argument on these disputes

17   from Plaintiffs; Defendants Johnston, Carrizosa, and Pelayo (Town Defendants); and

18   Defendants Talamantes, Francisco, Encinas, Sheldon, Noriega, and Orozco (DCS

19   Defendants). (Doc. 141.) The Court ruled on the issues of redactions, the expert disclosure

20   deadline, and Plaintiffs' withdrawal of their claim for special damages. (*See id.*) The

21   following two issues remain under dispute: (1) Defendant Johnston's objections and

22   discovery responses; and (2) the Town Defendants' objection to Plaintiffs' request to

23   depose a designee of the Town of Sahuarita.[1] (*See* Docs. 138; 141.) These two issues turn

24   _____

25   [1]   The parties presented two additional discovery issues to the Court which were not
     resolved at the April 25, 2023 conference: (1) DCS Defendants' objection to Plaintiffs'
26   request to depose DCS's designee, Director of Policy, and Director of Training; and (2)
     Defendants Talamantes and Francisco's objections and discovery responses. (*See* Doc. 138
27   at 9–17.) On May 16, 2023, Plaintiffs' counsel emailed the Court, and copied all other
     parties, to advise that these two issues were resolved. The Court will therefore not address
28   them here. In the future, when updating the Court on issues under advisement, parties
     should file a notice to ensure the update is on the record.

in large part on the Town Defendants and Plaintiffs' dispute over what matters fall within the scope of discovery in this case. For this reason, the Court will discuss the overall scope of discovery and then address each issue.

## DISCUSSION

District courts have broad discretion in resolving discovery disputes. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). In civil-rights actions alleging violations of § 1983, federal policy favors broad discovery. 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.46 (3d ed. 2023). The scope and limit of discovery in a civil action is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The 2000 amendments to this Rule restricted the scope of discovery by requiring that information be "relevant to any party's claim or defense" rather than just "relevant to the subject matter involved in the pending action." *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020). Revisions in 2015 eliminated the phrase "reasonably calculated to lead to the discovery of admissible evidence" and emphasized the proportionality factors, *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 563–65 (D. Ariz. 2016), restoring them "to their original place in defining the scope of discovery." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. These revisions formed an overarching standard of relevance and proportionality. *See Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 n.3 (D.C. Cir. 2020).

Even after these revisions, relevant matters may include suitably focused inquiries into "other incidents of the same type," "information about organizational arrangements," and "information that could be used to impeach a likely witness." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. For civil-rights actions, discovery of

personnel files and other records relating to potential misconduct is frequently permitted. 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2009.1 (3d ed. 2023). So too is discovery into an individual defendant's experience and training. Both may be relevant to whether an individual defendant acted with deliberate indifference. *See, e.g.*, *Mellen v. Winn*, 900 F.3d 1085, 1102 (9th Cir. 2018) (detective's experience and training, including the number of homicide investigations she was involved in, was relevant to whether she was deliberately indifferent to suspect's constitutional rights). For the same reason, a government organization's policies and procedures may be relevant to constitutional claims against individual defendants. *See, e.g.*, *id.* at 1104 (opinion that detective's conduct deviated far from organizational practices and norms was circumstantial evidence supporting detective's alleged deliberate indifference).[2]

Relevancy alone, however, is not sufficient; discovery must also be proportional. *In re Bard*, 317 F.R.D. at 564. The parties and the court—not just the party seeking discovery—share a collective responsibility to address proportionality considerations. Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. The party claiming undue burden or expense often has better information, and thus the responsibility, to address the unduly burdensome part of the proportionality determination. *See id.* Conversely, the party claiming a request is important to resolve the issues in the case should explain how the information sought bears on those issues. *See id.* Finally, a proportionality determination requires that parties ground their positions in common sense and tailor their requests and objections. *See BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018) ("Proportionality, like other concepts, requires a common sense and experiential assessment."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985) ("Tailoring probes and responses to the real issues in the case at hand, rather

---

[2] *See also Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1323 n.27 (11th Cir. 2016) ("We recognize that 'failure to follow procedures does not, by itself, rise to the level of deliberate indifference.' . . . It may still be relevant to the extent that it shows subjective awareness of a substantial risk.") (internal citation omitted); *Burwell v. City of Lansing, Mich.*, 7 F.4th 456, 476 n.7 (6th Cir. 2021) (same).

1  than relying on stock questions or knee jerk objections and evasive responses, is all that is

2  required.").

