WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Southern Arizona Children's Advocacy Center, et al.,<br><br>    Defendants. | No. CV-21-00257-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Plaintiff Brian Wright's Motion for Order Granting Leave to File a Third Amended Complaint. (Doc. 177.) Wright requests the Court permit him to reallege two previously dismissed *Monell* claims against the Town of Sahuarita. (*Id.* at 1.) Defendant Thomas Johnston of the Sahuarita Police Department filed a Response in Opposition. (Doc. 193.) The remaining defendants filed responses indicating they join Johnston in his Response. (Docs. 194–96.) Wright filed a Reply. (Doc. 199.) For the reasons that follow, the Court will grant Wright's Motion.

**I.      Background**

Prior to filing this action, Plaintiffs' counsel submitted a public records request to the Town of Sahuarita, specifically requesting policies on child abuse investigations. (Doc. 177-4 at 2.) The Town's response stated: "The Sahuarita Police Department does not have any of the requested records. There are no specific policies, protocols, directives, or agreements related to child abuse." (*Id.* at 1.)

Several months later, Plaintiffs filed their First Amended Complaint, alleging three

*Monell* claims against the Town of Sahuarita. (Doc. 15.) In Claim Three, L.A.W. alleged the Sahuarita Town Council violated his Fourth Amendment right to be free from unlawful search and seizure. (*Id.* ¶¶ 156–61.) L.A.W. specifically alleged the Town enacted a facially unconstitutional policy, as documented in the Pima County Protocols, which permitted invasive medical examinations of minors without the consent of their parents or a court order. (*Id.*) In Claim Four, L.A.W. and Brian and Irlanda Wright alleged the Town Council violated their First Amendment right to familial association and Fourteenth Amendment right to due process. (*Id.* ¶¶ 162–67.) This claim arose out of the same factual allegations as Claim Three: the unconstitutional medical examination of L.A.W. permitted by policies documented in the Pima County Protocols. (*Id.*) Finally, in Claim Twenty-Three, Plaintiffs sought declaratory judgment as to whether these Protocols were facially unconstitutional. (*Id.* at ¶¶ 295–99.) In support, Plaintiffs attached a copy of the Protocols and cited *Mann v. County of San Diego*, which held unconstitutional San Diego County's policy of subjecting children to invasive medical examinations without parental notice and consent or judicial authorization. 907 F. 3d 1154, 1167 (9th Cir. 2018).

In a September 30, 2022 Order, the Court dismissed with prejudice Claims Three and Four and dismissed Claim Twenty-Three. (Doc. 76 at 13–14.) The Court noted "Plaintiffs' allegation that the Town of Sahuarita's protocols are unconstitutional on their face is conclusory and contradicted by Plaintiffs' supporting documentation of the policy." (*Id.* at 14.) The Pima County Protocols, contrary to Plaintiffs' allegations, did not authorize unconstitutional searches. (*See id.*) The Court therefore dismissed these claims. (*See id.*)

On January 4, 2023, the parties filed a Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (Doc. 92.) In the Joint Report, the parties stated a deadline for the addition of parties and amending of the Complaint was unnecessary because Plaintiffs already amended their Complaint. (*Id.* at 16.) On January 17, 2023, after holding a scheduling conference, the Court entered a Rule 16 Scheduling Order, which did not set a deadline for the addition of parties or amending of the Complaint. (*See* Doc. 99 at 3.)

On February 20, 2023, Plaintiffs served discovery requests upon Defendant Johnston of the Sahuarita Police Department. (Doc. 138 at 1.) This included Request for Admission 14 and Interrogatory 9, which asked Johnston to admit his involvement in the examination of L.A.W. was done within Sahuarita Police Department policy and to state any statute, rule, or regulation he relied upon in not notifying Wright of the examination. (*See* Doc. 154 at 7, 9.) Johnston objected to these requests, in part because they related to Plaintiffs' dismissed *Monell* claims, and did not respond. (*See id.*) Three months after Johnston was served with these requests, the Court overruled Johnston's objections and directed him to respond within 30 days. (*See id.* at 7, 9, 11.)

On June 21, 2023, Johnston responded pursuant to the Court's Order. (Doc. 169.) Johnston admitted his involvement in L.A.W.'s medical examination was within Sahuarita Police Department policy. (Doc. 177 at 4.) He also stated he did not notify Wright of L.A.W.'s examination because Sahuarita Police Department "Policy O-30 provides that the parent / guardian is not notified prior to the juvenile being examined by a physician when 'the person suspected of the offense is a parent or guardian.'" (*Id.* at 5.) Three weeks later, Wright filed his Motion requesting leave to amend the Complaint, seeking to reassert Claims Three and Four based on Policy O-30 rather than the Pima County Protocols. (*See generally id.*; Doc. 177-2 ¶¶ 148–60.)

**II.    Discussion**

Johnston argues the Court should deny Wright's Motion because Plaintiffs (1) waived their right to amend; (2) fail to meet Rule 16's "good cause" standard; and (3) fail to meet Rule 15's standard for amendment. (Doc. 193.) The Court addresses each argument.

**A.    Waiver**

Johnston argues Wright, in participating in the preparation of the Rule 26(f) Joint Report, represented to the Court and the parties that he would not seek to further amend the Complaint. (*Id.* at 3.) The parties' statement in the Joint Report reflects this by indicating a deadline to amend was unnecessary. (Doc. 92 at 16.) Johnston thus argues

Wright waived his right to amend and the Court should, under the doctrine of estoppel, prevent Wright from rescinding his representation that amendment was unnecessary. (Doc. 193 at 3–4.) This argument is unpersuasive. Even assuming Wright could and did waive his right to amend, Johnston's recent supplemental responses represent a material change in circumstances justifying amendment.

