1

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Brian Wright, et al.,                          No. CV-21-00257-TUC-JGZ

10                  Plaintiffs,                      **ORDER**

11   v.

12   Southern   Arizona   Children's   Advocacy
     Center, et al.,
13
14                  Defendants.

15         On August 9, 2023, the Court conducted a telephonic conference with attorney

16   Michael Moore for Plaintiffs and attorneys Julie Rhodes and Claudia Acosta Collings for

17   DCS Defendants. (Doc. 200.) Plaintiffs sought to confirm the existence of additional DCS

18   training materials and compel the production of the same. (*Id.*) Based on the parties'

19   representations, the Court determined the training materials sought by Plaintiffs were not

20   relevant and DCS Defendants did not need to search for or produce them. (*Id.*) The Court

21   summarized the telephonic conference in an Order and stated, if Plaintiffs or DCS

22   Defendants disagreed with the Court's description of the conference, they could file a

23   notice of discrepancy within the next three business days. (*Id.*) The Court stated: "The

24   notice shall not be used to relitigate the issues addressed at the conference." (*Id.*)

25         Now pending before the Court is Plaintiffs' Notice of Discrepancy and Motion for

26   Leave to Supplement the Record (Doc. 205), seeking to relitigate the issues addressed at

27   the conference and provide the Court with information which Plaintiffs failed to present

28

1  during the telephonic conference. (Doc. 205.)[1] The Court will deny Plaintiffs' Motion for

2  Leave to Supplement the Record because it exceeds the scope of the Notice of Discrepancy

3  established by the Court's August 9, 2023 Order and attempts to relitigate the issues

4  addressed at the conference.[2]

5      **IT IS ORDERED** that Plaintiffs' Motion for Leave to Supplement the Record (Doc.

6  205) is **denied**.

7      **IT IS FURTHER ORDERED** that DCS Defendants' Motion to Strike Plaintiffs'

8  Notice of Discrepancy and Motion for Leave to Supplement the Record (Doc. 213) is

9  **denied** as moot.

10      Dated this 20th day of August, 2023.

11

12

13      _____
        Jennifer G. Zipps
14      United States District Judge

15

16

17

18

19

20

21

22

23  [1]  It appears that Plaintiffs mistakenly refiled and lodged the Notice/Motion numerous
    times. (*See* Docs. 206, 207, 209). It also appears that Plaintiffs intended to withdraw the
24  lodged Notice/Motion. (*See* Doc. 214.) The docket states that Doc. 214 is "Withdrawal of
    Document," but the document filed is another copy of the Notice/Motion. The Court will
25  therefore address only Doc. 205 and consider the other filings as unnecessary duplicates.

26  [2]  To the extent the Notice/Motion for Leave to Supplement could be construed as a Motion
    for Reconsideration, it is denied. Plaintiffs' counsel's implication that Defendant
27  Talamantes admitted to receiving the training materials at issue is incorrect. Talamantes
    stated only that he identified the "concepts and ideas" in the training materials; he did not
28  testify that he received the training materials. (*See* Doc. 209-4.) The training materials at
    issue are relevant only if they were provided to the individual DCS Defendants.