**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Brian Wright, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Southern Arizona Children's Advocacy Center, et al.,<br><br>    Defendants. | No. CV-21-00257-TUC-JGZ<br><br>**ORDER** |

    On September 6, 2023, Plaintiff Brian Wright filed a motion requesting the Court appoint him as L.A.W.'s guardian ad litem for all purposes in this case. (Doc. 224.) The Court granted the motion. (Doc. 229.) DCS Defendants filed a response in opposition on the same day. (Doc. 234.) The Court stated it would reconsider the motion after Wright filed a reply to the DCS Defendants' response. (Doc. 236.) On September 18, 2023, Wright filed a reply, (Doc. 240), and Wright and L.A.W. filed a motion requesting approval of L.A.W.'s settlement with the Town Defendants, (Doc. 239). On September 19, 2023, the Court held a status conference, during which the parties stated they had no objection to approval of the settlement between L.A.W. and the Town Defendants without the appointment of a guardian ad litem. (Doc. 243.) Based on the parties' representations, Wright withdrew his motion to appoint a guardian ad litem for L.A.W. (*Id.*) Pending before the Court is Plaintiffs Wright and L.A.W.'s Motion for Order Approving Compromise of Minor L.A.W.'s Claims Against the Town Defendants (Doc. 239). For the reasons that follow, the Court will grant Plaintiffs' Motion and approve the settlement without

appointing a guardian ad litem.

A minor who does not have a duly appointed representative may sue by a next friend or guardian ad litem. Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* Whether to appoint a guardian ad litem under Rule 17(c) is usually left to the sound discretion of the district court. *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Rule 17(c)'s purpose is to protect a minor or incompetent person's interests in prosecuting or defending a lawsuit. *Id.* Rule 17 does not mandate the appointment of a guardian ad litem. *Id.* Rather, the district court may fulfill the purpose of Rule 17(c) by issuing another order that sufficiently protects a minor's interests. *Id.*

The Court concludes that Brian Wright and counsel Michael Moore adequately represent L.A.W.'s interests. Brian Wright, as L.A.W.'s father and next friend, may sue on L.A.W.'s behalf. *See* Fed. R. Civ. P. 17(c)(2). And a district court need not appoint a guardian ad litem when a minor is adequately represented by a parent. *See Prudential Ins. Co. of Am. v. Remington*, No. 2:12-CV-02821-GEB, 2013 WL 3070629, at *1 (E.D. Cal. June 17, 2013) (collecting cases). Further, although a parent cannot bring an action on behalf of a minor child without retaining counsel, *see Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997), Wright has retained counsel Michael Moore to represent L.A.W.'s interests in this action. What is more, all parties stated they had no objection to the Court approving the settlement between L.A.W. and the Town Defendants. (Doc. 242.)

Accordingly,

**IT IS ORDERED THE COURT FINDS** that Plaintiff L.A.W., by and through Brian Wright, as the father and next friend of minor L.A.W., has demonstrated in his Motion and attached documents that the terms of the settlement of L.A.W.'s claims against Defendants Sahuarita Town Council and Thomas Johnston and the distribution of the settlement proceeds are fair, just, reasonable, and appropriate, and thus justify approval under Rule 17(c) of the Federal Rules of Civil Procedure. This finding is based on the Court's consideration of the admissible evidence, arguments of counsel, submitted briefs,

and representations by the parties during the September 19, 2023 status conference.

**IT IS FURTHER ORDERED:**

1. Plaintiffs Wright and L.A.W.'s Motion for Order Approving Compromise of Minor L.A.W.'s Claims Against the Town Defendants (Doc. 239) is **granted** consistent with this Order.

2. The Court's September 11, 2023 Order (Doc. 229) appointing Brian Wright as L.A.W.'s guardian ad litem is **vacated**.

3. Plaintiff Wright's Motion to Appoint Guardian Ad Litem (Doc. 224) is **denied** as moot.

4. Defendants Sahuarita Town Council and Thomas Johnston shall disburse L.A.W.'s settlement funds to Pacific Life & Annuity Services, Inc., as described in Part II and Exhibit A of the Settlement and General Release Agreement (Doc. 293-3 at 2, 8–14).

Dated this 4th day of October, 2023.

Jennifer G. Zipps
United States District Judge