Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>Southern Arizona Children's Advocacy Center,<br><br>      Defendants. | Case No.: 4:21-cv-00257-JGZ<br><br>**PLAINTIFF'S NOTICE OF LODGING EXHIBITS IN SUPPORT OF PLAINTIFF'S PROPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE SEVENTEENTH AND NINETEENTH CLAIMS**<br><br>Hon. Jennifer G. Zipps<br>United States District Judge |

Now comes Plaintiff Brian Wright, on his behalf, and that of his minor son, L.A.W., pursuant to Paragraph 5 of the Protective Order, Doc. 98, and Local Rule 5.6(d), and gives notice of the lodging of documents in support of Plaintiff's proposed Motion for Partial Summary Judgment on the Seventeenth and Nineteenth Claims of the Third

Amended Complaint, Doc. 204, not yet filed. Plaintiff submits that these exhibits be filed in the public record but the undersigned and counsel for the DCS Defendants have not reached agreement on that issue. This writer's signature constitutes certification that the parties conferred in good faith prior to this filing but could not reach an understanding.

This Court is well-versed in the Claims at issue. Plaintiff asserts that the two Defendants, Talamantes and Francisco, jointly engaged in misconduct of falsifying evidence through which they secured, first, *ex parte* court authorization for the seizure of the minor child and his placement in a foster home; and, second, *ex parte* Temporary Orders confirming that seizure and continued separation of the child and his father. These Claims are clearly of great public interest given the power conferred on, and continuously exercised by, agents of the Arizona Department of Child Safety.

### THE POLICY OF OPEN COURTS AND THE ANALYSIS OF JUSTIFICATION FOR SEALING DOCUMENTS AND PLEADINGS

The policy is long-established that public access to federal court proceedings is fundamental to the operation of democracy. *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) (" [p]ursuant to the First Amendment, there is a presumed public right of access to court proceedings" ). *"[W]ide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."* *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950) (emphasis added). The right to oversee the operations of public agencies, particularly those, like law enforcement, which have such a profound impact on citizens' freedoms, is grounded in the First Amendment to the Constitution

Case 4:21-cv-00257-JGZ   Document 270   Filed 12/06/23   Page 3 of 10

of the United States, because insight into operations "is necessary to the enjoyment of the right of free speech." *Courthouse News Service v. Planet,* 750 F.3d 776, 786-87 (9th Cir. 2014), *quoting Globe Newspaper Co. v Superior Court,* 457 U.S. 596, 604 (1982).

Local Rule 5.6 was clearly crafted to implement this policy. The Court gives no deference to any prior agreement by the parties to treat any materials as being confidential nor filed as being under seal. Rule 5.6(b). Any party seeking to file under seal bears the burden of justifying that by setting forth "a clear statement of facts and legal authority justifying the filing of the document under seal…." *Id.*

Whereas disclosure of materials under a protective order, or filing of materials in support of non-dispositive motions is generally not available to the public, *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990), the burden on a party seeking to seal materials in dispositive motions or at trial is much greater.

The seminal decision is *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Records filed in support of dispositive motions are presumptively accessible to the public. Id. Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id*. In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.,* at 1178-79 (alteration and internal quotation marks and citations omitted). Compelling reasons which may justify sealing a record are when such court files might

3

have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.,* at 1179 (quotation omitted). On the other hand, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Once having proved that public disclosure will cause a specific harm, the Defendants' burden is not yet satisfied. The Court must then consider the second hurdle. To overcome the presumption of openness, a party seeking to restrict access must prove an "overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Sup. Ct. of Calif.*, 464 U.S. 501, 509 (1984).

Three factors must be considered, and, we submit, are dispositive and require filing in the public record. First, a civil rights plaintiff acts not only on his own behalf, but on behalf of all citizens in bringing to light misconduct or corruption of government officials. 42 U.S.C. § 1983 represents a balancing feature in the governmental structure whereby individual citizens are encouraged to "police" those who are charged with policing the populace. *Youngblood v. Gates*, 112 F.R.D. 342 (C.D. Cal. 1985). Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden. *Id*. at 343. Hence, in *Newman v. Piggie Park Enterprises Inc.*, 390 U.S. 400, 402 (1968), the Court emphasized that "If a [civil rights] plaintiff obtains relief, he does so not for himself

alone, but also as a private attorney general, *vindicating a policy that Congress considered of the highest priority*." (emphasis added).

Second, that a document may qualify for confidentiality under state law does not equate with privilege to withhold the document from public access in federal civil rights litigation. The District Court's decision is governed by federal law, not state statutes, specifically the existence, or lack thereof, of privilege under Fed. R. Evid. 501. *Kerr v. U.S. District Court for the Northern District of California,* 511 F.2d 192 (9th Cir.1975), *aff'd* 426 U.S. 394 (1976). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." *Eureka Financial Corp. v. Hartford Acc. and Indemnity Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991); *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996); *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988). "[P]rivileges are to be construed especially narrowly when asserted by officers … in federal civil rights actions." *Mason v. Stock*, 869 F.Supp. 828, 834 (D. Kan. 1994).

