KRISTIN K. MAYES
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
Assistant Attorney General
416 West Congress, 2nd Floor
Tucson, Arizona  85701-1315
(520) 638-2815 • Fax (520) 628-6050
Claudia.Collings@azag.gov

JULIE M. RHODES (016313)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-3393
Julie.Rhodes@azag.gov

Attorneys for DCS Defendants Francisco,
Talamantes, Orozco, Noriega, Encinas & Sheldon

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al., | No. CV-21-00257-TUC-JGZ |
| Plaintiffs, | **DCS DEFENDANTS' MOTION TO SEAL IN RESPONSE TO PLAINTIFFS' NOTICE OF LODGING EXHIBITS (DOC. 271)** |
| v. | |
| Southern Arizona Children's Advocacy Center, et al., | **AND** |
| Defendants. | **MOTION TO STRIKE** |

Department of Child Safety ("DCS") Defendants Talamantes, Francisco, Encinas, Sheldon, Noriega, and Orozco ("DCS Defendants"), through counsel and per Local Rule 5.6(d), file this Motion to Seal in response to Plaintiffs' Notice of Lodging Exhibits in Support of Plaintiffs' Proposed Motion for Partial Summary Judgment on the Seventeenth and Nineteenth Claims (Doc. 270, 271, 271-1 through 271-24).  This Motion is supported by Defendants' Motion for Protective Order Regarding Confidential Information (Doc. 95, Doc. 97), the Protective Order (Doc. 98; Doc. 116), and the juvenile court order for

1  the release of dependency and court records, and the following Memorandum of Points
2  and Authorities.

3                    **MEMORANDUM OF POINTS AND AUTHORITIES**

4  **I.      Brief Factual and Procedural Background.**

5          Plaintiffs were involved in a state-court dependency action after the Sahuarita
6  Police Department ("SPD") and the Department of Child Safety ("DCS) received reports
7  on December 16, 2020, from mandatory reporters at L.A.W.'s grade school that L.A.W.
8  may have been subjected to physical abuse.  SPD transported L.A.W. to the Southern
9  Arizona Child Advocacy Center ("SACAC") where he participated in a forensic interview
10 and medical examination.  SPD and DCS conducted independent investigations.

11         Ultimately, on December 28, 2020, DCS filed an Application and Declaration for
12 Ex-Parte Order for Removal of Child requesting authorization to remove L.A.W. and
13 subsequently filed a Dependency Petition and Petition for Paternity and/or Child Support
14 in the juvenile court.  Wright participated in both a contested temporary custody hearing
15 and a contested dependency trial, both of which took place over the course of several days
16 where the juvenile court heard testimony from the parties and witnesses and admitted
17 exhibits into evidence.  The juvenile court found that DCS had proven by a preponderance
18 of the evidence that Wright was unable to effectively care and control his child,
19 adjudicated the child dependent, and additionally confirmed that DCS had probable cause
20 to remove L.A.W.  The dependency remained open and monitored by the juvenile court
21 until it was dismissed on October 14, 2021.

22         On June 28, 2021, Plaintiffs filed this lawsuit while the dependency action was still
23 pending.  (Doc. 1.)  After the dependency was dismissed, Plaintiffs filed their First
24 Amended Complaint adding, in part, the DCS Defendants.  (Doc. 15.)  In anticipation of
25 litigation and the need for the juvenile court records, counsel for the DCS Defendants
26 filed a motion for the release of juvenile dependency and court records in state court,

which the juvenile court granted.  (Exhibit 1, Order for the Release of Juvenile Dependency and Court Records, filed 12/20/2021.)  The presiding judge of the juvenile court, Judge Peter Hochuli, also ordered that "[a]ny record of the Pima County Juvenile Court shall be filed under seal if attached as an exhibit to any pleading to maintain the confidentiality of the records."  (*Id.* at 2.)

Plaintiffs previously filed a Waiver of Privacy Rights of Minor's Name containing the minor child's full name (Doc. 18-1), but this Court ultimately ordered that that document be filed under seal (Doc. 54).

