# VIEW DOCUMENT

The Arizona Revised Statutes have been updated to include the revised sections from the 54th Legislature, 2nd Regular Session. Please note that the next update of this compilation will not take place until after the conclusion of the 55th Legislature, 1st Regular Session, which convenes in January 2021.

## DISCLAIMER

This online version of the Arizona Revised Statutes is primarily maintained for legislative drafting purposes and reflects the version of law that is effective on January 1st of the year following the most recent legislative session. The official version of the Arizona Revised Statutes is published by Thomson Reuters.

**8-201. Definitions**

In this title, unless the context otherwise requires:

1. "Abandoned" means the failure of the parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandoned includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

2. "Abuse" means the infliction or allowing of physical injury, impairment of bodily function or disfigurement or the infliction of or allowing another person to cause serious emotional damage as evidenced by severe anxiety, depression, withdrawal or untoward aggressive behavior and which emotional damage is diagnosed by a medical doctor or psychologist and is caused by the acts or omissions of an individual who has the care, custody and control of a child. Abuse includes:

(a) Inflicting or allowing sexual abuse pursuant to section 13-1404, sexual conduct with a minor pursuant to section 13-1405, sexual assault pursuant to section 13-1406, molestation of a child pursuant to section 13-1410, commercial sexual exploitation of a minor pursuant to section 13-3552, sexual exploitation of a minor pursuant to section 13-3553, incest pursuant to section 13-3608 or child sex trafficking pursuant to section 13-3212.

(b) Physical injury that results from permitting a child to enter or remain in any structure or vehicle in which volatile, toxic or flammable chemicals are found or equipment is possessed by any person for the purpose of manufacturing a dangerous drug as defined in section 13-3401.

(c) Unreasonable confinement of a child.

3. "Adult" means a person who is eighteen years of age or older.

4. "Adult court" means the appropriate justice court, municipal court or criminal division of the superior court that has jurisdiction to hear proceedings concerning offenses committed by juveniles as provided in sections 8-327 and 13-501.

5. "Award" or "commit" means to assign legal custody.

6. "Child", "youth" or "juvenile" means an individual who is under the age of eighteen years.

7. "Complaint" means a written statement of the essential facts constituting a public offense that is any of the following:

(a) Made on an oath before a judge or commissioner of the superior court or an authorized juvenile hearing officer.

(b) Made pursuant to section 13-3903.

(c) Accompanied by an affidavit of a law enforcement officer or employee that swears on information and belief to the accuracy of the complaint pursuant to section 13-4261.

8. "Criminal conduct allegation" means an allegation of conduct by a parent, guardian or custodian of a child or an adult member of the victim's household that, if true, would constitute any of the following:

(a) A violation of section 13-3623 involving child abuse.

(b) A felony offense that constitutes domestic violence as defined in section 13-3601.

(c) A violation of section 13-1404 or 13-1406 involving a minor.

(d) A violation of section 13-1405, 13-1410 or 13-1417.

(e) Any other act of abuse that is classified as a felony.

(f) An offense that constitutes domestic violence as defined in section 13-3601 and that involves a minor who is a victim of or was in imminent danger during the domestic violence.

9. "Custodian" means a person, other than a parent or legal guardian, who stands in loco parentis to the child or a person to whom legal custody of the child has been given by order of the juvenile court.

10. "DCS report" means a communication received by the centralized intake hotline that alleges child abuse or neglect and that meets the criteria for

11. "Delinquency hearing" means a proceeding in the juvenile court to determine whether a juvenile has committed a specific delinquent act as set for

12. "Delinquent act" means an act by a juvenile that if committed by an adult would be a criminal offense or a petty offense, a violation of any law of th occurred in that state, or a law of the United States, or a violation of any law that can only be violated by a minor and that has been designated as a del city, county or political subdivision of this state defining crime. Delinquent act does not include an offense under section 13-501, subsection A or B if t juvenile who is prosecuted as an adult or who is remanded for prosecution as an adult shall not be adjudicated as a delinquent juvenile for the same offense.

