Case 4:21-cv-00257-JGZ   Document 282-10   Filed 12/20/23   Page 1 of 2

11/6/2019                                                                                         8-821 - Taking into temporary custody; medical examination; placement; interference; violation; classification; definition

8-821. Taking into temporary custody; medical examination; placement; interference; violation; classification; definition

A. A child shall be taken into temporary custody only pursuant to one of the following:

1. An order of the superior court.

2. Subsection D of this section.

3. The consent of the child's parent or guardian.

B. The superior court, on a dependency petition filed by an interested person, a peace officer, a child welfare investigator or a child safety worker under oath or on a sworn statement or testimony by a peace officer, a child welfare investigator or a child safety worker, may issue an order authorizing the department to take temporary custody of a child on finding that probable cause exists to believe that temporary custody is clearly necessary to protect the child from suffering abuse or neglect and it is contrary to the child's welfare to remain in the home.

C. If a child is taken into temporary custody pursuant to this section, the child's sibling shall also be taken into temporary custody only if independent probable cause exists to believe that temporary custody is clearly necessary to protect the child from suffering abuse or neglect.

D. A child may be taken into temporary custody without a court order by a peace officer, a child welfare investigator or a child safety worker if temporary custody is clearly necessary to protect the child because exigent circumstances exist.

E. In determining if a child should be taken into temporary custody, the court, peace officer, child welfare investigator or child safety worker shall take into consideration as a paramount concern the child's health and safety.

F. A person who takes a child into custody because an exigent circumstance described in subsection K, paragraph 2 of this section exists shall immediately have the child examined by a physician who is licensed pursuant to title 32, chapter 13 or 17 or a health care provider who is licensed pursuant to title 32 and who has specific training in evaluations of child abuse. After the examination the person shall release the child to the custody of the parent or guardian of the child unless the examination reveals abuse. Temporary custody of a child taken into custody because an exigent circumstance described in subsection K, paragraph 2 of this section exists shall not exceed twelve hours.

G. A child who is taken into temporary custody pursuant to this article shall not be held in a police station, jail or lockup where adults or juveniles who are charged with or convicted of a crime are detained.

H. A child shall not remain in temporary custody for more than seventy-two hours excluding Saturdays, Sundays and holidays unless a dependency petition is filed.

I. To execute an order authorizing temporary custody, a peace officer may use reasonable force to enter any building in which the person named in the removal authorization is or is reasonably believed to be.

J. A person who knowingly interferes with the taking of a child into temporary custody under this section is guilty of a class 2 misdemeanor.

PLAINTIFF'S EXHIBIT 75 / tabbies

11/6/2019                                                                 8-821 - Taking into temporary custody; medical examination; placement; interference; violation; classification; definition

K. For the purposes of this section, "exigent circumstances" means there is probable cause to believe that the child is likely to suffer serious harm in the time it would take to obtain a court order for removal and either of the following is true:

1. There is no less intrusive alternative to taking temporary custody of the child that would reasonably and sufficiently protect the child's health or safety.

2. Probable cause exists to believe that the child is a victim of sexual abuse or abuse involving serious physical injury that can be diagnosed only by a physician who is licensed pursuant to title 32, chapter 13 or 17 or a health care provider who is licensed pursuant to title 32 and who has specific training in evaluations of child abuse.