1  **JELLISON & ROBENS, PLLC**
2  18801 North Thompson Peak Parkway
   Suite D235
3  Scottsdale, AZ 85255
   Telephone: (480) 659-4244
4  Facsimile: (480) 659-4255
5  E-mail: jim@jrlawaz.com
   JAMES M. JELLISON, ESQ., #012763
6  E-mail : mark@jrlawaz.com
   MARK J. ROBENS, ESQ., #007213
7  E-mail : rodney@jrlawaz.com
8  RODNEY F.W. STATES, ESQ., #032444
   Attorneys for Defendants Johnston, Carrizosa, and Pelayo (collectively referred to as the
9  "Town Defendants")

10           IN THE UNITED STATES DISTRICT COURT

11                FOR THE DISTRICT OF ARIZONA

12

13  Brian Wright, et.al.,                    Case No. CV-21-00257-TUC-JGZ

14               Plaintiffs,                 **TOWN DEFENDANTS' FIRST
                                             SUPPLEMENTAL RESPONSE TO**
15  v.                                       **PLAINTIFFS' REQUESTS FOR
                                             ADMISSION NO. 4, 9, 12, AND 13 AND**
16  Town of Sahuarita, Johnston, Carrizosa, and   **INTERROGATORIES 2 AND 3 TO**
    Pelayo, et.al.,                          **DEFENDANT DETECTIVE THOMAS**
17                                           **JOHNSTON**
                 Defendants.

18

19      The Town Defendants, through undersigned counsel, hereby supplement their previous

20  response to Plaintiffs' Request for Admission No. 4, Request for Admission No. 9, Interrogatory

21  No. 2, Request for Admission No.12, Interrogatory No. 3, and Request for Admission No. 13 to

22  Defendant Detective Thomas Johnston as follows:

23  **REQUEST FOR ADMISSION NO.4:**

24      Admit that the purpose of the examination, at least in part, was to collect evidence of

25  possible criminal acts of child abuse on the body of L.A.W.

26
        ADMIT: ___X___          DENY:_____

PLAINTIFF'S EXHIBIT
62

**Defendant Johnston previously supplemented the response to Request for Admission No. 4 as follows:**

**The primary purpose for the examination is the preservation and protection of the health, safety and welfare of the child. An examination may also reveal evidence of child abuse, and, if so, would also include the collection of such evidence.**

**Defendant Johnston now further supplements the response to Request for Admission No. 4 as follows:**

**An examination may also reveal exculpatory evidence to be considered in the investigation.**

**REQUEST FOR ADMISSION NO. 9:**

Admit, at the time, Dr. Woolridge commenced the examination, there was no probable cause that Brian Wright had inflicted physical abuse on L.A.W.

ADMIT: _____          DENY:   X

**Defendant Detective Thomas Johnston objects to this request as it calls for a legal conclusion and presents an incomplete hypothetical.  Reasonable suspicion of possible child abuse existed, and the investigation was ongoing at that time and was based upon the school's statutorily-required mandatory reporting requirement.**

**Without waiving the foregoing objections, Defendant Johnston supplements the response to Request for Admission No. 9 as follows:**

**There was probable cause to believe that Irlanda (Zazueta-Vazquez) Wright, Brian Wright's wife, had physically abused L.A.W. The investigation was ongoing at that time and was based upon the evidence gathered at that time. Brian Wright's knowledge and/or involvement in the suspected physical abuse was unknown and further investigation was necessary to confirm the nature, extent, and origin of L.A.W.'s injuries and to protect the safety of L.A.W.**

**INTERROGATORY NO. 2:**

If you assert there existed probable cause as requested in the previous Request for Admission,

    a.  Identify the facts known to you at the time which support probable cause.

    b.  Identify each individual who provided any such fact to you.

**Without waiving the foregoing objections, Defendant Johnston supplements the response to Interrogatory No. 2 as follows:**

**On December 16, 2020, Copper View Elementary School healthcare assistant Jessica Mendez informed Officer Carrizosa and Detective Johnston that she was responsible for changing L.A.W.'s diapers at school which was necessary due to L.A.W.'s Encopresis medical condition. Mendez stated that while changing L.A.W.'s diaper that day, she noticed a horizontal red mark with bruising on the back of L.A.W.'s left thigh and under L.A.W.'s buttocks. Mendez asked L.A.W. what happened, to which L.A.W. replied, "I don't know. I didn't fall." Immediately thereafter L.A.W. pulled the hood of his jacket over his head. Mendez again asked L.A.W. what happened and L.A.W. responded "I already told you a million times, I don't know," in an irritated manner. Mendez said this was unusual conduct/behavior from L.A.W.**

**Copper View Elementary School employee Deborah Ramirez was asked by Mendez to also view the injuries. Ramirez saw a mark on the back of L.A.W.'s left thigh that looked like it came from a belt. Ramirez also asked L.A.W. what happened, and L.A.W. replied that he didn't remember.**

**L.A.W. told Officer Carrizosa that he had an 'ouchie' on his left leg. Officer Carrizosa also observed and photographed L.A.W.'s injuries, which she described as "a red mark with slight bruising on the top, approximately five inches long and one inch wide, located on the back of [L.A.W.'s] upper left thigh, below his buttocks. L.A.W. initially told Carrizosa he did not remember how he got the mark but did say that he got it the day before.**

**During the forensic interview, which occurred before Dr. Woolridge's examination, L.A.W. told forensic interviewer Morgan Rau that Irlanda Wright spanks him with her hand, a Hot Wheels racetrack, and a brown belt. L.A.W. said the last time she spanked him was five days earlier for taking a granola bar from the kitchen.**

**REQUEST FOR ADMISSION NO. 12:**

Admit at the time Dr. Woolridge commenced the examination there was no consideration given whether evidence of a crime would dissipate in the time it would take to secure parental notification and consent to the examination.

