IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, | No. CV-21-00257-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Southern Arizona Children's Advocacy Center, et al., | |
| Defendants. | |

Pending before the Court is the DCS Defendants' Motion to Exceed Page Limitation for Motion for Summary Judgment. (Doc. 275.) Defendants seek to exceed the 17-page limitation by eleven pages "to adequately address the facts" and "present legal authority." In their lodged Motion for Summary Judgment, Defendants seek judgment on Plaintiffs' two claims of judicial deception and one claim of First Amendment Retaliation, asserting the claims are barred under the *Rooker-Feldman* doctrine and the doctrine of claims/issue preclusion. These arguments were also raised by DCS Defendants in previous motions seeking dismissal of Plaintiffs' complaints.

Upon review of the lodged Motion for Summary Judgment, the Court will deny the motion to exceed page limitations. The few issues presented in the Motion are straightforward and do not require extensive discussion. For example, the motion devotes several pages to an explanation of the *Rooker-Feldman* doctrine, a doctrine that is well established. *Rooker-Feldman* bars de facto appeals from a state court judgment, but

"where a party alleges extrinsic fraud by an adverse party in procuring a state court judgment, the *Rooker-Feldman* doctrine does not apply, because such a claim does not challenge the state court decision directly." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021) (cleaned up).  In *Benavidez*, the Ninth Circuit Court of Appeals held that the plaintiffs' claims were not a de facto appeal from the juvenile court barred by the *Rooker-Feldman* doctrine because the claims alleged that the misrepresentations by defendant social workers and further inaction by those social workers resulted in violations of the plaintiffs' constitutional rights.  *Id.*  The court noted that despite the judicial context and intermediate step of the juvenile court orders, the plaintiffs did not seek relief from or reversal of the orders.  *Id.*  The court concluded that the alleged misrepresentations by the social workers "cannot avoid scrutiny because they were successful in deceiving the juvenile court." *Id.*

The DCS motion for summary judgment spends several pages discussing the *Rooker-Feldman* doctrine, but little, if any space, addressing the alleged extrinsic fraud by Defendants in procuring the juvenile court judgments. (*See* Doc. 204, ¶ 217.)  The motion for summary judgment contains pages of general factual background, including rulings by the juvenile court, but no discussion of Plaintiffs' allegations of misrepresentations or omissions by Defendants to obtain the juvenile court rulings. The motion also does not discuss whether the juvenile court was presented with the information that Plaintiffs allege was false or omitted, or whether the Defendants dispute Plaintiffs' allegations of misrepresentations/omissions.  When the motion does address Plaintiffs' specific allegations of deception, it does so only in the argument pertaining to Issue Preclusion. (*See* Doc. 276 at 19.)  Because the motion for summary judgment contains much more than what is required to address Defendants' challenges, yet does not focus on the facts and law necessary to those challenges, the Court will deny the motion to exceed page limitation.

. . . .

. . . .

. . . .

**IT IS ORDERED** the DCS Defendants' Motion to Exceed Page Limitation for Motion for Summary Judgment (Doc. 275) is **denied.**

**IT IS FURTHER ORDERED** the DCS Defendants' Motion to File Exhibits Under Seal (Doc. 279) is **denied as moot**.

Dated this 21st day of December, 2023.

_____
Jennifer G. Zipps
United States District Judge