Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br><br>Southern Arizona Children's Advocacy Center,<br><br>      Defendants. | Case No.:  4:21-cv-00257-JGZ<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT SOUTHERN ARIZONA CHILD ADVOCACY CENTER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. Jennifer G. Zipps<br>United States District Judge |

Defendant SACAC's Motion is refreshingly brief, and so will be this response. The Motion is based both on a wrong premise and an avoidance. The avoidance is the attempt to disengage the analysis of SACAC liability from the Defendant's Medical Director's willful participation in the unconstitutional forensic medical examination, and,

1

hence, its engagement in state action. See, Motion, Doc. 273, ftnt 2. But the question of state action cannot be delinked with the evidence of policy – here, the very existence of the entity is as the vehicle for furthering criminal investigations of child abuse. Defendant impliedly concedes this and the evidence has been fully developed in Plaintiffs' Motion for Partial Summary Judgment, Doc. 289, and the supporting facts and will not be re-argued in this response.

The false premise is the Defendant's focus on the Third Amended Complaint to the exclusion of the record evidence. The Motion appears, in fact, to be written as a Rule 12(b)(6) motion, as if there is no record, and Defendant could not be on notice of what it must defend. But even that premise is mistaken.

Defendant quotes from parts of the Third Amended Complaint [hereafter, "TAC"], and concludes that "there is no admissible evidence of any policy on the part of SACAC … because the Protocols [the Pima Count Protocols for the Multidisciplinary Investigation of Child Abuse] do not contain the policy alleged by Plaintiffs." Doc. 273, 5:20-22. From this, one would believe that the Complaint rested entirely on allegations regarding the Protocols. But not so. As alleged in ¶6 of the TAC, "It is the policy of SACAC, to conduct the strip searches and invasive medical examinations for the purpose of obtaining evidence of the crime of child abuse without custodial parental notice or consent, and without first securing a court order." The TAC then alleges, in ¶¶164 and 169, that Defendants Fordney and Woolridge had "reviewed the Pima County Protocols *and internal SACAC protocols and policies* under which the examination was

conducted,…" (emphasis added). As is addressed *infra,* the Protocols memorialize the entity's status as an arm of the state. Longstanding practice, custom and usage constitute the policy under which the investigative actions are accomplished.

As this Court is no doubt aware from a review of the Memorandum of Points & Authorities underlying the Motion for Partial Summary Judgment against Defendant Dale Woolridge, Doc. 285, and accompanying Statement of Facts, Doc. 286, a focus of Plaintiff's discovery as to SACAC and Woolridge was development of the record of the longstanding custom and practice alleged. As developed in the argument on the *Monell* liability of SACAC, Doc. 289, even if this longstanding practice, custom and usage of collaboration with law enforcement to find and fix evidence of criminal child abuse conflicts with written policies of the entity [which, of course, it does not], the Defendant would enjoy no immunity from liability.

The Protocols establish the SACAC's status as an arm of the state law enforcement authorities in these investigations. Defendant concedes the Protocols are silent as to the constitutional question answered in *Wallis*[1]: may a child lawfully be subjected to a forensic medical examination without parental notification and consent, or a court order? In that vacuum, the standard operating procedure of the SACAC constitutes the policy.

There must be no mistake: this intrusive, invasive examination for evidence of a crime -- a constitutional violation under these facts -- could not have happened without

---

[1] *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000).

the collaboration of Defendant Woolridge, who was following the Defendants' longstanding practice of non-notification to parents.

Implicit in the Defendant's argument is the plea that, since law enforcement is the only source of referrals for examinations, and law enforcement signs off on the authorization, SACAC's forensic examiners are powerless to refuse. There is no authority brought to the Court's attention for this argument, such as it is, because there is none. Neither Dr. Woolridge, nor his Associate Medical Directors are compelled to conduct these examinations without parental notification nor consent. The law is inarguably clear: the examiners voluntarily engage in these hundreds of unconsented examinations knowing that their purpose is to identify and collect evidence of criminal misconduct. As such, the examiners *are* law enforcement officers, without whose expertise the examinations cannot go forward, and the constitutional violations do not occur. This is SACAC's longstanding practice, and the Court must deny the Motion for Summary Judgment.

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on January 8, 2024. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,

/s/ Michael Garth Moore