KRISTIN K. MAYES
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
Assistant Attorney General
416 West Congress, 2nd Floor
Tucson, Arizona 85701-1315
(520) 638-2815 • Fax (520) 628-6050
Claudia.Collings@azag.gov

JULIE M. RHODES (016313)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-3393
Julie.Rhodes@azag.gov

Attorneys for DCS Defendants Francisco,
Talamantes, Orozco, Noriega, Encinas & Sheldon

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Southern Arizona Children's Advocacy Center, et al., <br><br> Defendants. | No. CV-21-00257-TUC-JGZ <br><br> **DCS DEFENDANTS' RESPONSE TO MOTION TO INTERVENE RE: PROTECTIVE ORDER AND PUBLIC ACCESS TO CONFIDENTIAL RECORDS (DOC. 291)** |

Department of Child Safety ("DCS") Defendants Talamantes, Francisco, Encinas, Sheldon, Noriega, and Orozco ("DCS Defendants"), through counsel, object to David M. Morgan's Motion to Intervene in Order to Object to Protective Orders and Other Efforts to Restrict Public Access (Doc. 291). This Response is supported by the Protective Order (Doc. 97, 98; 116), the juvenile court order for the release of dependency and court records, the Defendants' previously filed Motions to Seal (Doc. 279, 281), and the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Background.

Plaintiffs were involved in a state-court dependency action after the Sahuarita Police Department ("SPD") and the Department of Child Safety ("DCS) received reports on December 16, 2020, from mandatory reporters at L.A.W.'s grade school that L.A.W. may have been subjected to physical abuse. SPD transported L.A.W. to the Southern Arizona Child Advocacy Center ("SACAC") where he participated in a forensic interview and medical examination. SPD and DCS conducted independent investigations. After multiple contested hearings, the juvenile court adjudicated the child dependent, and the dependency remained open and monitored by the juvenile court until it was dismissed on October 14, 2021.

On June 28, 2021, Plaintiffs filed this lawsuit while the dependency action was still pending. (Doc. 1.) After the dependency was dismissed, Plaintiffs filed their First Amended Complaint adding, in part, the DCS Defendants. (Doc. 15.) In anticipation of litigation and the need for the juvenile court records, counsel for the DCS Defendants filed a motion for the release of juvenile dependency and court records in state court, which the juvenile court granted. (Doc. 281-1, Exhibit 1 to Defendants' Motion to Seal, Order for the Release of Juvenile Dependency and Court Records, filed 12/20/2021.) The presiding judge of the juvenile court, Judge Peter Hochuli, also ordered that "[a]ny record of the Pima County Juvenile Court shall be filed under seal if attached as an exhibit to any pleading to maintain the confidentiality of the records." (*Id.* at 2.)

Plaintiffs previously filed a Waiver of Privacy Rights of Minor's Name containing the minor child's full name (Doc. 18-1), but this Court ultimately ordered that that document be filed under seal (Doc. 54).

On January 6, 2023, the DCS Defendants filed a Motion for Protective Order Regarding Confidential Information (Doc. 95), which the Court granted after hearing no

objection from the parties (Doc. 97).  This Court found good cause existed and entered the Protective Order (Doc. 98), on January 12, 2023, and amended it on March 7, 2023 (Doc. 116).

Plaintiffs have lodged proposed exhibits under seal for their proposed partial summary-judgment motion (Doc. 270, 271), which the Defendants agree should be sealed (Doc. 281).  On December 26, the Court denied Defendants' Motion to File Exhibits under Seal (Doc. 279) as moot (Doc. 290) when it denied their Motion to Exceed Page Limitation for their lodged Motion for Summary Judgment..  Two days later, proposed intervenor filed his Motion to Intervene in Order to Object to Protective Orders and Other Efforts to Restrict Public Access.  (Doc. 291.)

The Defendants incorporate by reference their previously filed Motion for Protective Order (Doc. 95) and Motions to Seal (Doc. 279, 281) in support of their objection to proposed intervenor's request to grant public access to all filings and exhibit.

**II.	The Motion to Intervene Is Procedurally Defective and Untimely.**

Rule 24 of the Federal Rules of Civil Procedure provides, upon a timely motion, either intervention of right or permissive intervention.  The proposed intervenor seeks to intervene to "allow him to retain counsel and prepare arguments objecting to protective orders and efforts to restrict access to court documents in this matter."  (Doc. 291 at 2.) As more fully explained below, proposed intervenor has failed to satisfy any of the elements for intervention as of right or for permissive intervention.

**A. The Applicant May Not Intervene as a Matter of Right.**

Federal Rule of Civil Procedure 24(a), regarding Intervention of Right, provides:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

3

Proposed intervenor does not provide the basis for his request to intervene nor does he satisfy the elements under Rule 24(a).  His Motion is devoid of any federal statute that allows him an unconditional right to intervene.  Moreover he fails to claim any interest in any property or transaction that is the subject of this civil rights action.  The Motion does not claim to satisfy any of the elements for intervention as of right.  Because the Motion fails to make clear how the proposed intervenor has a right to intervene under Rule 24(a), the Court should deny the Motion on this basis.

