Tom Slutes, Esq.
**SLUTES, SAKRISON & ROGERS, P.C.**
4801 E. Broadway, Suite 301
Tucson, Arizona 85711
Telephone: (520) 624-6691
Facsimile: (520) 791-9632
Tslutes@sluteslaw.com
State Bar No. 001212
*Attorneys for Defendant Dale Woolridge, MD*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, Irlanda Wright, LAW, a minor, LW, a minor, MG-Z, a minor, and MW, a minor<br><br>Plaintiffs,<br><br>Vs.<br><br>Southern Arizona Children's Advocacy Center, an Arizona corporation, Marie Fordney, Dale Woolridge, MD, Marie Garrick, Natalie Barragan Dojaque, Morgan Rau, The Town Council of the Town of Sahuarita, Arizona, Thomas Johnston, Melina Carrizosa and Christin Pelayo<br><br>Defendants. | No. 4:21-cv-00257-JGZ<br><br><br>**DEFENDANT DALE WOOLRIDGE, M.D.'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>(Assigned to Hon. Jennifer G. Zipps) |

Dale Woolridge, M.D. hereby moves for summary judgment under Federal Rules of Civil Procedure 56 on all counts of Plaintiff's Third Amended Complaint. This motion is supported by Dr. Woolridge's Statement of Facts and the following Memorandum of Points and Authorities. Dr. Woolridge also adopts by reference, the Motion for Summary Judgment filed herein by the Defendant Southern Arizona Children's Advocacy Center because the arguments presented by the Defendant SACAC are substantially similar to the arguments that will be presented by Dr. Woolridge.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Defendant Southern Arizona Children's Advocacy Center (SACAC) has filed a Motion for Summary Judgment. The examination, the forensic interview and the medical examination conducted on L.A.W. was requested and authorized by Detective Johnston of the Sahuarita Police Department. The arguments and reason in support of the Motion for Summary Judgment of SACAC also apply to Dr. Woolridge. He conducted a medical examination at SACAC, which was authorized by the Pima County Protocols for the Multi-Disciplinary Investigation of Child Abuse and by a consent form signed by Detective Johnston as guardian of the minor.

Accordingly, Dr. Woolridge adopts by reference all arguments made by SACAC in support of its Motion for Summary Judgment and also adopts by reference the Statement of Material Facts and Exhibits offered in support of the Motion.

There is an additional issue that applies to Dr. Woolridge. Plaintiff's counsel asserts that Dr. Woolridge is a "state actor" which, if true, would potentially subject him to liability for any violation of a citizen's constitutional rights. The Court is aware of the fact that the issue of whether an individual is a state actor or not is generally considered to be a question of fact. If this case were to proceed to trial, then Dr. Woolridge would be offering evidence in support of the proposition that he has never been a state actor and was not a state actor when he examined L.A.W.

However, that issue is moot. Even assuming, arguendo, that Dr. Woolridge was a state actor when he performed the examination, he was clearly entitled to immunity by reason of A.R.S. §13-3620. (A.R.S. §13-3620 is attached as Exhibit "A" to the Pima County Protocols).

A copy of A.R.S. §13-3620 is attached to this Motion as an exhibit. That statute provides that various professions and occupations, such as nurses, school personnel, social workers, etc. who has reason to believe that a minor is or has been a victim of

2

abuse, <u>has the obligation</u> to immediately report that observation to a peace officer or to a child protective services representative.

The statute further provides that any person who is required to receive reports pursuant to subsection A of the statute may take or cause to be taken, photographs of the minor and the vicinity involved. Medical examinations of the involved minor may be performed.

A.R.S. §13-3620 J provides: "A person who furnishes a report, information or records required or authorized under this section, or a person who participates in a judicial or administrative proceeding or investigation resulting from a report, information or records required or authorized under this section is immune from any civil or criminal liability by reason of that action unless the person acted with malice or unless the person has been charged with or is suspected of abusing or neglecting the child or children in question."

In this case, clearly, Dr. Woolridge was a person "participating in a judicial or administrative proceeding or investigation resulting from a report," at the request of Detective Johnston. Accordingly, Dr. Woolridge is immune pursuant to statute from any civil or criminal liability.

In the case of *L.A.R. v. Rosemarie Ludwig and others*, 170 Ariz. 24 (CA 1991), 821 P. 2d 291 the father, individually and on behalf of his children, brought an action against the children's behavioral counselor for damages resulting from the counselor's reporting of the alleged sexual abuse of Plaintiff's children. The Arizona Court of Appeals held that A.R.S. §13-3620 provided immunity for the behavioral counselor. The Court quoted the statute which, as stated above, provides that any person participating in the program authorized by Child Protective Services shall be immune from any civil or criminal liability, unless the person acts with malice. The Court said: "We agree with the characterization of this language as an 'classic definition of qualified immunity'."

1  The Court went on to say that under *Roscoe v. Schoolitz*, 1056 Ariz. 310, 314, 464 P. 2d 333, 337 (1970), the presumption is that a person acted in good faith with proper motives.

In this case, the Plaintiff has produced no evidence whatsoever that Dr. Woolridge acted with malice and he certainly wasn't a person charged with or suspected of abusing or neglecting the child.

Accordingly, even if Dr. Woolridge could be considered a "state actor" A.R.S. §13-3620 provides him with immunity from civil or criminal liability for his actions in performing a medical examination on L.A.W.

Dr. Woolridge respectfully requests that the Motion for Summary Judgment in his favor be granted.

