**GRASSO**
— LAW FIRM —
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Pari K. Scroggin, Bar No. 015288
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
   Attorneys for Defendant Southern
   Arizona Children's Advocacy Center

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright; Irlanda Wright; L.A.W., a minor, by his Father and Next Friend Brian Wright; MG-Z, a minor, by his Mother and Personal Representative, Irlanda Wright;<br><br>                          Plaintiffs,<br><br>    vs.<br><br>Southern Arizona Children's Advocacy Center, an Arizona corporation; Marie Fordney; Dale Woolridge, M.D.; Thomas Johnston; Melina Carrizosa; Christine Pelayo; Gerardo Talamantes; Meghean Francisco; Joana Encinas; Jeanette L. Sheldon; Betina Noriega; and Michelle Orozco,<br><br>                          Defendants. | Case No. 4:21-cv-00257-JGZ<br><br>**DEFENDANT SOUTHERN ARIZONA CHILDREN'S ADVOCACY CENTER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant Southern Arizona Children's Advocacy Center ("SACAC"), by and through undersigned counsel, hereby submits its Reply in Support of its Motion for Summary Judgment ("Motion"). In the responsive memorandum, Plaintiffs make factual allegation without submitting a controverting statement of facts, much less without any citations to the admissible record to support his position. Rather, Plaintiffs rely on allegations in the Third Amended Complaint, which is insufficient to avoid summary judgment. Plaintiffs simply fail to offer admissible evidence to refute that SACAC is entitled to summary judgment, as a matter of law. Thus, summary judgment must be entered in favor of SACAC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

As an initial matter, LRCiv. 56.1(b) provides:

> **(b) Controverting Statement of Facts**. Any party opposing a motion for summary judgment <u>*must*</u> file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support. No reply statement of facts may be filed.

(emphasis added.) Plaintiffs chose to ignore this requirement. Only disputes over material facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where Plaintiffs fail to submit any controverting statement of facts, there are no genuine disputed facts and the Court should deem admitted, Defendant's entire Statement of Facts. Rule 56 (e), Fed. R. Civ. P.

Additionally, Local Rule of Civil Procedure 56.1(e) provides:

> **(e) Citations in Memoranda**. Memoranda of law filed in support of or in opposition to a motion for summary judgment, … must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support of or in opposition to the motion.

LRCiv 56.1.

Plaintiffs failed to file a controverting statement of facts, much less cite to any specific paragraph in any statement of fact or even any specific evidence (because there is none.) Plaintiffs are required to present some probative evidence in order to defeat a properly support motion for summary judgment. *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968).

Plaintiffs' suggestion SACAC's Motion is "written as a Rule 12(b)(6) motion," fails to appreciate that it is a motion for summary judgment based on a lack of evidence to support elements on which Plaintiffs bear the burden of proof. A moving party is "entitled

to a judgment as a matter of law" when the "nonmoving party has failed to make a sufficient showing, as here, on an essential element of h[is] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.' Such a motion, …, will be 'made and supported as provided in this rule,' and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

SACAC's Motion is based on the lack of a SACAC policy to support the claims asserted by Plaintiffs. SACAC submitted evidence (i.e. – The Pima County Protocols) that corroborates the lack of a policy that violates constitutional rights. (SOF at ¶ 4). As set forth in SACAC's Motion, the Court previously found "Plaintiffs fail to point to any language in the protocols which authorizes interrogations, seizures, or medical exams of suspected victims of child abuse without parental consent." (Doc. 76 at 14:12-14). Thus, Plaintiffs are required to go beyond the pleadings and bear the burden of offering evidence to support that there is a genuine issue for trial as to the existence of a policy underlying his claims. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)(summary judgment cannot be defeated by relying solely on conclusory allegations plead). Plaintiffs failed to provide any such factual evidence.

Plaintiffs have mis-relied on language contained in paragraph 6 of the Third Amended Complaint that alleges a policy on the part of SACAC to conduct medical examinations without parental notice or consent. *Id.* and (Doc. 293 at 2:19-23) Paragraph 6 of the Third Amended Complaint alleges:

> …SACAC's joint criminal investigative activities, including forensic interviews and medical examinations and the gathering and processing of evidence for the benefit of law enforcement, are set forth in the Pima County Protocols for The Multidisciplinary Investigation of Child Abuse (Sixth ed., 2014) under the "Medical Protocol" and Appendix D, "Forensic Medical

Examinations" [hereafter, the "Pima County Protocols"]. The referred documents were previously appended to the Second Amended Complaint, Doc. 85-1, collectively, as Appendix A. It is the policy of SACAC, to conduct the strip searches and invasive medical examinations for the purpose of obtaining evidence of the crime of child abuse without custodial parental notice or consent, and without first securing a court order….

