Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al., | Case No.: 4:21-cv-00257-JGZ |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DALE WOOLRIDGE'S MOTION FOR SUMMARY JUDGMENT [DOC. 297]** |
| Southern Arizona Children's Advocacy Center, | |
| Defendants. | |

Now comes Plaintiff Brian Wright, on his behalf, and that of his minor son, L.A.W, and submits argument in opposition to Defendant Woolridge's Motion for Summary Judgment.

Plaintiffs do not submit a Controverting Statement of Facts, in that Defendant did not do so. Nor, indeed, is one necessary.

1

The only argument advanced by Defendant Woolridge is that his conduct is immunized by Arizona law: "[e]ven assuming, arguendo, that Dr. Woolridge was a state actor when he performed the examination, he was clearly entitled to immunity *by reason of A.R.S. §13-3620.* Motion, Doc. 297, 2:20-23 (emphasis added).

Doctor Woolridge's argument might have had some merit if the Plaintiffs asserted violations of state law. We do not. State law cannot immunize state actors against Section 1983 liability and this has been long established.

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise . . . . The immunity claim raises a question of federal law.

*Martinez v. California*, 444 U.S. 277, 284 n.8 (1980).

Applying *Martinez*, the Ninth Circuit in *Wallis v. Spencer* 202 F.3d 1126, 1141 (9th Cir. 2018) (citing *Martinez*, 444 U.S. at 284) stated that state statutory immunities do not apply to federal constitutional claims under Section 1983:

> It appears that the district court also applied state statutory immunities for child abuse investigations to the federal constitutional claims and concluded that the City is immune from a § 1983 action under a state immunity statute. Again, the district court erred. Immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations.

On the same facts as found in the instant case, liability of private health care providers under Section 1983 for conducting genital examinations of children at the request of law enforcement when no allegation of sexual abuse had been made, the court in *Doe v. Regents of the Univ. of California,* 2006 U.S. Dist. LEXIS 65035 (E.D. Cal.

2

August 29, 2006) rejected the same claim of immunity. The defendants asserted immunity under California statutes which provide the same immunity as the Arizona law quoted by Defendant Woolridge. After addressing *Wallis*'s ruling and reasoning, and stating that it was bound by that authority, the court added:

> Furthermore, allowing a state immunity statute to bar claims under federal laws would violate the Supremacy Clause, which prevents a state from immunizing entities or individuals alleged to have violated federal law. Were it otherwise, "a state legislature would be able to frustrate the objectives of a federal statute." Wade v. Pittsburgh, 765 F.2d 405, 407-408 (3d Cir. 1985) (citations omitted).

*Id.,* at **18-19.

Defendant's argument is dead on arrival and the Motion must be denied.

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on January 29, 2024. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,

/s/ Michael Garth Moore