KRISTIN K. MAYES
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
Assistant Attorney General
416 West Congress, 2nd Floor
Tucson, Arizona 85701-1315
(520) 638-2815 • Fax (520) 628-6050
Claudia.Collings@azag.gov

JULIE M. RHODES (016313)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-3393
Julie.Rhodes@azag.gov

Attorneys for Defendants Francisco, Talamantes, Orozco, Noriega, Encinas & Sheldon

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Southern Arizona Children's Advocacy Center, et al.,<br><br>　　　　Defendants. | No. CV-21-00257-TUC-JGZ<br><br>**PARTIES' JOINT STATEMENT OF DISCOVERY DISPUTES** |

Defendants Francisco, Talamantes, Orozco, Noriega, Encinas, and Sheldon and Plaintiffs hereby file the Joint Statement of Discovery Issues for the Court's consideration. This dispute is regarding Plaintiffs' requested topics for a Rule 30(b)(6) deposition of a DCS representative. The parties have conferred through respective counsel but were unable to resolve all of the issues. The parties outline their positions regarding the remaining issues in dispute for the Court's consideration.

**Defendants' Position:**

Plaintiffs initially requested the following nine Topics and two requests for production of documents ("RFP") for the deposition of the Department of Child Safety ("DCS") 30(b)(6) representative currently scheduled March 14, 2024 from 9:00-1:00.

Topic 1: Training of staff on legal and applied definitions of abuse in the period 2015-2020.

Topic 2: Training of staff on utilizing mandated report interview questions in the period 2015-2020.

Topic 3: Training of staff on obligation to ensure due process to parents and children during Department involvement in investigation and dependency proceedings in the period 2015-2020.

Topic 4: Training of staff on the federal constitutional amendments applicable to parental rights in the period 2015-2020.

Topic 5: Training of staff on the process of civil rights actions brought against staff in the period 2015-2020.

Topic 6: Training of DCS staff in federal funding, Title IV-E in the period 2015-2020.

Topic 7: Aggregate amounts of federal funds received by the Department, or the State, under Title IV-E in the years 2016, 2017, 2018, 2019, and 2020.

Topic 8: Testimony intended by Defendants to be proffered by designated Department representative, Defendants' Tenth Supplemental Disclosure ¶ 39, December 14, 2023.

Topic 9: Training of staff in trauma of separation of child and parent and the stages of grief.

Production 1. Policy on supervision of staff in effect in 2020-2021, currently in DCS Policy Chapter 7, Section 14.

Production 2. Documents provided by representatives of the Arizona Attorney General to DCS staff regarding constitutional provisions applicable to the Department investigators and on-doing case manages, civil rights processes and

procedures, and documents used in such training, collected by Executive Director Kylah Ross-Mount, for the period 2015-2020.

Defendants responded that Topics 1-7 and 9 are acceptable to the extent the questions are directed to training given to the individually named Defendants as outlined in the prior court order. (Doc. 215 n. 2).[1] Plaintiffs agreed to withdraw Topic 7 and RFP 2. Defendants agreed to RFP 1 and proposed the following revisions to Topics 1-7 and 9.

Topic 1: Training received by the six named Defendants on legal and applied definitions of abuse.

Topic 2: Training received by the six named Defendants on utilizing mandated report interview questions.

Topic 3: Training received by the six named Defendants on obligation to ensure due process to parents and children during Department involvement in investigation and dependency proceedings.

Topic 4: Training received by the six named Defendants on the federal constitutional amendments applicable to parental rights.

Topic 5: Training received by the six named Defendants on the process of civil rights actions brought against staff.

Topic 6: Training received by the six named Defendants of DCS staff on federal funding, Title IV-E.

~~Topic 7: Aggregate amounts of federal funds received by the Department, or the State, under Title IV-E in the years 2016, 2017, 2018, 2019, and 2020.~~

Topic 9: Training received by the six named Defendants in trauma of separation of child and parent and the stages of grief.

Production 1. Policy on supervision of staff in effect in 2020-2021, currently in DCS Policy Chapter 7, Section 14.

~~Production 2. Documents provided by representatives of the Arizona Attorney~~

---

[1] The training materials at issue are relevant only if they were provided to the individual DCS Defendants.

~~General to DCS staff regarding constitutional provisions applicable to the Department investigators and on doing case manages, civil rights processes and procedures, and documents used in such training, collected by Executive Director Kylah Ross-Mount, for the period 2015-2020.~~

Topic 8 remains at issue. Defendants continue to object based on the following reasons, which were conveyed to Plaintiffs on January 31, 2024, and requesting that they revise their request.

Topic 8: Testimony intended by Defendants to be proffered by designated Department representative, Defendants' Tenth Supplemental Disclosure ¶ 39, December 14, 2023.

Per Rule 30(b)(6) the notice "must describe with reasonable particularity the matters for examination" and this language lacks specificity and is overly broad. *See DarbeeVision, Inc. v. C&A Mktg., Inc.*, No. CV 18-0725 AG (SSX), 2019 WL 2902697, at *7 (C.D. Cal. Jan. 28, 2019); Rule 30(B)(6) Fed. R. Civ. P.  Second, the information sought is not "known or reasonably available to the entity" because the DCS representative has no knowledge about testimony intended by "Defendants".

