**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al., | No. CV-21-00257-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Southern Arizona Children's Advocacy Center, et al., | |
| Defendants. | |

It appears from numerous filings on the docket that Plaintiffs are seeking the Court's permission to file unsealed, in the public record, certain exhibits containing sensitive information that Plaintiffs intend to cite in their prospective partial motion for summary judgment on Counts Seventeen and Nineteen. Unfortunately, Plaintiffs have not filed a motion requesting a ruling to that effect. Nonetheless, so as to avoid further delay, the Court will construe certain filings by Plaintiffs as motions and render a ruling.

## BACKGROUND

On December 6, 2023, Plaintiffs filed a Notice of Lodging Exhibits, (Doc. 270), and lodged a Notice of Lodging Exhibits with exhibits attached. (Doc. 271.) Although neither filing was docketed by Plaintiffs as a motion (or entitled "motion"), both filings contain a memorandum which concludes with a request that the lodged exhibits be filed in the public record. (Docs. 270, 271.) The Court will construe Doc. 270 as a motion that the lodged exhibits be filed in the public record.[1]

---

[1] Counsel must title and docket all future filings requesting action by the Court as "motions." The Court will not issue rulings on "notices" or on requests contained in lodged documents. Lodged documents are

1  DCS Defendants responded to the Notices with a Motion requesting the Court to
2  seal or strike the proposed lodged exhibits. (Doc. 281.)[2] The DCS Defendants argue that
3  the proposed exhibits are protected by the Protective Order. (Doc. 98.)

4  Plaintiffs then filed a "Notice" to withdraw the exhibits lodged at Doc. 271 (Doc.
5  286), and simultaneously lodged another document entitled "Notice of Filing Corrected
6  Exhibits." (Doc. 287.) This last "Notice" also contains a memorandum that concludes with
7  a request that the exhibits be filed in the public record. (*Id.*) Because the Notice is lodged
8  (and not filed), the request is not part of the record. The Notice was filed under seal. (*Id.*)[3]

9  The Court will construe Plaintiffs' Notice at Doc. 286, as a Motion to substitute the
10 lodged exhibits in Doc. 271 with the corrected exhibits lodged in Doc. 287. Then, in this
11 Order, the Court will address Plaintiffs' Motion to file publicly in the Court's docket, and
12 not under seal, the proposed exhibits in Doc. 287. (Doc. 270.)

13 **DISCUSSION**

14 On January 12, 2023, the Court issued a Protective Order, which governs the
15 disclosure and production of confidential materials in this case. (Doc. 98.) The Protective
16 Order states "confidential records, files…dependency proceedings, family court
17 proceedings, depositions, or police records… along with the information they contain are
18 to be treated as protected and confidential." (*Id*. at ¶ 3.) The Order directs: "If confidential
19 information is identified or otherwise referred to in pleadings, or if it is attached as exhibits

---

not part of the record until the Court orders, upon request, that the lodged documents be filed.

[2] The Court has sealed the lodged exhibits. Because they are sealed, the exhibits are not accessible to the public. Because they are lodged, they not part of the record.

[3] The Electronic Case Filing Administrative Policies and Procedures Manual, Section II, J, sets forth the proper procedure for filing documents under seal:

> Any document submitted for filing under seal…must be accompanied by a motion and proposed order authorizing such filing… In civil cases the motion to seal will be filed as a public document using the appropriate category located under the "Motions and Related Filings" header. The proposed document to be filed under seal will be lodged electronically using the "Sealed Lodged Proposed Documents" category and shall include the notation "UNDER SEAL" in the caption. If a motion to seal is granted, the judge will issue an order authorizing the electronic filing by the Clerk's Office of the lodged proposed document under seal."

No motion to seal was filed in relation to the Notice.

to pleadings or motions, the parties will seek the Court's approval to file any confidential and personally identifiable information under seal in compliance with Local Rule of Civil Procedure 5.6 and Electronic Case Filing Administrative Policies and Procedures Manual, Section II, J." (*Id.* at ¶ 7.)[4]

The Court finds that there are compelling reasons to grant the DCS Defendants' motion to seal the proposed exhibits. Plaintiffs cite *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), as the seminal case supporting their argument for inclusion of their exhibits in the public record. The court in *Kamakana* stated, "[u]nless a court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id*. at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)).

