Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br><br>Southern Arizona Children's Advocacy Center,<br><br>　　　　Defendants. | Case No.: 4:21-cv-00257-JGZ<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DCS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DOC. 329** |

**STANDARD OF REVIEW: DEFENDANTS' MOTION FAILS TO MEET THE INITIAL BURDEN OF PROOF**

As this Court previously recognized, "The party contending that an issue has been conclusively litigated and determined in a prior action has the burden of proving that contention." *Wright v. Southern Arizona Child Advocacy Center*, 2022 U.S. Dist. LEXIS 179104 *14 (D. Ariz. September 30, 2022), quoting *Airfreight Exp. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 158 P.3d 232, 238 (Ariz. Ct. App. 2007) (quoting Restatement (Second) of Judgments § 27 cmt. f (1982); *C.A.R. Transp. Brokerage Co.,Inc. v. Darden*

*Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted). Likewise, Defendants bear the burden of persuasion on all the defenses argued in their Motion.

A moving party who bears the burden of persuasion on the issue in question "must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (omitting internal quotation marks). In other words, it "must establish beyond controversy every essential element of its claim." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Hence, Defendants cannot prevail merely by suggesting, as they might if they did not bear the burden of proof, that there is an absence of evidence to support the Plaintiffs' case. *In re Oracle Corp. Securities Litig.*, 627 F.3d 376, 388 (9th Cir. 2010).

The movant on a summary judgment motion bears the initial burden of providing a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material *fact*. *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986) (emphasis added). It is at this initial point in their Motion that Defendants fail. They do not present this Court with the facts, gleaned through discovery, which bear materially on Plaintiffs' Claims. Rather, as shown in the charts which distill their contentions, Motion, pp. 12-14, 17-18, they present only allegations in the Third Amended Complaint. On summary judgment, of course, the allegations fall away and the parties must present the Court with facts. Because the Defendants have not put before the Court any facts from which they are entitled to judgment, this Court should deny the Motion without the need for any further analysis.

Plaintiffs nonetheless have, in their Controverting Statement of Facts, provided this Court with the facts from which it can resolve the affirmative defenses against the Defendants.

**ARGUMENT OF LAW**

**I.     PLAINTIFFS IRLANDA WRIGHT AND L.A.W.'S CLAIMS ARE NOT BARRED NOR PRECLUDED**

As an initial observation, Irlanda Wright was *not named by the State* as a party in the dependency case. Hence, her Claim, the Twenty Second [First Amendment Retaliation] Claim, is not barred nor precluded.

Further, while the child, L.A.W., was a nominal party to the dependency, Defendants make no argument that the child litigated his separation from his father, placement, nor the subsequent events upon which his Claims rest. This Court, it is submitted, has been presented with no evidence nor argument that justifies barring or precluding the child's Claims.

**II.    DEFENDANTS' REQUEST THAT THIS COURT RECONSIDER ITS DECISION DENYING THE ROOKER-FELDMAN BAR SHOULD BE REJECTED**

In denying DCS Defendants' Motion to Dismiss, quoting the seminal case *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140 (9th Cir. 2004), this Court set out the test of *Rooker-Feldman* that claims are barred "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Wright v. Southern Arizona Child Advocacy Center,* 2022 U.S. Dist.

LEXIS 17904 (D. Ariz. September 30, 2022) (emphasis added). So, stating, this Court held that:

> The *Rooker-Feldman* doctrine does not bar Plaintiffs' claims. First, Plaintiffs allege their injuries were caused by the Defendants' actions, not by errors made by the state court. Second, Plaintiffs do not seek relief from any state court judgment or order. Rather, Plaintiffs seek damages from the Defendants. Thus, dismissal on this ground is not warranted.

That ruling is the law of the case, and Defendants proffer nothing that justifies reconsideration. In this Motion, Defendants suggest that "*Rooker-Feldman* may apply" to defeat the claims. Motion, at 6:14. But, other than attempting to re-plow the same ground as they did in their Motion to Dismiss, they proffer nothing new. *Kona Enterprises, Inc. v. Est. of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000); Local Rule of Civil Procedure 7.2(g)(1).