3  **I.     Defendant Johnston's Discovery Responses**

4  Plaintiffs, having propounded interrogatories, requests for production, and requests

5  for admission, seek to compel the following discovery responses from Defendant Johnston.

6  (*See* Docs. 138 at 1–2; 138-1 at 2–9.) The parties highlighted the requests and objections

7  under dispute and attached them to their Joint Report. (*See* Doc. 138-1 at 2–9.)

8  **A.     Request for Admission No. 9**

9  REQUEST FOR ADMISSION NO. 9:

10  Admit, at the time, Dr. Woolridge commenced the examination, there was no probable cause that Brian Wright had inflicted physical abuse on L.A.W.

11  ADMIT: _____          DENY: _____

12  
13  **Defendant Detective Thomas Johnston objects to this request as it calls for a legal conclusion and presents an incomplete hypothetical.  Reasonable suspicion of possible child abuse existed, and the investigation was ongoing at that time and was based upon the**

14  **school's statutorily-required mandatory reporting requirement.**

15  Johnston's objection is overruled. *See* Fed. R. Civ. P. 36(a)(1) (RFAs may relate to

16  "facts, the application of law to fact, or opinions about either"); Fed. R. Civ. P. 36(a)(5)

17  ("A party must not object solely on the ground that the request presents a genuine issue for

18  trial."); *Ballew v. City of Pasadena*, No. CV 18-0712 FMO (ASX), 2019 WL 9341338, at

19  *2 (C.D. Cal. June 10, 2019) ("A request for admission calls for a legal conclusion only

20  when it requires a party to respond to an abstract question of law that is unrelated to the

21  facts of the case.") (collecting cases). The request seeks relevant information as to the basis

22  for requesting that L.A.W. be examined.

23  **B.     Interrogatory No. 2**

24  INTERROGATORY NO. 2:

25  If you assert there existed probable cause as requested in the previous Request for Admission,

26  a. Identify the facts known to you at the time which support probable cause.
   b. Identify each individual who provided any such fact to you.

27  Johnston must respond or object consistent with this Order and pursuant to Rules

28  26 and 33 of the Federal Rules of Civil Procedure.

### C.      Request for Admission No. 11

**REQUEST FOR ADMISSION NO. 11:**

Admit that L.A.W. had no urgent medical condition requiring immediate attention at the time of the examination.

ADMIT: _____                DENY:___X_____

**Defendant Detective Thomas Johnston objects to this request as he was/is not a medical practitioner or provider.  That was the purpose of obtaining the examination from a qualified pediatric medical practitioner/provider to immediately determine the existence, nature, and extent of injuries to the child.**

Johnston's objection is overruled. Johnston can admit or deny based on his opinion as a law enforcement officer, even if that opinion would not be admissible at trial. *See* Fed. R. Civ. P. 36(a)(1) (RFAs may relate to opinions about facts); Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). The request seeks relevant information as to the basis for requesting that L.A.W. be examined.

### D.      Request for Admission No. 12

**REQUEST FOR ADMISSION NO. 12:**

Admit at the time Dr. Woolridge commenced the examination there was no consideration given whether evidence of a crime would dissipate in the time it would take to secure parental notification and consent to the examination.

ADMIT: _____                DENY:___X_____

**See response to Request for Admission No. 11 above and No. 13 below which are incorporated herein by this reference.  Also, Defendant Detective Thomas Johnston objects to this request as vague as to whose consideration and unknown as to Dr. Woolridge's unstated "considerations".**

Johnston's objection is sustained to the extent that Plaintiffs' RFA is vague because it fails to identify whose "consideration" is in question. However, if Plaintiffs clarify they seek an admission as to Johnston's consideration, Johnston must respond, and if he denies any part, he must specify that part. *See* Fed. R. Civ. P. 36(a).

### E.      Interrogatory No. 3

**INTERROGATORY NO. 3:**

If your response to the previous Request for Admission is "DENY", state what consideration was given and by whom, and identify any document which is relevant to the consideration.

**See Police Incident Reports in Plaintiffs' possession and Exhibit A hereto.**

Johnston's reference to produced materials is inadequate. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Johnston must respond or object consistent with this Order and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

## F.    Request for Admission No. 13

**REQUEST FOR ADMISSION NO. 13:**

Admit that, before the examination commenced, no consideration was given by Dr. Woolridge or yourself to securing a court order authorizing the examination.