### B. Rule 16 Standard

When a Rule 16 scheduling order's deadline to amend the complaint has passed, a plaintiff must show "good cause" for amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b). Once the plaintiff has shown good cause, the Court may consider whether amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608.

Here, Johnston argues the deadline has passed because Wright represented no deadline was necessary and, accordingly, the scheduling order did not include any deadline. (Doc. 193 at 4–5.) Next, Johnston argues Wright cannot show good cause for amending the Complaint because he failed to prosecute the case properly and timely. (*See id.* at 5.) The Court disagrees. Wright's request to amend was delayed for two reasons outside of his control: the Town of Sahuarita's inaccurate response to the pre-litigation public records request and Johnston's objections to relevant discovery requests. Wright has therefore shown good cause for amendment under Rule 16.

### C. Rule 15 Standard

Under Rule 15(a) a party may amend its pleading 21 days after serving it or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). After that time passes, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts relied upon by a plaintiff may be a proper subject of relief, the court must afford him an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). District courts must therefore "freely give leave" to amend absent an apparent reason, such

as (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) futility of amendment. *Id.* Of these considerations, the degree of prejudice to the opposing party carries the most weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). These factors, taken together, weigh in favor of granting Wright leave to amend.

### 1. Undue Delay

Johnston argues Wright's amendment of the Complaint will cause "substantial undue delay" and require "substantial and expensive additional discovery." (Doc. 193 at 6–7.) Johnston neither explains what substantial additional discovery would be necessary nor describes why this discovery would cause undue delay. Johnston has therefore not shown amendment would cause undue delay.

### 2. Bad Faith

Johnston does not contend that Wright has filed his Motion in bad faith. (*See* Doc. 193 at 5–7.)

### 3. Repeated Failure to Cure Deficiencies

Johnston points out this is not Wright's first attempt to cure deficiencies in the Complaint. (Doc. 193 at 7.) Wright's Motion is in fact Plaintiffs' third attempt to amend the Complaint. (*See* Doc. 177 at 1.) However, Wright could not have included the instant amendment in the previous versions of the Complaint. All previous amendments occurred prior to discovery and Wright now seeks to amend only because discovery uncovered new information about Johnston's reliance on Sahuarita Police Department Policy O-30.

### 4. Prejudice

In considering prejudice caused by amendment, courts consider whether the new amended claims would greatly alter the nature of the litigation and require that defendants, at a late hour, take an entirely new course of defense. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts also consider whether the assertion of the new claim would require opponents to expend significant additional resources to

- 5 -

conduct discovery and prepare for trial, significantly delay resolution, or prevent the plaintiff from bringing a timely action in another jurisdiction. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Johnston argues amendment will "cause substantial undue delay" and require defendants "to pursue substantial and expensive additional discovery which result would be patently unfair and prejudicial." (Doc. 193 at 6–7.) Johnston does not address the delay caused by the Town of Sahuarita's inaccurate response to the public records request or his objections to relevant discovery requests. Nor does he explain what substantial additional discovery would be necessary. He also fails to address whether the new claims would greatly change the nature of litigation or require an entirely new defense. The Court finds Johnston has not shown undue prejudice. On the contrary, the record shows Wright placed defendants, including the Town of Sahuarita, on notice of the *Monell* claims at the inception of this action. (Doc. 15 ¶¶ 156–67, 295–99.) The facts related to these allegations, including the constitutionality of Johnston's actions and his reliance on Town policies, have been at issue throughout discovery. (*See* Docs. 138 at 2–6; 138-1 at 2–30; 154 at 7, 9.) And any substantial delay caused by amendment could have been avoided if those policies were provided to Plaintiffs in a timely manner.

### 5. Futility

Johnston does not argue Wright's proposed amendment would be futile. (*See* Doc. 193.) Indeed, Wright has stated cognizable *Monell* claims. To allege a direct claim against a municipality under *Monell*, a plaintiff must show:

(1) the municipal employee acted under color of state law;

(2) the municipal employee violated the plaintiff's constitutional rights;

(3) the municipal employee acted pursuant to an official policy or custom of the municipality; and

(4) the official policy or custom of the municipality caused the employee's violation of plaintiff's constitutional rights.

*See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012); *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1073–75 (9th Cir. 2016). A plaintiff need not allege deliberate

indifference when a municipality's deliberate adoption of its policy or practice shows it acted culpably. *See Mann*, 907 F.3d at 1164.

The proposed amended counts state a *Monell* claim. Plaintiffs allege Defendant Johnston acted under the color of state law. (Doc. 177-2 ¶ 9.) They allege Johnston violated L.A.W.'s constitutional rights under the Fourth Amendment and L.A.W. and Wright's constitutional rights under the First and Fourteenth Amendments by subjecting L.A.W. to a medical examination without parental consent or court order. (*See id.* ¶¶ 139–47.) Based on Johnston's admission, Plaintiffs allege Johnston acted pursuant to Sahuarita Police Department Policy O-30. (*Id.* ¶¶ 150, 156.) Finally, they allege that these violations of their constitutional rights would not have occurred but for Policy O-30. (*Id.* 153, 160.) The Court therefore concludes granting Wright's request to amend would not be futile.

**III. Conclusion**

Accordingly,

**IT IS ORDERED**:

1. Wright's Motion for Order Granting Leave to File a Third Amended Complaint (Doc. 177) is **granted**.

2. Wright must file the Third Amended Complaint within **3 days** from the date of this Order.

3. All defendants must file an answer or responsive pleading within **14 days** from when Wright files the Third Amended Complaint.

Dated this 11th day of August, 2023.

Jennifer G. Zipps
United States District Judge