Finally, confidentiality of DCS files and dependency case material is intended to protect the privacy of the *family,* not the State. 42 USC §5106a(b)(2)(B)(viii) **(**methods to preserve the confidentiality of all records *in order to protect the rights of the child and of the child's parents or guardians*, including requirements ensuring that reports and records made and maintained pursuant to the purposes of this subchapter and subchapter III) (emphasis added). Moreover, even applying Arizona law, the Department, to show exception to the requirement of disclosure, must establish "specific, material harm" to its

investigation. A.R.S. §§8-471(I); 8-807(H); 8-807.01(A(3). Of course, this investigation was over and done with four (4) years ago.

When, as here, the family has no objection to public disclosure, there is no basis to seal the materials.

## THE EXHIBITS

| | |
|---|---|
| Exhibit 5 | Sahuarita Police Department Detail Incident Report 20120504 12/16/23 |
| Exhibit 8 | SACAC Report of Forensic Medical Examination |
| Exhibit 22A | Excerpt from DCS Case Build Wright 00013 |
| Exhibit 25 | Child Safety & Risk Assessment, Arizona Department of Child Safety |
| Exhibit 27 | Dependency Petition with attachments, including Application for Court Authorized Removal ["CAR"], Court Authorized Removal order, Team Decision Making ["TDM"] Summary; copy Temporary Custody Notice 12/31/20 |
| Exhibit 30(a) | TDM Summary 12 28 20 with corrections |
| Exhibit 31 | Application for CAR |
| Exhibit 32 | Application for CAR with corrections |
| Exhibit 33 | *Ex parte* Temporary Orders 12/31/23 |
| Exhibit 39 | Temporary Custody Notice 12/28/20 |
| Exhibit 84 | SAFE AZ Child Safety & Risk Assessment (CSRA) Document Guide |
| Exhibit 85 | DCS Policy & Procedure Manual Chpt. 2, Section 3, "Initial Contact and Conducting Interviews" |
| Exhibit 86 | DCS Policy & Procedure Manual Cpt. 2, Section 2, "Pre-commencement Activities To Prepare for Initial Response" |
| Exhibit 87 | DCS Training material, "Child Abuse Hotline Legal and Applied Definitions of Abuse" |
| Exhibit 159 | Report of Timothy Turner |

# DISCUSSION

As an initial observation, sealing of the Exhibits will require sealing of the Statement of Facts, of the transcripts of testimony of Defendants, and any argument therefrom – in essence, the entirety of the proposed Motion for Partial Summary Judgment and all associated materials.[1]

All Exhibits have been redacted in compliance with Fed.R.Civ.Pro 5.2(a). hence there is no information that might personally identify a minor.

Exhibits 84-86 are documents which are, or were, publicly available from the Department, those policies those in effect in 2020, now superceded. Exhibit 87 is an excerpt from training materials, and was not generated in the underlying case. There is no ground for sealing of these materials.

Exhibits 5 and 8 were not generated by the Defendants, but by other Defendants, and these were disclosed by other Defendants without protection. These copies appear in the Department file, hence, in an abundance of caution, are submitted for the Court's decision.

Exhibit 22A is an excerpt from the Department program "CHILD" "Case Build" module, which is generated as part of the Department investigation of the initial

---

[1] The Protective Order does not address testimony in which a document disclosed under it is to be treated, but Plaintiff is treating such testimony as confidential and not subject to public disclosure until further Order of the Court. If this Court rules the documents to be filed in the public docket, we will treat the testimony as also public record.

allegations. This except is simply the narrative of the original Hotline call made by the nursing assistant at the child's school the morning of December 16, 2020.

Exhibit 25, the CSRA, is the CHILDs module in which the investigator and his supervisor capture all the activities taken, and the assessments of potential present danger and, subsequently, impending danger. The evidence which documents the decisions made by the Defendants, which are at issue, are complied in the CSRA.

Exhibit 39, the Temporary Custody Notice required to be given to the parent upon seizure of the child. Hence, this document is not confidential by its terms.

Exhibit 30(a) is the form summary document [with Plaintiff's notations and corrections of asserted false and omitted materials] prepared by the Department following the "Team Decision Making Meeting" attended by, in this case, the parents and paternal grandparents as well as Defendants and other Department personnel. It purports simply to document what went on at that meeting. The attendees are not sworn to secrecy in order to participate.

Exhibit 31 is the Application sworn to by Defendant Talamantes the morning of December 28, 2020 by which he secured the Court Authorized Removal order, attached to Exhibit 27, and executed that morning, seizing the child and taking legal custody from Brian Wright. Exhibit 32 is a copy with Plaintiff's notations of false statements and omissions.

Exhibit 27 is the Dependency Petition filed on December 31, 2020, by which the Department secured the *ex parte* Temporary Orders continuing physical and legal custody in the Department.

Mr. Turner's opinions discussed in Exhibit 159, regarding the actions of the two Defendants, leading to the conclusion they displayed deliberate indifference, are grounded on the Exhibits identified, as well as other materials disclosed by other Defendants not subject to the Protective Order.

As the Court can easily see, many of the documents are already in the public domain, were disclosed without protections by other Defendants, were allegedly delivered to Brian Wright, or simply were data compilations of the alleged activities of the Defendants or the meeting attended by the parents and grandparents.

The Defendants cannot reasonably claim compelling reasons why filing in the public record will cause them specific, articulable harm sufficient to override the fundamental policy of openness of civil rights proceedings to public scrutiny.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Court order that the lodged sealed Exhibits be filed in the public record.

//
//
//

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on December 6, 2023. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,

/s/ Michael Garth Moore