On January 6, 2023, the DCS Defendants filed a Motion for Protective Order Regarding Confidential Information (Doc. 95), which the Court granted after hearing no objection from the parties (Doc. 97).  This Court entered the Protective Order (Doc. 98), on January 12, 2023, and amended it on March 7, 2023 (Doc. 116).

Plaintiffs' counsel emailed undersigned counsel attempting to confer about Plaintiffs' desire to not file confidential documents under seal.  Counsel were unable to meaningfully confer due to other deadlines, other cases, holidays, or sick leave.  In any event, DCS Defendants agree that they would not have reached an agreement or stipulation on whether DCS confidential information could be filed in the public record and not under seal.

On December 6, 2023, Plaintiffs lodged proposed exhibits for their forthcoming Partial Summary Judgment as to DCS Defendants in the public record—not under seal— (Doc. 271) in violation of Local Rule 5.6.

This Motion to Seal those confidential DCS and juvenile court records and Motion to Strike the exhibits from the public record follows.

## II.   The Court Should Seal Documents Designated as Confidential.

Plaintiffs recognize Local Rule 5.6(d), this Court's Protective Order, and the Order's requirement that the parties comply with Local Rule 5.6 to file confidential

information under seal.  (Doc. 271 at 1.)  Yet Plaintiffs are seeking the exact opposite and requesting that their proposed exhibits be filed in the public record.  The Court should deny their request and instead seal documents that have been designated as confidential.

At issue is application of the Protective Order and the interplay between the need to protect confidentiality pursuant to A.R.S. §§ 8-807, 8-502, 8-208(F), and 41-1959, and the need for records to be maintained in a public file.  A Protective Order was filed in this matter on January 12, 2023 (Doc. 98.), protecting the confidentiality of DCS records throughout this litigation.   The Protective Order requires the parties to protect the confidential information and provides that the risk of releasing the information "is minimized by this order and the acknowledgement of everyone receiving the described records and information that the information contained in them is of a sensitive, personal and confidential nature."  (*Id.* ¶ 6.)  The Protective Order references numerous state and federal statutes that protect the confidential and sensitive information contained within the files and records.  (*Id.* ¶ 3.)  Among the state and federal statutes and rules recognizing the confidentiality of these records is A.R.S. § 41-1959(A), which prohibits releasing "files that contain information related to investigations conducted by child protective services." Additionally, "records of . . . dependency proceeding[s] shall not be open to public inspection." A.R.S. § 8-208(F).  Recognizing these laws, the juvenile court when allowing the release of its records in the underlying dependency action ordered that "[a]ny record of the Pima County Juvenile Court shall be filed under seal if attached as an exhibit to any pleading to maintain the confidentiality of the records."  (Exhibit 1 at 2.)

In order to seal the proposed exhibits, DCS Defendants must establish a "compelling reason" to do so.  *Kamakana. v. City and County of Honolulu*, 447 F.3d. 1172, 1179 (2006).  As explained in Defendants' Motion for Protective Order Regarding Confidential Information (Doc. 95), the need for confidentiality of DCS records is well-established.  Although the presumption is to keep court records public, an exception is

present for records traditionally kept secret for important policy reasons.  *Kamakana* at
1178.  "Unless a particular court record is one 'traditionally kept secret,' a strong
presumption in favor of access is the starting point."  *Id*. at 1179.  Here, there is no dispute
that juvenile court records, which include DCS records, are court records traditionally
kept secret.  Plaintiffs' present no arguments to exempt these exhibits from this long-held
tradition.

Other courts have agreed that juvenile court records should be kept confidential.
For instance, in affirming the denial of a motion to seal a district court's order granting
summary judgment, the Ninth Circuit found that the district court had "properly protected
the privacy of the children [involved in the case] by mainlining under seal any motions or
*exhibits* containing their full names or identifying information."  *Demaree v. Pederson*,
887 F.3d 870, 885 (9th Cir. 2018) (emphasis added).  It also noted that A.R.S. § 41-
1959(A) and § 8-208(F) protected DCS files and records of dependency proceedings to
find that the district court did not violate Arizona law.  *Id.*  Thus, state laws that protect
the confidentiality of records in child-protective cases provide compelling reasons to grant
a motion to seal in a related case brought in federal court.  *See T.T. v. Cnty. of San Diego*,
2020 WL 6118781, at *1 (S.D. Cal. Oct. 16, 2020) (allowing juvenile court records to be
sealed which were statutorily protected by state law).