13. "Delinquent juvenile" means a child who is adjudicated to have committed a delinquent act.


PLAINTIFF'S EXHIBIT 61

14. "Department" means the department of child safety.

15. "Dependent child":

(a) Means a child who is adjudicated to be:

(i) In need of proper and effective parental care and control and who has no parent or guardian, or one who has no parent or guardian willing to exercise or capable of exercising such care and control.

(ii) Destitute or who is not provided with the necessities of life, including adequate food, clothing, shelter or medical care.

(iii) A child whose home is unfit by reason of abuse, neglect, cruelty or depravity by a parent, a guardian or any other person having custody or care of the child.

(iv) Under eight years of age and who is found to have committed an act that would result in adjudication as a delinquent juvenile or incorrigible child if committed by an older juvenile or child.

(v) Incompetent or not restorable to competency and who is alleged to have committed a serious offense as defined in section 13-706.

(b) Does not include a child who in good faith is being furnished Christian Science treatment by a duly accredited practitioner if none of the circumstances described in subdivision (a) of this paragraph exists.

16. "Detention" means the temporary confinement of a juvenile who requires secure care in a physically restricting facility that is completely surrounded by a locked and physically secure barrier with restricted ingress and egress for the protection of the juvenile or the community pending court disposition or as a condition of probation.

17. "Director" means the director of the department.

18. "Health professional" has the same meaning prescribed in section 32-3201.

19. "Incorrigible child" means a child who:

(a) Is adjudicated as a child who refuses to obey the reasonable and proper orders or directions of a parent, guardian or custodian and who is beyond the control of that person.

(b) Is habitually truant from school as defined in section 15-803, subsection C.

(c) Is a runaway from the child's home or parent, guardian or custodian.

(d) Habitually behaves in such a manner as to injure or endanger the morals or health of self or others.

(e) Commits any act constituting an offense that can only be committed by a minor and that is not designated as a delinquent act.

(f) Fails to obey any lawful order of a court of competent jurisdiction given in a noncriminal action.

20. "Independent living program" includes a residential program with supervision of less than twenty-four hours a day.

21. "Juvenile court" means the juvenile division of the superior court when exercising its jurisdiction over children in any proceeding relating to delinquency, dependency or incorrigibility.

22. "Law enforcement officer" means a peace officer, sheriff, deputy sheriff, municipal police officer or constable.

23. "Medical director of a mental health agency" means a psychiatrist, or licensed physician experienced in psychiatric matters, who is designated in writing by the governing body of the agency as the person in charge of the medical services of the agency, or a psychiatrist designated by the governing body to act for the director. The term includes the superintendent of the state hospital.

24. "Mental health agency" means any private or public facility that is licensed by this state as a mental health treatment agency, a psychiatric hospital, a psychiatric unit of a general hospital or a residential treatment center for emotionally disturbed children and that uses secure settings or mechanical restraints.

25. "Neglect" or "neglected" means:

(a) The inability or unwillingness of a parent, guardian or custodian of a child to provide that child with supervision, food, clothing, shelter or medical care if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare, except if the inability of a parent, guardian or custodian to provide services to meet the needs of a child with a disability or chronic illness is solely the result of the unavailability of reasonable services.

(b) Permitting a child to enter or remain in any structure or vehicle in which volatile, toxic or flammable chemicals are found or equipment is possessed by any person for the purposes of manufacturing a dangerous drug as defined in section 13-3401.

(c) A determination by a health professional that a newborn infant was exposed prenatally to a drug or substance listed in section 13-3401 and that this exposure was not the result of a medical treatment administered to the mother or the newborn infant by a health professional. This subdivision does not expand a health professional's duty to report neglect based on prenatal exposure to a drug or substance listed in section 13-3401 beyond the requirements prescribed pursuant to section 13-3620, subsection E. The determination by the health professional shall be based on one or more of the following:

(i) Clinical indicators in the prenatal period including maternal and newborn presentation.