ADMIT: _____          DENY:___X_____

**See response to Request for Admission No. 11 above and No. 13 below which are incorporated herein by this reference.   Also, Defendant Detective Thomas Johnston objects to this request as vague as to whose consideration and unknown as to Dr. Woolridge's unstated "considerations".**

**Without waiving the foregoing objections, Defendant Johnston supplements the response to Request for Admission No. 12 as follows:**

**While Detective Johnston is not a medical professional, Detective Johnston was aware and concerned that evidence of the existence, extent, and origin of physical injuries and abuse dissipate with time. Furthermore, the nature and extent of L.A.W.'s injuries were not fully known at that time. Detective Johnston was informed by L.A.W.'s school that L.A.W. was scheduled/expected to return home in the next 1—2 hours. It was for these reasons that examination of L.A.W.'s injuries by a medical professional was immediately sought in order to confirm the nature and extent of the injuries and so the evidence of the existence and origin of the injuries could be timely examined and documented. As L.A.W.'s parents were the suspected source of L.A.W.'s injuries at that time, parental notification and consent before the child's examination were neither practical nor required under those circumstances. It was for these reasons that multiple unsuccessful efforts were made to contact the Arizona Department of Child Safety ("AZDCS") to determine the appropriate custodial arrangements for L.A.W. unless and until it was confirmed that L.A.W.'s parents were not the source of his injuries and he would be safe in their custody.**

**INTERROGATORY NO. 3:**

If your response to the previous Request for Admission is "DENY", state what consideration was given and by whom, and identify any document which is relevant to the consideration.

See Police Incident Reports in Plaintiffs' possession and Exhibit A hereto.

Without waiving the foregoing objections, Defendant Johnston supplements the response to Interrogatory No. 3 as follows:

See Detective Johnston's response to Request for Admission No. 12 above.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, before the examination commenced, no consideration was given by Dr. Woolridge or yourself to securing a court order authorizing the examination.

ADMIT: _____        DENY:   X_____

Defendant Detective Thomas Johnston objects to this request as he is without sufficient information or belief as to what Dr. Woolridge considered. This was an ongoing police criminal investigation into possible child abuse in which exigent circumstances existed. The investigation and Detectives were exercising due diligence to protect the health, safety and welfare of a minor child.

Without waiving the foregoing objections, Defendant Johnston supplements the response to Request for Admission No. 13 as follows:

Before Dr. Woolridge's examination began, Detective Johnston had been informed: of the existence and appearance of L.A.W.'s injuries; that L.A.W. had stated that Irlanda Wright spanked him with her hands, a Hot Wheels racetrack, and a brown belt; and that L.A.W. was scheduled to return home to the custody of the person(s) accused/suspected of causing his physical injuries within the next 1—2 hours.

Detective Johnston was concerned that, without further investigation via forensic interview and examination, the nature, extent, and origin of L.A.W.'s injuries could not be confirmed and L.A.W. would not be safe returning to the care and custody of the person(s) suspected and accused of causing his injuries. Detective Johnston was also concerned that L.A.W. might need immediate medical diagnosis and treatment of his injuries by a medical professional. Detective Johnston made multiple attempts to contact and involve AZDCS, but Detective Johnston was unable to connect with AZDCS. As the time for L.A.W. to return home to his suspected/accused abuser(s) was fast approaching, Detective

1  **Johnston recognized that there appeared to be sufficient time to have L.A.W. undergo the**
2  **necessary forensic interview and examination which may also exculpate L.A.W.'s**
3  **suspected/accused abuser(s), in which case it may have been determined that L.A.W. could**
4  **return home soon thereafter. The safety of L.A.W. and the prompt and thorough**
   **investigation of his injuries were Detective Johnston's primary concerns and motivations.**
5  **Also, see Detective Johnston's response to Request for Admission No. 12 above.**

6  DATED this 16th day of May 2023.

7
                                        JELLISON & ROBENS, PLLC
8
9                                       By: s/ *Mark J. Robens*
                                        James M. Jellison, Esq.
10                                      Mark J. Robens, Esq.
                                        Rodney F.W. States, Esq.
11                                      *Attorneys For the Town Defendants*

12                          **CERTIFICATE OF SERVICE**

13
14      I hereby certify that on May 16th, 2023, I electronically transmitted the attached
   document to the following:
15

16 Michael Garth Moore (023742)              Claudia Acosta Collings (021647)
   4370 N. Via Entrada Hermosa               Jennifer J. Sanders (020657)
17 Tucson, Arizona 85718                      Assistant Attorneys General
   Telephone: 888-318-0075                    claudia.collings@azag.gov
18 mike@mgmoorelaw.com                        Jennifer.sanders@azag.gov
   *Attorney for Plaintiffs*                  *Attorneys for AZDCS Defendants*
19

20 Robert Grasso, Jr. (015087)              Tom Slutes
   2250 East Germann Road, Ste. 10          4801 E. Broadway Blvd.
21 Chandler, Arizona 85286                  #301
   *Attorneys for Defendants Southern*       Tucson, AZ 85711
22 *Arizona Children's Advocacy Center,*     *Attorney for Defendant Dale Woodridge, MD*
   *Marie Fordney, Maria Garrick,*
23 *Natalie Barragan Dojaque and*
   *Morgan Rau*
24

25

26 s/ *Valerie Hall*