### B. The Court Should Deny Permissive Intervention.

Federal Rule of Civil Procedure 24(b) authorizes, but does not require, a court to allow intervention.  The rule states:

> (1) *In General.*  On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> * * *
> (3) *Delay or Prejudice.*  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Rule 24(b) may also be used to seek permissive intervention for the purpose of challenging a protective order.  *Beckman Industries, Inc. v. International Ins. Co.,* 966 F.2d 470, 473 (9th Cir. 1992).  Such limited-purpose motions to intervene must be timely.  *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995). When determining the timeliness of a motion to intervene, this circuit looks at: 1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of the delay.  *County of Orange v. Air California,* 799 F.2d 535, 537 (9th Cir.1986).  Whether a party is allowed to intervene is distinct from the issue of whether a party's motion to challenge a protective order or to unseal documents should be granted.  *Mineworkers' Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 647 (9th Cir. 2018).  A court may deny permissive

intervention to avoid circumvention of a court's prior rulings. *Id.* at 646. "Even if an applicant satisfies [the] threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

Here, the proposed intervenor does not satisfy the elements for permissive intervention under Rule 24(b). The Motion lacks any reference to any federal statute that allows him a conditional right to intervene. The Motion also fails to provide any claim or defense that the proposed intervenor shares with the main action a common question of law or fact. His focus is on the public's right of access to court records, but he fails to address the impact, delay, or prejudice intervention will have on the Plaintiffs or Defendants in this case. Indeed, he seeks to delay these proceedings by asking this Court for permission to retain counsel and later object to the protective orders and efforts to seal documents. The Court already properly found that good cause existed to enter the Protective Order. (Doc. 98.) Allowing a non-party to intervene to relitigate a protective order or challenge the sealing of documents would delay this litigation by detracting from the parties' focus of completing discovery and filing dispositive motions. Allowing intervention may cause other non-parties to intervene and result in other litigation wholly unrelated to the remaining causes of action at issue here.[1] "The intervention rule is ... not intended to allow the creation of whole new lawsuits by the intervenors." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).

Additionally, the proposed intervenor has not explained when or how he became apprised of this litigation to explain why his Motion is not untimely. He has no

---

[1] Proposed intervenor David M. Morgan is no stranger to litigation regarding the First Amendment and access to court proceedings. *Morgan v. Dickerson*, 253 Ariz. 207 (2022) (holding that the First Amendment does not provide the press or public with a qualified right to access jurors' names); *Morgan v. Dickerson,* 252 Ariz. 14 (App. 2021) (vacated in part) (affirming order denying motion to unseal jurors' names); *State v. Rojas* 247 Ariz. 399 (App. 2019) (affirming order for new trial after journalist posted images of the jury on social media); *Morgan v. Cochise County Board of Supervisors,* 859 Fed.App'x 214 (9th Cir. 2021) (affirming dismissal of § 1983 action alleging First Amendment violations).

explanation for why he waited to file a motion to intervene to challenge a protective order that was granted and entered in January 2023, one year ago.  And although he seeks permission to retain counsel to object to the protective order, he does not provide a reason for this Court to reconsider its prior orders and require the parties to relitigate that issue.  Nor has he provided any justification that he is entitled to access confidential juvenile dependency and DCS records on his own before seeking such access and publication here.

Proposed intervenor relies on *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606 (1982) for the proposition that the public has a right of access to judicial proceedings and court records. (Motion at 1.)  His quotation is incomplete and his reliance is misplaced.  The Supreme Court in *Globe Newspaper Co.* confirmed that "the press and general public have a constitutional right of access to *criminal* trials." 457 U.S. at 603 (emphasis added).  It further explained that "[a]lthough the right of access to *criminal* trials is of constitutional stature, it is *not absolute*." *Id.* at 606 (emphasis added); *cf. Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (noting access to judicial records in civil cases is not absolute).  Thus, *Globe Newspaper Co.* does not hold that a proposed intervenor has an unfettered right to intervene in a civil action to inspect confidential dependency-related documents and disclose them to the public.  This Court has broad discretion to rule on a motion for permissive intervention so long as a denial is not based on the premise that the public has no right to access judicial records in civil cases.  *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1102-03 (9th Cir. 1999).  Thus, even if the public has a right to access judicial records, that does not guarantee a member of the public may intervene in this case.  The proposed intervenor has not provided authority that would allow him to intervene in a case such as this one where good cause and compelling interests abound to protect confidential juvenile court records, nor has he established why this Court should grant him permission to intervene in this case.

### III. Conclusion.

Based on the foregoing, Defendants respectfully request that the Court deny the Motion to Intervene (Doc. 291) and grant such other and further relief as to it seems just and proper.

RESPECTFULLY SUBMITTED this __12th__ day of January, 2024.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

/s/Claudia Acosta Collings
CLAUDIA ACOSTA COLLINGS
JULIE M. RHODES
Assistant Attorneys General
Attorneys for Defendants Francisco, Talamantes, Orozco, Noriega, Encinas & Sheldon

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 12th day of January, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael Garth Moore
mike@mgmoorelaw.com
*Attorney for Plaintiffs*

Tom Slutes
Slutes, Sakrison & Rogers, P.C.
Tslutes@sluteslaw.com
*Attorneys for Defendant Dale Woolridge, MD*

Robert Grasso, Jr.
Pari K. Scroggin
Grasso Law Firm, P.C.
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
*Attorneys for Defendants Southern Arizona Children's Advocacy Center & Marie Fordney*

s/slf
11819334

7