Dated this 17th day of January, 2024.

SLUTES, SAKRISON & ROGERS, PC

By  /s/ Tom Slutes_____
Tom Slutes
Attorneys for Defendant Woolridge

Copy of the foregoing e-mailed this 17th day of January, 2024 to:

Michael Garth Moore
6336 North Oracle Road, Suite 326
P. O. Box 119
Tucson, AZ 85704
mike@mgmoorelaw.com
   *Attorney for Plaintiffs*

Robert Grasso, Jr.
Jenna V. Mandraccia
Michael B. Smith
Grasso Law Firm, P.C.
2250 East Germann Road, Ste. 10
Chandler, Arizona 85286
rgrasso@grassolawfirm.com
jmandraccia@grassolawfirm.com
msmith@grassolawfirm.com
   *Attorneys for Southern Arizona Children's Advocacy Center*

Claudia Collings
Julie M. Rhodes
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson, AZ 85701
Julie.Rhodes@azag.gov
Claudia.Collings@azag.gov
   *Attorneys for Defendants Orozco, Francisco, Noriega, Encinas, Talamantes, & Sheldon*

# EXHIBIT A

Tom Slutes, Esq. (SBN #1212)
**SLUTES, SAKRISON & ROGERS, P.C.**
4801 E. Broadway, Suite 301
Tucson, Arizona 85711
Telephone: (520) 624-6691
Facsimile: (520) 791-9632
Tslutes@sluteslaw.com
*Attorneys for Defendant Dale Woolridge, MD*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, Irlanda Wright, LAW, a minor, LW, a minor, MG-Z, a minor, and MW, a minor<br><br>Plaintiffs,<br><br>Vs.<br><br>Southern Arizona Children's Advocacy Center, an Arizona corporation, Marie Fordney, Dale Woolridge, MD, Marie Garrick, Natalie Barragan Dojaque, Morgan Rau, The Town Council of the Town of Sahuarita, Arizona, Thomas Johnsston, Melina Carrizosa and Christin Pelayo<br><br>Defendants. | NO. 4:21-CV-00257-JGZ<br><br>**AFFIDAVIT OF DALE WOOLRIDGE, MD**<br><br>**(Assigned to Hon. Jennifer G. Zipps)** |

STATE OF ARIZONA    )
                    ) ss
COUNTY OF PIMA      )

Dale Woolridge, M.D. being first duly sworn, deposes and says:

1. I am a medical doctor practicing in Pima County, Arizona. Currently I am part-time at Banner University Medical Center in the department of Emergency Medicine and Pediatrics. I am a Board-Certified Pediatrician.

2. Since 2007, I have also acted as Medical Director of Southern Arizona Children's Advocacy Center (SACAC).

3. SACAC is a member of National Children's Alliance, a national organization dedicated to the welfare and health of children and to reduce potential trauma to children and their families. A functioning and efficient multi-disciplinary team (MDT) is the foundation of Children's Advocacy Centers and it is composed of representatives from law enforcement, child protective services, prosecution, medical, mental health, and victim advocacy, among other endeavors.

4. I am aware of the "Pima County Protocols" for the multi-disciplinary investigation of child abuse and that they were developed from a collaborative effort of governmental and non-governmental agencies that work with child victims and witnesses, and are often offered as a model for handling child abuse cases in Pima County. They provide guidelines to assist those who investigate and work with child abuse and domestic violence in reducing the secondary trauma that is often associated with such investigations.

5. It is my understanding that the Pima County Task Force's protocol for the interagency investigation of child abuse in Pima County came into existence in 1993, has been revised at various times and its most recent version is dated from October 2014. The protocols state that Pima County is committed to the use of children's advocacy centers and location of relevant agencies in the investigation and prosecution of cases of child mal-treatment.

6. Children may be brought to SACAC for an evaluation and determination if the child has been subject to abuse, but the child may obtain services at SACAC with a referral from law enforcement or DCS.

7. I have been asked to perform medical examinations on children brought to SACAC and have done so.

8. From 2007 when I became Medical Director, through 2019, I estimate that I have conducted 3-4 medical examinations per month on children brough tto SACAC. At no time prior to performing a medical examination on "L.A.W." had anyone suggested

to me, nor had I heard or read anything about an allegation that these protocols were in any way in violation of law or in violation of any provision of the Arizona State Constitution or the United States Constitution. Up to the filing of this lawsuit, no such suggestion had been made to me. It has been my belief because of the problems involving child abuse and child mal-treatment constantly occurring, that the protocols set up by Pima County, the Pima County Protocols, and the standards promulgated by the National Children's Alliance are necessary and valuable and should be supported and encouraged.

9. When Detective Johnston brought L.A.W. to the SACAC and requested that I perform a medical examination on him, Detective Johnston signed a consent for the examination as legal guardian. It is my understanding that based upon the protocols and the applicable statutes, that Detective Johnston was acting in conformity with law. I had no reason to think otherwise.

Further, Affiant sayeth naught this 12 day of January, 2024.

By _____
Dale Woolridge, MD

STATE OF ARIZONA   )
                   ) ss.
COUNTY OF PIMA     )

The foregoing Affidavit of Defendant Dale Woolridge, M.D. was subscribed and sworn to before me this 12 day of January, 2024 by DALE WOOLRIDGE, M.D.

Notary Public
My Commission Expires:

February 28, 2026



TIANI WRIGHT
Notary Public - State of Arizona
PIMA COUNTY
Commission # 624462
Expires February 28, 2026