(Doc. 204 at ¶ 6.)  The Third Amended Complaint further alleges, "The SACAC policy and protocol designating the SACAC staff and doctors as collaborating with law enforcement and AZDCS in obtaining and documenting evidence for use in criminal and dependency proceedings, set out in Paragraph 6, above, was the moving force in all the forensic medical examinations conducted."  (Doc. 204 at ¶ 173.)  The foregoing clearly indicates the Pima County Protocols are the referenced "policy" upon which Plaintiffs' claims against SACAC are based, not a newly concocted custom and practice theory.  The Pima County Protocols simply do not contain the policy advanced by Plaintiffs and have already been found to be insufficient to support Plaintiffs' constitutional right violations claims.

Based on the foregoing, Plaintiffs now advance a custom and practice theory against SACAC to try to support a policy of violating constitutional rights.  But Plaintiffs must go beyond the pleadings to establish this elusive policy they now contend is the basis of the claims against SACAC. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989.) Plaintiffs cite no specific portion of the admissible record in support of this new policy argument.[1] Therefore, Plaintiffs fail to submit any admissible evidence in support of an essential element on which they have the burden of proof and SACAC's Motion must be granted. *United States v. Carter,* 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322.)

Furthermore, Plaintiffs argue performing an examination pursuant to a signed authorization somehow supports a policy of conducting unconstitutional examinations

---

[1] To the extent the Court is inclined to consider filings directed at another defendant referenced in Plaintiff's Response (*see* Doc. 293 at 3:5-7 (addressing Plaintiff's filings against Defendant Dale Woolridge)) despite Plaintiff failing to comply with applicable Rules in supporting his Response to SACAC's Motion, SACAC incorporates by reference its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment Against SACAC (Doc. 300) and SACAC's Controverting Statement of Facts (Doc. 301) that demonstrates no policy to support Plaintiff's claims against SACAC existed at any relevant time.

under this newly concocted policy theory, since the policy theory stated in the Third Amended Complaint has already been struck down.  However, Plaintiffs fail to consider that in conjunction with receiving a referral from law enforcement for an examination pursuant to a signed authorization, the Pima County Protocols provide that the notification responsibility, if any, rests on the "referring source", not the facility where the examination is performed.  (SOF, Doc. 274 a ¶ 4, p. 3:6-7.)  This quite simply supports that safeguards are in place to avoid a SACAC policy of conducting unconstitutional examinations. It further refutes that any purported policy (as to SACAC) alleged by Plaintiffs could amount to a "policy amount[ing] to a deliberate indifference to plaintiff's constitutional right" or the "policy [being the] moving force behind the constitutional violation." *See Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (setting forth the foregoing elements to a *Monell* claim); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

      Finally, Plaintiffs spend a significant portion of their Response addressing state action, although they fail to cite any legal authority in support of this state action argument. The basis of SACAC's Motion for Summary Judgment does not include anything on the issue of state action. *See* Doc. 273 at p.4, fn.2.  Thus, a state action analysis (as presented by Plaintiffs) is irrelevant to SACAC's Motion.

      Based on the foregoing, Plaintiffs failed to submit <u>*any*</u> admissible evidence of the SACAC policy alleged in their Third Amended Complaint that caused the constitutional right violations asserted in the claims against SACAC, which is required to sustain their § 1983 claims stated in Claims Seven and Eight.  There are no genuine issues of material fact for the Court to consider. Therefore, SACAC is entitled to summary judgment as a matter of law on Claims Seven and Eight, disposing of all claims against SACAC in its entirety in this lawsuit.

/ / /

/ / /

RESPECTFULLY SUBMITTED this 23rd day of January, 2024.

**GRASSO LAW FIRM, P.C.**

By  /s/ Pari K. Scroggin
Robert Grasso, Jr.
Pari K. Scroggin
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
Attorneys for Defendant Southern
Arizona Children's Advocacy Center