Third, the current wording is asking for legal conclusions and attorney work product which is also not available to the organization.  Essentially, they are requesting a DCS representative articulate the theory and defense of the lawsuit, which she is not in a position to do, nor is it discoverable.  Work product is protected under Rule 30(b)(6) depositions to shield against, "mental impressions, conclusions, opinions or legal theories." *Schrieb v. American Family Mut. Ins. Co.,* 304 F.R.D. 282, 288 (W.D. Wash. 2014).  DCS as an organization is not asserting a legal defense in the trial and they are not a party to the proceedings.  Instead, the Arizona Attorney General's office is asserting the defense for the individual Defendants and there exists no "representative" at DCS that can testify to all legal defenses or testimony that individual Defendant's intends to make at trial.  The 30(b)(6) witness would not be privy to the intended testimony of the individual

Defendants that have already deposed or are in the process of deposing.

Plaintiffs' argument that questioning a 30(b)(6) witness is the same in scope and purpose as questioning their standard-of-care expert, Timothy Turner, is misplaced. Defendants are free to question Mr. Turner on his knowledge and opinions regarding DCS training, policy, and procedure and other opinions contained in his authored report. That is distinct from Plaintiffs' attempt to broadly question a 30(b)(6) witness on "testimony intended by Defendants."

Defendants identified a DCS representative to testify regarding training, policies, and procedures in their six supplement disclosure statement dated July 14, 2023, for two reasons. First, in response to Plaintiff identifying Kylah Ross-Mount, Director of Training, in their second supplemental disclosure statement. Plaintiffs identified her area of testimony to be:

> Ms. Ross-Mount is expected to have knowledge of the training given to the named Defendants, and to the content of training given. Specific areas have been disclosed to counsel.

Second, during Plaintiffs deposition of Defendant Talamantes on his familiarity with various training, policy, and procedures it became clear that Plaintiffs were insistent on securing evidence regarding global training to DCS personnel. Defendants have never identified a DCS representative as a standard-of-care expert.

Topics 1-6 and 9 have been identified by Plaintiffs' areas of concern and Topic 8 is simply a catch-all attempt to gain knowledge of DCS's overall training, policy, and procedure. As the Court recalls, the three remaining counts are two judicial deception claims and one claim for retaliation, so the extensive questioning of witnesses on training, policy, and procedure is only tangentially relevant. Additionally, this Court has already ruled that Plaintiffs need to limit their questioning to training documents received by each Defendant, not training provided globally to all DCS employees. (Doc. 200).

Defendants request Plaintiffs be prohibited from questioning the 30(b)(6) witness on Topic 8 or any similarly worded area of concern.

**Plaintiff's Position:**

In their Lay Witness Disclosure Statement of July 14, 2023, Defendants identified as a witness the "Representative for DCS regarding relevant training, policies, procedures and protocols … for DCS staff." This writer notified DCS Defendants' counsel of the intent to depose the identified representative, DCS Defendants' counsel opposed it, and this Court resolved the dispute on September 20, 2023 in a Minute Entry granting Plaintiffs four (4) hours to depose "DCS's 30(b)(6) witness regarding training policies, protocols and procedures."

This writer subsequently notified DCS counsel of the intended topics of the deposition. The deposition was deferred by Plaintiffs until all other discovery is completed, the deposition now being set for March 14, 2024. There were disputes on areas of questioning and all but one was resolved. Plaintiffs' intended area of examination in dispute is: "Testimony intended by Defendants to be proffered by designated Department representative."

DCS Defendants' counsel raises the objection that such testimony would reveal "legal conclusions and attorney work product." Further, "Essentially, you are asking for the DCS representative to articulate the theory and defense of the lawsuit, which she is not in a position to do." Defendants further state that "We are certainly free to call a DCS representative to testify in the defense of your allegations of judicial deception and retaliation…." Email, DCS Defendants' counsel Julie Rhodes, January 31, 2024.

Defendants' counsel thus affirm that they intend to call one or more designees of the Department in their defense of the claims. It is Defendants who stated their intent to call a Department designee to testify about the broad areas identified in their disclosure. Plaintiffs are entitled to discovery of what this testimony will be. If counsel have

legitimate concerns that questioning will reveal work product, they are free to object and direct the witness not to answer. Plaintiffs seek facts. The designee is not identified as an expert and, hence, will not be giving opinion testimony. There is no ground to foreclose this questioning.

RESPECTFULLY SUBMITTED this  5th  day of February, 2024.

| | |
|---|---|
| **LAW OFFICES OF MICHAEL GARTH MOORE** | **KRISTIN K. MAYES ATTORNEY GENERAL** |
| /s/Michael Garth Moore (w/permission)<br>Michael Garth Moore<br>Attorney for Plaintiffs | /s/Julie M. Rhodes<br>CLAUDIA ACOSTA COLLINGS<br>JULIE M. RHODES<br>Assistant Attorneys General<br>Attorneys for Defendants Francisco, Talamantes, Orozco, Noriega, Encinas & Sheldon |

### CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael Garth Moore
mike@mgmoorelaw.com
*Attorney for Plaintiffs*

Tom Slutes
Slutes, Sakrison & Rogers, P.C.
Tslutes@sluteslaw.com
*Attorneys for Defendant Dale Woolridge, MD*

Robert Grasso, Jr.
Pari K. Scroggin
Grasso Law Firm, P.C.
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
*Attorneys for Defendants Southern Arizona Children's Advocacy Center*

s/slf
11877135