The exhibits relating to child-protection proceedings at issue here are plainly records "traditionally kept secret." Moreover, juvenile court records and Department of Child Services' records relating to dependency proceedings are protected from disclosure by Arizona law. *See* A.R.S. §§ 8-208, 8-807, and 41-1959. State laws protecting the confidentiality in child-protective cases provide a compelling basis for granting a motion to seal. *See T.T. v. Cnty. Of San Diego*, 2020 WL 6118781 (S.D. Cal. Oct. 16, 2020); *see Ingram v. Mouser*, No. 1:19-CV-00308-DCN, 2023 WL 5017011 (D. Idaho Aug. 7, 2023).

Plaintiffs cite three factors which, they submit, are dispositive and require filing of the exhibits in the public record. (Doc. 287 at 4.) "First, a civil rights plaintiff acts not only on his own behalf, but on behalf of all citizens in bringing to light misconduct or corruption of government officials." (*Id*.) Second, that a document may qualify for confidentiality under state law does not equate with privilege to withhold the document from public access in federal civil rights litigation (*Id*. at 5.) Third, confidentiality of DCS files and

---

[4] The Protective Order requires the parties to "meet and confer in good faith regarding any dispute that arises concerning information redacted from the records in accordance with Local Rule 7.2(j)," and, "[i]f the parties are unable to reach resolution," to notify the Court by telephone for the scheduling of a telephonic conference. (Doc. 98 at ¶ 7.)  The Protective Order further states: "Written briefs shall be filed only at the direction of the Court." (*Id.*)  The parties did not contact the Court regarding this dispute. Nonetheless, to move this case forward, the Court will address the parties' filings.

dependency case material is intended to protect the privacy of the family, not the State. (*Id.*)

Here, Plaintiffs seeks to file 15 exhibits in the public record. (*Id.* at 6.) Exhibits 5, 8, 22A, and 25 are reports generated during the initial investigation by the police and DCS investigators. (*Id.*) Exhibits 27, 30(a), 31, 32, 33, and 39 are related to the dependency proceedings conducted in the state court. (*Id.*) Exhibits 84, 85, 86, and 87 are DCS guides, manuals, or training material. (*Id.*) Exhibit 159 is a report from Plaintiffs' expert witness. (*Id.*)

At this time, the Court will deny Plaintiffs' motion to file the proposed exhibits in the public record. Plaintiffs' desire to have the documents accessible to the public does not outweigh the privacy interests implicated by the records. Although Plaintiffs have provided redacted versions of some of the records, the redactions are not complete, and therefore are not suitable for filing. (*See* Exhibits 5, 8, 22A, 25, 27, 30(a), and 33.) Accordingly, when Plaintiffs file their proposed partial motion for summary judgment, Plaintiffs must request to file under seal the exhibits at issue and any portion of their statement of facts or legal memorandum that contain protected information from the exhibits.[5] This is a preliminary ruling, based on information currently available to the Court, which the Court may reconsider after further review of the exhibits in relation to the parties' motions for summary judgment.

**IT IS ORDERED:**

1. Plaintiffs' Motion to File Exhibits in the Public Record (Doc. 270) is **denied**. Plaintiffs may not file the exhibits listed in Doc. 287 or documents implicated by the Protective Order in the public record.

2. Plaintiffs' Motion re Documents Lodged at Doc. 287 is **granted in part** and **denied in part**. Plaintiffs' request to substitute the exhibits lodged at Doc. 271 with the corrected exhibits lodged at Doc. 287 (Doc. 286) is **granted**. Plaintiffs' request that the exhibits lodged at Doc. 271 (Doc. 286) be

---

[5] The Court notes that not all information contained in the proposed exhibits is protected. Thus, it is not necessary that Plaintiffs make all of their filings under seal.

withdrawn is **denied** as moot.

3. Defendants' Motion to Seal (Doc. 281) is **granted** to the extent Defendants request that Plaintiffs be ordered to make any future filings of the exhibits contained in Doc. 287 under seal.

Dated this 28th day of February 2024.

_____
Jennifer G. Zipps
United States District Judge