It bears addressing here, however, the fundamental flaw that permeates Defendants' arguments on all defenses. Plaintiffs' Seventeenth Claim asserts that Defendants Talamantes and Francisco used judicial deception in securing the *ex parte* Court Authorized Removal order on December 28, 2020, and Plaintiffs have put into the record the facts as to each of those misrepresentations and material omissions. See, Plaintiffs' Controverting Statement of Facts ¶¶2-30, 35-36 [hereafter, "CSOF ¶__"]. The Nineteenth Claim asserts judicial deception in the Defendants securing the *ex parte* Temporary Orders of December 31, 2020, and the facts are laid out for the Court. CSOF ¶¶32-35, 38. The only state court "judgment" upon which Defendants might rely is the

Under Advisement decision of May 28, 2021. Defendants' Exhibit 21. Neither of the two orders at issue were such final judgments.

The rule in this Circuit is that:

> The *Rooker-Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; *if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.*
>
> *Noel v. Hall*, 341 F.3d 1148, 1164-65 (9th Cir. 2002) (reversing dismissal grounded on Rooker-Feldman) (emphasis added).

*Noel* went on to explain that "Because Noel has not brought a forbidden de facto appeal from any of the earlier state court judgments, the 'inextricably intertwined' analysis of *Feldman* does not apply. *Id.*, at 1165- 66 (emphasis added).

Defendants pass over without comment the actual Claims, directing the Court's attention to proceedings in the state court which *post-dated* the orders secured without Plaintiffs' knowledge or opportunity to be heard. Defendants' argument is an invitation to this Court to re-try the dependency case. But the Plaintiffs' damages were inflicted on and after the dates that the two *ex parte* orders were secured, as a direct consequence of the orders. Having, at a later time, the opportunity to challenge the orders – which Plaintiffs did not – could not heal the injuries of the forced separation of parent and child.

It is only by redirecting this Court to later proceedings that the Defendants can argue no "extrinsic fraud." Extrinsic fraud *was used* to secure the two orders.[1] But extrinsic fraud, in any event, is a corollary to the rule set out in *Noel,* and from which *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021), found no *Rooker-Feldman* bar.

Extrinsic fraud is an exception to the bar, and Defendants rush to invoke the absence of an exception without first establishing that the bar applies. Plaintiffs are simply not trying to set aside the custody and dependency rulings. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004) ("It has long been the law that a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud."). The distinction between extrinsic and intrinsic fraud is not before the Court.

The bar does not apply due to any cross-examination in the state-court proceeding. As *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012), emphasized the bar just not apply to independent claims that are "similar or even identical to issues aired in state court" but "not the subject of a previous judgment by the state court."

The argument on the First Amendment retaliation claim requires no consideration. Plaintiffs, rather than Defendants, have placed in the record the facts which establish the right to recovery for retaliation. Collected at CSOF ¶¶62-63. The ground of the defense is that, "In the state court proceedings, Plaintiffs specifically *outlined the facts supporting*

---

[1] Because Defendants argue affirmative defenses, the posture of the Motion is that Plaintiffs' have proved their Claims, and Defendants are entitled to judgment, if at all, only by *proving* they bear no legal consequences for those violations.

*his current claim for retaliation."* Motion, at 10:20-21. Defendants cite this Court to no state court judgment that allegedly took up, let alone decided, the specific retaliatory actions in the record, because there is none. *Guzman v. Cnty. Of Alameda,* 2012 U.S. Dist. LEXIS 48601 **27-28 (N.D. Cal. March 31, 2012) is persuasively reasoned in holding that the mother's claim of retaliation in the caseworker keeping the children from reunification with her was not barred by *Rooker-Feldman*.

As in *Noel* and the other cases, Defendants' only avenue for dismissal is through claim or issue preclusion, not *Rooker-Feldman.* And to those we now turn.