ADMIT: _____          DENY:   X_____

**Defendant Detective Thomas Johnston objects to this request as he is without sufficient information or belief as to what Dr. Woolridge considered.  This was an ongoing police criminal investigation into possible child abuse in which exigent circumstances existed.  The investigation and Detectives were exercising due diligence to protect the health, safety and welfare of a minor child.**

Johnston's response is inadequate. Johnston must specify whether he admits he did not consider securing a court order prior to the examination. In responding and objecting, a party must specify which parts, if any, he admits and denies. *See* Fed. R. Civ. P. 36(a)(4) ("[T]he answer must specify the part admitted and qualify or deny the rest.").

## G.    Interrogatory No. 4

**INTERROGATORY NO. 4:**

If you had, previous to December 16, 2020, accompanied/transported a child to the SACAC, or had another officer transport the child to SACAC at your direction, and a forensic interview and/or medical forensic examination was conducted on the child, state the date(s) on which these investigations occurred.

**Defendant Detective Thomas Johnston objects to this request as these are claims not at issue and involve matters which have been already dismissed by the Court.  See Federal Court ruling at Doc. 76.   Defendant Detective Thomas Johnston also objects to this request as not proportional to the needs of the case and not relevant.  There are no *Monell* claims remaining herein; also, Federal Rule of Evidence 404.**

Johnston's objection is overruled; Johnston must provide Plaintiffs with a response for the time frame of December 16, 2010, to December 16, 2020. Plaintiffs' request is a relevant inquiry into "other incidents of the same type." *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. Johnston also states a boilerplate proportionality

objection with no explanation, Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."), and improperly supports an objection on the grounds that the requested answer is inadmissible, Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

### H.    Request for Admission No. 14

**REQUEST FOR ADMISSION NO. 14:**

Admit that your involvement in the examination was done within policy of the Sahuarita Police Department and/or the Town of Sahuarita.

ADMIT: _____          DENY: _____

**Defendant Detective Thomas Johnston objects to this request as these are claims not at issue and involve matters have already been dismissed by the Court.  See Federal Court ruling at Doc. 76.  He also objects to this request as not proportional to the needs of the case and not relevant.  There are no *Monell* claims remaining herein; also, Federal Rule of Evidence 404.**

Johnston's objection is overruled. Johnston's opinion as to whether the examination complied with department policy is relevant to his subjective awareness of the risk of harm the examination could cause. *See Mellen*, 900 F.3d at 1104 (opinion about organizational practices may be circumstantial evidence relevant to an individual defendant's alleged deliberate indifference); *see also* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

### I.    Interrogatory No. 5

**INTERROGATORY NO. 5:**

If your response to the previous Request for Admission is "DENY", state your understanding of the policy of the Sahuarita Police Department and/or the Town of Sahuarita as to police officers' involvement in medical forensic examinations taking place at SACAC or any other medical facility in Pima County.

**Defendant Detective Thomas Johnston herein incorporates his objections to Request for Admissions No. 14, as if fully set forth herein.**

Johnston's objection is overruled. *See* Part I.H above.

1

2      **J.      Interrogatory No. 6**

3      **INTERROGATORY NO. 6:**

4      If you have had training in the investigation of suspected cases of child abuse,
       a.   State the date(s) of such training.

5      b.   Identify the entity responsible for the training.
       c.   State the general subject matter covered in the training.

6      d.   Identify any documents used in the training and given to you.

7      **Defendant Detective Thomas Johnston herein incorporates his objections to
       Request for Admissions No. 14, as if fully set forth herein.**

8

9      Johnston's objection is overruled. *See Mellen*, 900 F.3d at 1102 (detective's

10     experience and training was relevant to whether detective was deliberately indifferent to

11     suspect's constitutional rights); *see also* Fed. R. Civ. P. 33(b)(4) ("The grounds for

12     objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 26(b)(1)

13     ("Information within this scope of discovery need not be admissible in evidence to be

14     discoverable.").

15     **K.      Request for Production No. 2**

16     **REQUEST FOR PRODUCTION NO. 2:**

17     Produce all documents identified in response to the previous Interrogatory.

18     **Defendant Detective Thomas Johnston herein incorporates his objections to
       Request for Admissions No. 14, as if fully set forth herein.**

19

20     Johnston's objection is overruled. *See* Parts I.H and J above.

21     **L.      Interrogatory No. 7**

22     **INTERROGATORY NO. 7:**

23     If there is any text or manual upon which you rely in conducting child abuse
       investigations, identify each text or manual.

24     **Defendant Detective Thomas Johnston objects to this interrogatory as it is vague
       and ambiguous as to the "text" or "manual" referred to herein.**

25

26     Johnston's objection is overruled.

27

28

### M.   Interrogatory No. 8

**INTERROGATORY NO. 8:**

State the number of child abuse investigations you had conducted before December 16, 2020.