In deciding a motion to seal other documents that refer to state juvenile court
records, the United States District Court for the District of Idaho noted that "[a]lthough
state laws keeping child-protective case records and proceedings private do not govern
civil rights cases in federal court, permitting parties 'to import confidential documents
into federal court and thereby make them public would seriously undermine the state's
policy.'"  *Ingram v. Mouser,* No. 1:19-cv-00308-DCN, 2023 WL 5017011, at *2 (D.
Idaho Aug. 7, 2023) (quoting *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 405 (D. Me.
2001)).  In *D.C. by & through Garter v. Cnty. of San Diego,* the district court agreed that

5

these aforementioned compelling reasons existed to seal exhibits in support of a summary-judgment motion, including that the documents had been released pursuant to a juvenile court order mandating that the records not be open to the public. *Garter v. Cnty of San Diego*, No. 15-cv-1868-MMA (NLS), 2021 WL 4428880, at *2 (S.D. Cal. Sept. 24, 2021).

Here, like in the aforementioned cases, compelling reasons exist to seal the confidential records and information that Plaintiffs intend to use as exhibits to their summary-judgment motion. Some of Plaintiffs' exhibits are documents released pursuant to a juvenile court order that mandated that such records "be filed under seal if attached as an exhibit to any pleading to maintain the confidentiality of the records." (Exhibit 1 at 2.) A Protective Order is in place to protect the confidentiality of DCS records, requires the parties to protect the confidential information, and recognizes that the parties acknowledged that the information contained in the records "is of a sensitive, personal and confidential nature." (Doc. 98, ¶ 6.) State and federal laws, including A.R.S. § 41-1959(A) and § 8-208(F), protect the confidentiality of records in child-protective cases. And permitting the parties use of confidential documents in federal court and making them public would disrupt comity of state laws and "seriously undermine the state's policy." Because all of Plaintiffs' proposed exhibits, except for Exhibits 84-87, were produced by and under the protection of the Protective Order and refer to or contain confidential information protected by state and federal law, the juvenile court order, and the Protective Order, the Court should seal them.

Plaintiffs' reliance on *Youngblood v. Gates*, 112 F.R.D. 342 (C.D. Cal. 1985) (production of documents related to alleged surveillance, monitoring and harassment of plaintiffs by Orange County Sheriff's Department) and *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400 (1968) (enforcement of Civil Rights Act of 1964) is misplaced as both cases broadly speak in terms of transparency in monitoring law

1    enforcement.  *Kerr v. U.S. District Court for the Northern District of California*, 511 F.2d

2    192 (9th Cir. 1975) is also inapposite.  *Kerr* dealt with assertions of privilege in the

3    contest of a discovery dispute.  Here, no party is asserting a privilege; rather DCS

4    Defendants request the exhibits remain sealed due to their underlying confidential nature.

5        Plaintiffs next conflate two rules of disclosure.  First, they assert that DCS is

6    required to establish a "specific, material harm" to exempt confidential information from

7    disclosure, which is accurate.  However, that standard applies when DCS determines

8    disclosure of DCS information would harm a department investigation, a criminal

9    investigation, or prosecution in the context of a juvenile court proceeding.  *See* A.R.S. § 8-

10   807(I).  This analysis has no connection to determining whether or not a juvenile court

11   record should be sealed as opposed to part of the public record.