(ii) History of substance use or abuse.

(iii) Medical history.

(iv) Results of a toxicology or other laboratory test on the mother or the newborn infant.

(d) Diagnosis by a health professional of an infant under one year of age with clinical findings consistent with fetal alcohol syndrome or fetal alcohol effects.

(e) Deliberate exposure of a child by a parent, guardian or custodian to sexual conduct as defined in section 13-3551 or to sexual contact, oral sexual contact or sexual intercourse as defined in section 13-1401, bestiality as prescribed in section 13-1411 or explicit sexual materials as defined in section 13-3507.

(f) Any of the following acts committed by the child's parent, guardian or custodian with reckless disregard as to whether the child is physically present:

(i) Sexual contact as defined in section 13-1401.

(ii) Oral sexual contact as defined in section 13-1401.

(iii) Sexual intercourse as defined in section 13-1401.

(iv) Bestiality as prescribed in section 13-1411.

26. "Newborn infant" means a child who is under thirty days of age.

27. "Petition" means a written statement of the essential facts that allege delinquency, incorrigibility or dependency.

28. "Prevention" means the creation of conditions, opportunities and experiences that encourage and develop healthy, self-sufficient children and that occur before the onset of problems.

29. "Protective supervision" means supervision that is ordered by the juvenile court of children who are found to be dependent or incorrigible.

30. "Qualified young adult" means a former dependent child who is at least eighteen years of age and not over twenty-one years of age, who meets the criteria for an extended foster care program pursuant to section 8-521.02 and who signs a voluntary agreement to participate in the program.

31. "Referral" means a report that is submitted to the juvenile court and that alleges that a child is dependent or incorrigible or that a juvenile has committed a delinquent or criminal act.

32. "Secure care" means confinement in a facility that is completely surrounded by a locked and physically secure barrier with restricted ingress and egress.

33. "Serious emotional injury" means an injury that is diagnosed by a medical doctor or a psychologist and that does any one or a combination of the following:

(a) Seriously impairs mental faculties.

(b) Causes serious anxiety, depression, withdrawal or social dysfunction behavior to the extent that the child suffers dysfunction that requires treatment.

(c) Is the result of sexual abuse pursuant to section 13-1404, sexual conduct with a minor pursuant to section 13-1405, sexual assault pursuant to section 13-1406, molestation of a child pursuant to section 13-1410, child sex trafficking pursuant to section 13-3212, commercial sexual exploitation of a minor pursuant to section 13-3552, sexual exploitation of a minor pursuant to section 13-3553 or incest pursuant to section 13-3608.

34. "Serious physical injury" means an injury that is diagnosed by a medical doctor and that does any one or a combination of the following:

(a) Creates a reasonable risk of death.

(b) Causes serious or permanent disfigurement.

(c) Causes significant physical pain.

(d) Causes serious impairment of health.

(e) Causes the loss or protracted impairment of an organ or limb.

(f) Is the result of sexual abuse pursuant to section 13-1404, sexual conduct with a minor pursuant to section 13-1405, sexual assault pursuant to section 13-1406, molestation of a child pursuant to section 13-1410, child sex trafficking pursuant to section 13-3212, commercial sexual exploitation of a minor pursuant to section 13-3552, sexual exploitation of a minor pursuant to section 13-3553 or incest pursuant to section 13-3608.

35. "Shelter care" means the temporary care of a child in any public or private facility or home that is licensed by this state and that offers a physically nonsecure environment that is characterized by the absence of physically restricting construction or hardware and that provides the child access to the surrounding community.

36. "Young adult administrative review" means an administrative review of a voluntary extended foster care case plan with the qualified young adult, the department's case specialist or designee, an independent party who is not responsible for the case management of or the delivery of services to the qualified young adult and any other individual the young adult invites.

© 2020 Arizona State Legislature. All Rights Reserved