**II.    DEFENDANTS FAIL TO ESTABLISH *RES JUDICATA/*CLAIM PRECLUSION: ALL CLAIMS**

The court applies the doctrine where there is: (1) *an identity of claims*; (2) a final judgment on the merits; and (3) *identity or privity between parties*. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency,* 322 F.3d 1064, 1078 (9th Cir. 2003) (emphasis added). There are four (4) distinct reasons why claim preclusion is not available here: (A) the Claims asserted in this case were not adjudicated in the dependency case; (B) the dependency court had no jurisdiction to litigate federal Section 1983 *claims;* (C) Arizona law does not preclude subsequent claims arising from different causes of action; and (D) even if there was jurisdiction, no obligation to file compulsory federal civil rights counterclaims existed.

      **A.    The Claims, particularly the Seventeenth and Nineteenth Claims, were not adjudicated in the state case**

As we pointed out, *supra,* the orders at issue in the judicial deception Claims were secured *ex parte*. These were not final judgments on the merits, but interim orders secured without Brian Wright's knowledge or opportunity to be heard. The damage was done before he had any opportunity to be heard, and any opportunity could not remedy the injuries suffered by him or his son. Claim preclusion simply cannot be applied to the actions which resulted in the injuries

**B.     No claim preclusion: No Section 1983 claim was litigated because of lack of subject matter jurisdiction in dependency court to join parties and assert federal claims**

As addressed in *Brokaw v. Weaver,* 305 F. 3d 660 (7th Cir. 2002)*,* the Court must consider the subject matter jurisdiction of the state court in determining claim preclusion. Thus, in *Pardo-Pena v. Spector,* 2021 U.S. Dist. LEXIS 237 224 **40-41 (C.D. Cal. November 8, 2021), the court denied summary judgment on preclusion because "Plaintiff could not have asserted any *other cause of action* in the state civil harassment proceedings—including tort or other civil claims based upon or for harassment—as the state civil harassment courts would not have had subject matter jurisdiction over such causes of action." (emphasis added).

Here, Defendants' argument trips on the very first hurdle: no federal cause of action was litigated, despite Defendants' claim that "there is an identity of *claims* in this Court and the state court…." Motion, 15:16-17.

The same reasoning as *Spector* applies to this action. The dependency court is a court of limited jurisdiction. A.R.S. §8-202(A), (B). This limited jurisdiction is embodied

in the statutes governing Preliminary Protective Hearings [A.R.S. §8-824, 8-825] and Dependency Adjudications [A.R.S. §8-844]. The Arizona Rules of Juvenile Procedure, indeed, do *not* contain any provision for a parent or child in a dependency case to file *claims* against another party, nor any vehicle for a parent or child *to join a non-party individual defendant to adjudicate tort claims against that individual*. *Noel v. Hall, supra,* 341 F. 3d at 1171 addressed this same question, holding that preclusion did not apply to claims unpleaded in small claims court actions Noel brought, because the small claims court was of limited jurisdiction, and the Washington Rules of Civil Procedure not applying, there was no vehicle in small claims for Noel to raise federal claims.

That Plaintiffs could not have sued these Defendants on claims for damages under Section 1983 in the dependency case is an absolute bar to claim preclusion.

Defendants' reliance on *Feguson v. County of Los Angeles,* 2014 WL 12949968 (C.D. Cal. June 5, 2014), is misplaced for several reasons. First, no judicial deception nor First Amendment retaliation claims were brought, hence, *Ferguson* did not address claim preclusion on such claims.

Second, a reading of the opinion reveals that the Court denied claim *and issue* preclusion on the plaintiffs' claim arising from the removal of the child because the state court made no specific finding that the state agents had exigent circumstances sufficient to justify removal. In the instant case, the dependency judge made no finding that each of the actions Plaintiffs put into the record [CSOF ¶¶36-38] as deceptive were, in fact, not;

nor that the On-Going Case Management Defendants' actions set out in the record [CSOF ¶¶62-63] were *not* retaliatory.[2]

Third, *Ferguson* was anchored in "familial association" and specifically held, "To the extent that the same primary right was adjudicated through the Superior Court proceedings, Plaintiffs' claims in this action are precluded." 2014 WL 12949968, at *5. At bar, Plaintiffs fraud and retaliation claims were not adjudicated, and Defendants' arguments boil down to precluding whenever cross-examination relevant to both state and federal claims occurred in the state-court proceeding. That takes preclusion doctrine too far.