**Defendant Detective Thomas Johnston objects to this interrogatory as it is overly broad, burdensome and not proportional to the needs of the case; also, it is not relevant, and is vague as to "conducted".**

Johnston's objection is overruled. *See Mellen*, 900 F.3d at 1102 (number of homicide investigations detective was involved in was relevant to whether detective was deliberately indifferent to suspect's constitutional rights); *see also* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").

### N.   Interrogatory No. 9

**INTERROGATORY NO. 9:**

Please state each statute, rule, or regulation you assert was relied upon in not notifying L.A.W.'s father of the intent to conduct a medical forensic examination of the child.

**Defendant Detective Thomas Johnston objects to this interrogatory as it is vague as to "conduct" and calls for a legal conclusion.  A criminal child abuse investigation was ongoing based upon reasonable suspicion and commenced as a result of a statutory mandatory reporting requirement by the minor child's school.  All such actions were related to protecting the health, safety and welfare of a minor child.**

Johnston's objection is sustained to the extent that it asserts the passive-voice request is vague. That is, Plaintiffs fail to identify whose reliance upon legal authorities is the subject of this interrogatory. Otherwise, Johnston's objection is overruled. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."); *see also Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 537 (N.D. Ind. 2011) ("Opinions that call for the application of law to the facts can be helpful in conducting discovery. . . . However, interrogatories may not be extended to issues of pure law that are unrelated to the facts of the case."); *Coles v. Jenkins*, 179 F.R.D. 179, 181 (W.D. Va. 1998) (interrogatory sought factual information by inquiring from a business the standard of care that *it* believed it owed to its guests). Johnston must respond to the interrogatory to the extent that it asks

- 9 -

1   him to identify each statute, rule, or regulation he relied upon in not notifying L.A.W.'s

2   father of the intent to conduct a medical forensic examination.

3   **II.   Deposition of a Town of Sahuarita Designee**

4          The Town Defendants object to Plaintiffs' Notice of Deposition of a designee of the

5   Town of Sahuarita. (*See* Docs. 138 at 7–8; 138-1 at 32–35.) In this Notice, Plaintiffs have

6   also requested the designee be able to discuss and bring to the deposition the following

7   documents:

8

**Exhibit A**

9          1.     All policies/procedures/guidelines/directives relating to the investigation of

10   suspected child abuse or neglect in effect in December, 2020;

11          2.     All training given to police officers employed by the Town as to investigation of
    reports of suspected child abuse or neglect;

12          3.     Participation in the Multidisciplinary Team under the Pima County Protocols for

13   the Multidisciplinary Investigation of Child Abuse (2014);

14          4.     All guidance given to the Town Council and/or Chief of Police regarding the
    constitutional or statutory provisions authorizing the conduct of a forensic medical examination
    on a minor without prior notification to, or consent from, the minor's parent or parents;

15

16          5.     All statutory/regulatory provisions relied upon in the conduct of a forensic medical
    examination on a minor without prior notification to, or consent from, the minor's parent or

17   parents;

18          6.     The number of investigations of suspected child abuse or neglect conducted by
    officers per annum, for the years 2014 through 2020; and the number of medical forensic

19   examinations performed in connection with those investigations.

20          Plaintiffs' Notice of Deposition and requested documents do not meet Rule 26's

21   relevancy and proportionality requirements. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs have

22   only established the relevance of specific Town policies (applicable to the actions of the

23   individual Town Defendants) and specific Town training (completed by the individual

24   Town Defendants). As discussed above, these policies and trainings are relevant to the

25   individual Town Defendants' state of mind. The Town of Sahuarita, however, is not a

26   party, and the state of mind of all Town of Sahuarita officers and policymakers is not at

27   issue. Further, at this time, a deposition of a nonparty designee is not necessary for

28   Plaintiffs to obtain specific policies and trainings. These documents could be identified and

obtained with interrogatories and requests for production propounded on the Town Defendants, who are parties in this case. For these reasons, the Town Defendants' objection to Plaintiffs' Notice of Deposition of a designee of the Town of Sahuarita is sustained.

## CONCLUSION

**IT IS ORDERED** that the Town Defendants shall respond to Plaintiffs' discovery requests, consistent with the foregoing, within **30 days** from the date of this Order. The parties must also conduct discovery moving forward consistent with the rulings in this Order.

Dated this 23rd day of May, 2023.

Honorable Jennifer G. Zipps
United States District Judge