12       Finally, Plaintiff Brian Wright is proposing his exhibits be filed in the public record

13   and concurrently proposing that co-Plaintiff, L.A.W.'s records be filed in the public

14   record as well.  But L.A.W. is a minor so, at a minimum, the proposed exhibits should

15   redact the minor's true name.  The following exhibits are not properly redacted to protect

16   L.A.W.'s identity and confidentiality for sensitive information about him.

17       Exhibit 5 (Doc. 271-1, Doc. 271-2)

18       Exhibit 8 (Doc. 271-3)

19       Exhibit 22a (Doc. 271-5)

20       Exhibit 25 (Doc. 271-6, Doc. 271-7, Doc. 271-8, Doc. 271-9)

21       Exhibit 27 (Doc. 271-10, Doc. 271-11, Doc. 271-12, Doc. 271-13, Doc. 271-14)

22       Exhibit 30a (Doc. 271-15)

23       Exhibit 33 (Doc. 271-18)

24       At this time, there are no orders allowing Plaintiffs to reference the true name of

25   L.A.W., and DCS Defendants request Plaintiffs be ordered to redact L.A.W.'s true name

26   before any documents are placed in the public record.  This minimally invasive step will

1    allow for continued confidentiality of the minor in accordance with the public policy
2    considerations and legal authority addressed in Defendants' Defendants' Motion for
3    Protective Order Regarding Confidential Information (Doc. 95).

4    **III.    The Court Should Strike the Lodged Exhibits from the Public Record.**

5           Local Rule of Civil Procedure 7.2(m) authorizes the Court to strike "any part of a
6    filing or submission on the ground that it is prohibited (or not authorized) by a statute,
7    rule, or court order." LRCiv 7.2(m)(1).  Local Rule of Civil Procedure 5.6(d) requires the
8    submitting party that wishes to file a document that has been designated confidential by
9    another party to "lodge the document (or proposed filing) under seal" if the parties are
10   unable to agree on the need to file under seal.  LRCiv 5.6(d).

11          Here, Plaintiffs initially lodged their proposed exhibits that the DCS Defendants or
12   co-defendants designated confidential in the public record and **not** under seal.  (Doc. 271,
13   271-1 through 271-24.)   Although this may have been an inadvertent filing error by
14   Plaintiffs, no statute, rule, or court order authorizes Plaintiffs to lodge or file confidential
15   records protected by the Court's Protective Order and state and federal laws in the public
16   domain.  Rather, LRCiv 5.6(d) requires that the documents or proposed filings be lodged
17   under seal.  To the extent the lodged exhibits remain in the public record, this Court
18   should strike Plaintiffs' Notice of Lodging Exhibits in Support of Plaintiff's Proposed
19   Motion for Summary Judgment on the Seventeenth and Nineteenth Claims (Doc. 271 and
20   lodged exhibits).

21   **IV.    Conclusion.**

22          Compelling reasons exist to properly seal juvenile court records and information
23   that have "traditionally been kept secret".  *Kamakana* at 1178.  The DCS and juvenile
24   court records have been kept confidential under the Protective Order (Doc. 98), should
25   remain confidential, and should be filed under seal. In the event the Court disagrees and
26   allows the exhibits to be filed in the public record, DCS Defendants respectfully request

the true name of L.A.W. be redacted.  Alternatively, and in the meantime, the Court should strike Plaintiffs' Notice of Lodging (Doc. 271) to the extent any lodged confidential exhibits were not filed under seal per Local Rule 5.6(d).

RESPECTFULLY SUBMITTED this   20th   day of December, 2023.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

/s/Julie M. Rhodes
CLAUDIA ACOSTA COLLINGS
JULIE M. RHODES
Assistant Attorneys General
Attorneys for Defendants Francisco,
Talamantes, Orozco, Noriega, Encinas &
Sheldon

CERTIFICATE OF SERVICE

I hereby certify that on 20th day of December, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael Garth Moore
mike@mgmoorelaw.com
*Attorney for Plaintiffs*

Tom Slutes
Slutes, Sakrison & Rogers, P.C.
Tslutes@sluteslaw.com
*Attorneys for Defendant Dale Woolridge, MD*

Robert Grasso, Jr.
Pari K. Scroggin
Grasso Law Firm, P.C.
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
*Attorneys for Defendants Southern Arizona Children's*
*Advocacy Center & Marie Fordney*

s/slf
11771448