Finally, the way Defendants' invoke *Ferguson* is contradicted by *Noel, supra,* and *Maldanado v Harris, infra.*

    **C.**    **Arizona law does not bar subsequent claims arising from the same events where evidence is not *identical***

Assuming that the dependency court did have subject matter jurisdiction, no claim preclusion can apply. *Phoenix Newspapers v. Dep't. of Corr.*, 188 Ariz. 237, 241, 934 P. 2d 801, 805 (Ariz. App. 1997) (Under the "same evidence" test, "Only slight variations

---

[2] The burden on Defendants, which forecloses both claim and issue preclusion, arises from the rule that there is a right to be free from retaliation even if a non-retaliatory justification exists for the defendant's action. *Obrien v. Welty,* 818 F.3d 920, 936 (9th Cir. 2016). Even if the dependency court had concluded that the Defendants had legitimate motives for each of the actions taken against Plaintiffs, that holding would not preclude trial on the Twenty Second Claim.

of the facts to support different theories of the same incident can result in a court finding different causes of action, thus thwarting the purposes of res judicata.").

The Court in *Power Road-Williams Field LLC v. Gilbert,* 14 F. Supp. 3d 1304, 1309-10 (D. Ariz. 2014), a Section 1983 case, held that *res judicata* did not bar the suit. "Although the claims arise from *some of the same facts* as the Previous [state court] Action, they are new legal theories based on *some additional facts* and therefore are not barred by res judicata under Arizona law." (emphasis added). Here, Defendants have *failed* to prove – and the record refutes it – that the Claims herein are grounded on the identical facts litigated to a decision in the state case. Claim preclusion fails.

### D. No requirement of compulsory cross-claim, hence, no bar

Moreover, even if the dependency court had had subject matter jurisdiction, and the "transactional test" of claim preclusion applied, and Brian Wright *could* have joined and cross-claimed against these individual Defendants, he had no obligation to do so. Hence, no claim preclusion. In *Maldanado v. Harris,* 370 F.3d 945 (9th Cir. 2004), the Court, in holding no claim preclusion, stated that "Maldonado was not required to bring a § 1983 action against the director of Caltrans because the director [the defendant in the federal action] was not the plaintiff in the state nuisance action." *Id.,* at 951; *see, also, Noel v. Hall,* 341 F.3d 1148, 1171-72 (9th Cir. 2002). The Motion as to claim preclusion must be denied. *See, Olsmolski v. Pima County,* 2006 U.S. Dist. LEXIS 118132 **8-9 (D. Ariz. July 28, 2006) (First Amendment retaliation claim not claim precluded by Merit Board's previous holding that plaintiff's termination was justified).

11

### III. NO ISSUE PRECLUSION: JUDICIAL DECEPTION CLAIMS

It bears restating here that "The duty to refrain from fabrication goes beyond testimony in court: 'reasonable government officials are on notice that deliberately *falsifying evidence in a child abuse investigation* and including *false evidentiary statements in a supporting declaration* violates constitutional rights where it results in the deprivation of liberty or property interests, be it in a criminal or civil proceeding.'" *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010) (emphasis added).

The record before the Court reveals that Defendants Talamantes and Francisco *falsified the Department records of their investigation.* CSOF ¶¶9-10. The Department record was never litigated. As to those actions constituting judicial deception, Defendants Motion fails to prove that (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, and (4) resolution of the issue was essential to the decision. *Campbell v. SZL Properties, Ltd.,* 204 Ariz. 221, 223, ¶ 9 (App. 2003) (citation omitted).

As to the first element, whether an *issue* was actually litigated, Arizona follows the Ninth Circuit which has identified the following factors: (1) whether "a substantial overlap" exists "between the evidence or argument to be advanced" in each proceeding; (2) whether the new argument involves "the application of the same rule of law as that involved in the prior proceeding"; (3) whether "pretrial preparation and discovery" in the first matter can "reasonably be expected to have embraced" the issue presented in the

second action; and (4) the closeness of *claims* across the two actions. *Howard v. City of Coos Bay,* 871 F.3d 1032, 1041 (9th Cir. 2017) (emphasis added); *Quinn v. Cardenas,* 535 P. 3d 921, 929 (Ariz. App. 2023).

Plaintiffs submit that the key to proper resolution of the Motion is that this Court focus on the *issues* adjudicated, not merely an agglomerate of testimony and documents proffered by Defendants from the state case.

### A.  Securing the CAR: The Seventeenth Claim

#### 1.  The resolution of the judicial deception question was neither essential, nor even material, to the finding of dependency on May 28, 2021

A court speaks only through its rulings, that is axiomatic. If the Defendants were to find the evidence that the dependency court adjudicated the judicial deception questions to final order, it would be in the Under Advisement decision, Defendants' Exhibit 21. But the May 28, 2021 decision neither addressed the specific falsehoods collected in CSOF ¶¶36-37, let alone determine whether they *were* false, or, if false, resulted from recklessness or intention of the two Defendants, nor whether any falsehood or omission was material to the decision to issue the CAR order or the Temporary Orders.[3]

In this regard, the Court's attention is directed to *Costanich v. Dep't of Social and Health Services, supra*. *Costanich* stands, of course, as the seminal decision on liability of children's services agents for falsifying investigative files, reports and court documents.

---

[3] Both orders at issue were decided by different judges than the judge who presided over the trial of the dependency case.

But on appeal in *Costanich* was also the trial court's denial of issue preclusion. The appellate panel affirmed, stating that

> The district court correctly held that the doctrine of collateral estoppel is inapplicable because the *issues* considered by the state courts and the administrative agency were not identical to those presented in this federal action…. The issue decided by the ALJ was whether substantial evidence supported the license revocation, while the issue decided by the state court was whether the review judge exceeded his authority in basing his factual findings on Duron's reports. By contrast, the question in Costanich's § 1983 suit is whether Duron deliberately fabricated evidence in her investigation. Even if the state court or the administrative agency addressed *the truthfulness of Duron's reports, neither decided whether Duron deliberately fabricated the evidence.*

*Id.,* at 1107, n. 10 (emphasis added); *see, Sardarbekians v. Cnty. Of Los Angeles,* 2023 U.S. Dist. LEXIS 150217 *77 (C.D. Cal. July 28, 2023) (federal courts "do not consider, for example, [when deciding issue preclusion arguments] whether the veracity of the witnesses was at issue, but whether the core alleged misrepresentations were actually litigated.") *quoting Dodson v. Cnty. of Los Angeles*, 2022 U.S. App. LEXIS 23960, 2022 WL 3681307, at *2 (9th Cir. Aug. 25, 2022)).

The substance of Defendants' argument is that this Court should *infer* that judicial deception and retaliation were actually litigated if they *might have been addressed* by the dependency judge. But that position was rejected in *Janjua v. Neufeld,* 933 F. 3d 1061, 1066-67 (9th Cir. 2019) ("that an issue is actually litigated *if it was implicitly raised* does not satisfy the test of issue preclusion.") (emphasis added).

The elements of judicial deception were never before the dependency judge, and most certainly not *essential* to her decision. Hence, Defendants' proof fails on this element.

### 2. The first element of preclusion: Judicial deception was not litigated in the dependency case

Application of the first and second elements of preclusion as to the CAR requires consideration of the *Quinn* factors, *supra*.

The second, third and fourth factors are dispositive. First this Court does *not* apply "the same rule of law as that involved in the prior proceeding." Next, since there was *no* discovery in the dependency case, preparation could not "reasonably be expected to have embraced" the issues presented herein. Next, there is simply no "closeness of *claims* across the two actions"

*Galario v. Adewundmi*, 2009 U.S. Dist. LEXIS 38085 (D. Haw. May 1, 2009), rev'd other grounds, 531 Fed. Appx. 830 (9th Cir. 2010), is instructive. The child was removed from Galario's home, dependency proceedings followed, hearings followed in which the parent was represented by counsel, ultimately resulting in foster parent being granted legal guardianship of the child. Upon the children's services investigator's motion for summary judgment on collateral estoppel, plaintiffs responded that they were "seeking damages for what they claim to be the inadequate and biased investigation practices used by Adewundmi which resulted in their loss of custody." *Id.* at *50. The Court agreed, reasoning that

> The issue being litigated before this Court … involves the question of whether Adewundmi conducted his investigation in a reasonable and legal fashion. Although the Family Court may have heard arguments as to the appropriateness of Adewundmi's investigation, the issues to be decided by the Family Court were entirely different from those presented in this case. As such, this case does not implicate principles of collateral estoppel.

*Id.,* at **50-51. *See, also, Deeths v. Lucile Slater Packard Children's Hospital,* 2013 U.S. Dist. LEXIS 83457 *33 (E.D. Cal. June 13, 2013) ("Although issues from the juvenile dependency proceedings may overlap into this action, the pivotal

issues at stake here were not actually litigated and necessarily decided in the juvenile dependency proceedings.")

The reasoning in these cases, it is respectfully submitted, is correct and applies to this case. The Defendants' proof fails as to the *Quinn* factors.

**B.     The submissions resulting in securing the *ex parte* Temporary Orders: Nineteenth Claim**

Plaintiffs' CSOF ¶¶33, 36-38, collecting specifics documented in Plaintiffs' Exhibits 30a and 32, reveal the same misrepresentations and omissions carried forward as the justification for the filing of the dependency and *ex parte* Temporary Orders. Those material falsehoods about the injuries themselves included the key ones that "Marks and bruises located on L.A.W. and L.A.W. disclosed that *Irlanda caused the marks"* [CSOF ¶¶27-29] and that that "L.A.W. hit with the *metal part* of the belt. CSOF ¶37(i); Exhibit 30a (emphasis added). On the record before this Court, these falsehoods have been proved. CSOF ¶¶37(f); 37(i).

Most damning to Brian were Defendants' allegations that (1) the child had suffered "serious or severe harm" CSOF ¶37(a); (2) he had "serious injuries" CSOF ¶30, 37(b); and (3), Brian "caused the child to suffer *serious physical injury*…" CSOF ¶34 (emphasis added). These allegations of "serious" and "severe" injury all point to a separate statutory definition of aggravated abuse far more consequential than the simple definition of "physical injury" as being as little as a scratch or a minor bruise. CSOF ¶¶3-4, 5, 36. This Court will look in vain for even a reference by the dependency judge in any Minute Entry, or the Defendants in their Motion, as to these damning allegations – including that the

16

child had disclosed in the forensic interview that Irlanda beat him with the metal part of a belt the night of the 15th that caused these serious physical injuries -- that were without question material to the issuance of the CAR Order and subsequent Temporary Orders.

Applying the preclusion elements, and reading the May 28, 2021 decision, it is abundantly clear that the juvenile judge did not test Defendants' allegations against the question of reckless or deliberate falsehood.

Hence, the resolution of the falsehoods and omissions alleged in the Nineteenth Claim was neither material, nor essential to, the finding of dependency. The Court should deny the Motion as to both the Seventeenth and Nineteenth Claims.

**IV.     NO ISSUE PRECLUSION: FIRST AMENDMENT RETALIATION: THE TWENTY SECOND CLAIM**

The record now reveals many specific actions taken against Brian, his son, and his wife by the Defendants Sheldon, Encinas, Noriega and Orozco. CSOF ¶¶62-63. The record also reveals that these Defendants throughout the case believed – because Talamantes told them so -- that the child had actually disclosed being beaten the night of the 15th and that his mother caused the marks on his body seen the next day. CSOF ¶¶56-58. It was this fundamental misconception that drove the Defendants to obstruct reunification of the family throughout the case. See, e.g., CSOF ¶¶59-61.

Turning to the operative document, the decision of May 28, 2021, the Court will see that the issues of Brian's protected expression and the motivation of the four Defendants for this subsequent series of actions was not actually litigated, nor essential to the decision that the child was dependent.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny the Motion.

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on March 11, 2024. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,

/s/ Michael Garth Moore