KRISTIN K. MAYES
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
Assistant Attorney General
416 West Congress, 2nd Floor
Tucson, Arizona  85701-1315
(520) 638-2815 • Fax (520) 628-6050
Claudia.Collings@azag.gov

JULIE M. RHODES (016313)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-3393
Julie.Rhodes@azag.gov

Attorneys for DCS Defendants Francisco,
Talamantes, Orozco, Noriega, Encinas & Sheldon

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Brian Wright, et al., | No. CV-21-00257-TUC-JGZ |
|---|---|
| Plaintiffs, | |
| v. | **DCS DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Southern Arizona Children's Advocacy Center, et al., | |
| Defendants. | |

Department of Child Safety Defendants Talamantes, Francisco, Encinas, Sheldon, Noriega, and Orozco ("DCS Defendants") reply in support of their Motion for Summary Judgment (Doc. 329). Plaintiffs' response in opposition (Doc. 345) does not raise a genuine issue of material fact to prevent judgment as a matter of law for the DCS Defendants on the basis of the *Rooker-Feldman* doctrine and issue and claim preclusion. For the reasons stated in their Motion for Summary Judgment and this Reply, this Court should grant summary judgment and dismiss this action against the DCS Defendants.

## I. Plaintiffs Misconstrue the Standard of Review *and* the Evidence in the Record.

Plaintiffs appear to conflate who has the burden of persuasion for claims at trial with who has the burden of proving that a party has conclusively litigated a fact in a previous lawsuit for issue preclusion to apply. (Doc. 345 at 1-2.) They further claim that the DCS Defendants failed to present evidence to support their contentions and instead "present[ed] only allegations in the Third Amended Complaint." (*Id.* at 2.) They are wrong. In their Motion for Summary Judgment and Statement of Facts, the DCS Defendants pointed to the record showing the specific state court proceeding in which the Plaintiffs previously challenged probable cause via the alleged misrepresentations and omissions in the CAR Declaration and the Dependency Petition and challenged the alleged retaliatory acts. (Doc. 329 at 11-18; Doc. 307; Doc. 331.) The DCS Defendants thus established that Plaintiffs actually litigated during the state court dependency proceedings the issues they have presented in their Third Amended Complaint. (Doc. 329.) Simply because Plaintiffs fail to acknowledge this evidence and blatantly ignore the citations to the record conclusively demonstrating that they made the exact same arguments in the juvenile court's dependency proceedings which resulted in findings favorable to DCS does *not* establish that the Defendants failed to meet their burden of proof. Plaintiffs' arguments are misleading and should not be considered.

Local Rule of Civil Procedure 56.1(b) requires that the non-movant file a separate statement setting forth:

> (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and
> (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

Notably, Plaintiffs did not dispute the majority of the DCS Defendants' Statement of Facts in the first six pages of their 33-page Separate Statement of Facts. (Doc. 346.) The remaining 27 pages consist of 63 paragraphs and multiple subparagraphs of additional "facts" purportedly to establish a genuine dispute of material fact or to preclude summary judgment. (Doc. 346 at 6-33.) Plaintiff provides his version of his experience during the underlying DCS investigation and dependency proceedings, cites to statutory definitions, refers to Defendants' deposition testimony and discusses DCS operations, cites to his expert's opinions on DCS policies and practices, and explains what Defendant Talamantes documented in the DCS file or what he did or did not do during his investigation. (*See, e.g.,* Doc. 346, ¶¶ 1, 2-5, 8, 9-20, 38, 43-51.) He also cites to DCS policy and practices, reiterates the alleged misrepresentations and omissions, and reiterates the alleged retaliatory acts. (*Id.* at ¶¶ 39-40, 52-57, 60-66.) Many of Plaintiffs' exhibits lack foundation, are speculative, or are not supported by admissible evidence. (*See, e.g.,* Doc. 346-1, Apps. 13, 15, 38-42, 45.) But Plaintiffs' statements and exhibits (Doc. 346; Doc. 346-1) do not address the *Rooker-Feldman* bar or the claim or issue preclusion doctrines that the DCS Defendants raised in their Motion for Summary Judgment. Plaintiffs have not set forth admissible evidence to establish a material issue of fact or to preclude summary judgment in favor of the DCS Defendants based on the principles raised in their Motion. Subject to these objections, Defendants will reply to the points that Plaintiffs have raised in their response in opposition to show that they are entitled to summary judgment.

**II. Irlanda Wright's and L.A.W.'s Arguments that their Claims Are Not Barred or Precluded Are Meritless.**

Irlanda Wright claims, without any legal authority, that because she was not named as a party in the underlying dependency case, then her retaliation claim under Count 22 cannot be barred or precluded. (Doc. 345 at 3.) But she claimed and the Court agreed

3

that her claims are derivative of Brian's claims because of her spousal relationship with him. (*See, e.g.,* Doc. 120 at 7.)  Certainly, if Brian's claims are barred and precluded, then her claims should be as well.  Moreover, even though Irlanda had no legal relationship to L.A.W. and was not a named party in the underlying dependency proceedings despite her alleged physical abuse of L.A.W., she does not and cannot dispute that she was involved in the services and reunification efforts that were at issue and essential to the proceedings below.  (Doc. 329 at 17-19; Doc. 307, ¶¶ 1, 4, 8, 14, 15, 38, 45, 58.)

L.A.W.'s argument that he was a nominal party to the dependency (Doc. 345 at 3) is equally meritless.  Under the Arizona Rules of Procedure for the Juvenile Court, the superior court interprets the rules "in a manner that protects the rights of the parties and the child's best interests and gives paramount consideration to the child's health and safety."  Ariz. Juv. Ct. R. Proc. 301(b).  Under Rule 302, a "'[p]arty' means a child, parent, guardian, DCS, any petitioner, and any person, Indian tribe, or entity that the court has allowed to intervene."  Ariz. Juv. Ct. R. Proc. 302(b).  Rule 303 provides that children in dependency cases are entitled to a court-appointed attorney, who provides legal representation for a child.  Ariz. Juv. Ct. R. Proc. 303(c).  Here, the Declaration, the Dependency Petition, and the entirety of the dependency proceedings were all focused on L.A.W.'s health, safety, care custody, and control.  (Doc. 307, ¶¶ 23-27; Doc. 331 at Exs. 5-13, 17-26, 28-29, 32, 34-35, 38-48 [showing L.A.W. an integral party to the case and represented by independent counsel].)  The record unequivocally demonstrates that L.A.W. was a party to the case and represented by separate and independent counsel.  In fact, L.A.W. was opposed to the dismissal of the dependency proceedings until October 14, 2021.  (Doc. 307, ¶¶ 29-30; Doc. 331 at Ex. 24.)  L.A.W. is currently represented by Mr. Moore, who continues to represent Brian Wright after representing him in the juvenile court proceedings.  Because of their integral involvement in the state-court proceedings, both Brian Wright and his attorney are well aware that these issues have been litigated and

court orders have been entered. That L.A.W. was not aligned with his father in the juvenile court proceedings is insignificant, other than to establish that judicial estoppel should apply to preclude him from proceeding with this action since his position is inconsistent with his earlier position in the dependency proceedings. *Hamilton v. State Farm Fire and Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001) (judicial estoppel prevents a party from gaining an advantage by taking a clearly inconsistent position and considers the orderly administration of justice and regard for the dignity of the judicial process); *see also Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990) ("Judicial estoppel is 'intended to protect against a litigant playing 'fast and loose with the courts.'"). L.A.W.'s claims are barred by issue and claim preclusion and judicial estoppel.

**III.     The *Rooker-Feldman* Doctrine Applies to Bar Plaintiffs' Claims.**

Plaintiffs argue that DCS Defendants are seeking reconsideration (Doc. 345 at 3-4) of this Court's prior order (Doc. 76) denying their Motion to Dismiss (Doc. 37) Plaintiffs' First Amended Complaint (Doc. 15). They argue that the Court's prior ruling (Doc. 76) is law of the case, and that Defendants' present summary-judgment motion reasserting the *Rooker-Feldman* doctrine is improper (Doc. 345 at 3-4). Plaintiffs are mistaken.

A denial of a motion to dismiss is considered interlocutory and can be renewed and reconsidered any time before final judgment. *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965). Accordingly, the denial of motion to dismiss does not constitute the law of the case for the purpose of summary judgment because the motions do not raise the same issues. *Goff v. Arizona*, 526 F.Supp.3d 551, 575 (D. Ariz. 2020) (citing *Peck v. Hinchey,* No. CV 12-01371-PHX-JAT, 2017 WL 2929464, at *5 n.5 (D.Ariz. July 7, 2017). Here, the Court can determine based on the developed record and the authorities cited that *Rooker-Feldman* applies to bar Plaintiffs' claims on summary judgment. The Court should therefore disregard Plaintiffs' argument.

Next, Plaintiffs argue that DCS Defendants' *Rooker-Feldman* argument fails because neither the Court Authorized Removal Order nor the Temporary Orders at issue in Counts Seventeen and Nineteen were final judgments. (Doc. 345 at 4-5.) First and foremost, Plaintiffs ignore that the dependency adjudication (Doc. 307 ¶ 28; Doc. 331 at Ex. 21) was a final, appealable judgment. *Rita J. v. Ariz. Dept. of Econ. Sec.,* 196 Ariz. 512, 513 ¶ 4 (App. 2000) ("Orders declaring a child dependent, reaffirming a finding of dependency, or dismissing a dependency proceeding are final, appealable orders."). In that final judgment, the juvenile court specifically addressed both Plaintiffs' opposition to the Court Authorized Removal Order and the award of temporary custody to DCS. (Doc. 307 ¶ 28; Doc. 331 at Ex. 21 at 14.) The court stated:

> By rule and statute, temporary custody is reviewed first upon the filing of the Dependency Petition and a second time within five to seven days after the child is taken into custody at the Preliminary Protective Hearing, and subsequently at each Dependency Review hearing. *See Department of Child Safety v. Stocking-Tate*, 247 Ariz. 108, 446 P.3d 813 (Ct. App. 2019). *Probable cause existed for this removal*.

(*Id*. [emphasis added].)

Arizona courts are undecided on whether a temporary custody order is a final appealable order, but the review of temporary custody has been the subject of a special action. *Daniel L. v. Dept. of Child Safety*, CA-JV16—488, 2017 WL 1505912 ¶ 6 (App. 2017). There the court noted that whether a temporary custody order was appealable was the subject of decisions that appeared difficult to reconcile. *Id., comparing Yavapai Cty. Juv. Action No.* J–8545, 140 Ariz. 10, 14 (1984) ("very narrow, technical conception of what constitutes a final order" should not apply "in cases involving the important and fundamental right to raise one's children;" "A parent denied and redenied control over his or her children must have the right to appeal the initial and subsequent denials.") with *Maricopa Cty. Juv. Action No. JT–295004*, 126 Ariz. 409, 411 (App. 1980) (noting, to be appealable, a final order "must dispose of all of the issues"). But the

6

court did not decide the issue, noting that it had the "discretion to consider the matter as a special action." *Id.*  The court then noted that adequate evidence in the record supported temporary custody and that it would not re-weigh the evidence nor disturb the juvenile court's order unless no reasonable evidence supports the factual findings. *Id.* at 7.

Plaintiffs are deflecting responsibility of their attempt to re-litigate the issues that they have already presented to the juvenile court by claiming that the DCS Defendants are seeking to re-try the dependency. (Doc. 345 at 5.)  But the record shows that Plaintiff contested L.A.W.'s temporary custody at all available opportunities and not just during the contested dependency hearing. (Doc. 307 ¶ 26.)  The judgment from the juvenile court specifically found that probable cause existed to justify L.A.W.'s removal. (Doc. 307 ¶ 28; Doc. 331 at Ex. 21 at 14.)  The juvenile court considered and rejected Plaintiffs' arguments regarding DCS Defendants' alleged misrepresentations and omission of facts, which is evident in the trial court record and specifically included in the state court's written decision. (Doc. 307, ¶¶ 9-20, 28. 55-60; Doc. 331 at Exs. 3, 5, 6, 33, 34.)  Plaintiff even appealed the dependency adjudication but later withdrew his appeal. (*See* Arizona Court of Appeal, Division Two, Case Information, https://www.appeals2.az.gov/ODSPlus/caseInfo.cfm, select Case Type "JV - Juvenile", select case year "2021", enter Case Title: "Brian W.", enter Verification Code, press Search, select 2 CA-JV 2021-0059 – Brian W. v. DCS, and L.W. (last visited Apr. 2, 2024).)  Not only did the juvenile court adjudicate the child dependent, it reaffirmed the child's dependent status at a dependency review hearing on August 26, 2021, where it found that the Department had made reasonable reunification efforts. (Doc. 307 ¶ 29; Doc. 331 at Ex. 23.)  Such an order reaffirming a child's dependent status and ratifying or changing the child's placement is a final and appealable order. *Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 46 (Ariz. App. 2006).  Plaintiffs fail to support with any citation to the record that the issues as alleged in Counts 17, 19, and 22 were not

inextricably intertwined with the state-court proceedings. They further fail to establish that they were prevented from presenting their claims of alleged misrepresentations or omissions or retaliation to the juvenile court to support any claim of extrinsic fraud to prevent the *Rooker-Feldman* bar.

Plaintiffs' attempt at a de facto appeal of the temporary custody orders and dependency findings is clear. This Court should refrain from re-weighing the evidence presented in the underlying dependency proceedings. The record shows that the juvenile court already considered the same evidence and used that evidence to support its factual finding in the final judgment that "probable cause existed for L.A.W.'s removal." It should also refrain from second-guessing the court's factual findings in its dependency orders.

Other courts in this circuit and the Ninth Circuit have applied the *Rooker-Feldman* doctrine to juvenile court decisions in dependency proceedings. *See, e.g., Aviles v. Los Angeles Cnty. Dep't of Child. & Fam. Serv.*, No. 2:23-CV-07215-CBM-BFM, 2023 WL 8134937, at *2 (C.D. Cal. Oct. 25, 2023) (noting that plaintiff's claim against a child's removal order was "essentially an appeal of the Superior Court's decision by another name—if this Court were to agree with Plaintiff, the result would be to invalidate the Superior Court order."); *JQ.H by and through Thomas v. County of San Diego*, 3:18-cv-924-BTM-DEB, 2021 WL 8014326 *4 (S.D. Cal. Jan 28, 2021) (applying *Rooker-Feldman* to plaintiff's judicial deception claim, noting that it was inextricably intertwined with the state court decision regarding care, custody and control of the child in the juvenile dependency proceeding); *Ragan v. Cty. of Humboldt Dep't of Health & Human Servs.*, No. 16-cv-05580-RS, 2017 WL 878083, at *4 (N.D. Cal. Mar. 6, 2017) (allegations that a social worker fabricated evidence and refused to provide exculpatory evidence to juvenile dependency court was inextricably intertwined with state court proceedings and did not constitute extrinsic fraud); *Watkins v. Proulx,* 235 F. App'x

8

678, 679 (9th Cir. 2007) (affirming dismissal of challenges to a state court's child custody decision as barred by the *Rooker-Feldman* doctrine, noting the constitutional claims were inextricably intertwined); *Lacy-Curry v. Alameda Cnty. Soc. Servs. Agency*, 262 F. App'x. 9, 10 (9th Cir. 2007) (affirming dismissal of claims related to state court child dependency proceedings based on *Rooker-Feldman,* noting that the plaintiff was "inviting district court review and rejection of" state-court judgments).

Similarly, this Court should find that the *Rooker-Feldman* doctrine bars Plaintiffs' claims because their constitutional claims are inextricably intertwined with the juvenile court's decisions regarding care, custody and control and they are essentially asking this Court to review and reject the juvenile court's previous findings.

**IV.    Claim Preclusion Bars Plaintiffs' Claims.**

Plaintiffs first argue without any citation to authority that because his judicial deception claims under Counts Seventeen and Nineteen were not adjudicated to a final judgment on the merits, claim preclusion cannot apply.  They are wrong because they are attempting to avoid preclusion by "merely by posturing the same claim as new legal theory."  *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 241 (App. 1985).  The claims below and before this court are "predicated on [the Plaintiffs] 'well-elaborated constitutional right to live together without government interference.'"  *Ferguson v. County of Los Angeles*, CV 12-06865, 2014 WL 12949968, at *5 (C.D. Cal. June 5, 2014).  And Plaintiffs challenged the accuracy of the allegations during the temporary custody hearing and dependency trial that was ultimately adjudicated in a final, appealable judgment. (Doc. 307 ¶¶ 26-28; Doc. 329 at 12-14, 17-18, Chart "A" and "B".)  Thus, the matter at issue now between the parties has already been determined in the underlying dependency action.  *Hall v. Lalli*, 194 Ariz. 54, 57 (1999).  Plaintiffs have no evidence or authority to the contrary.

Plaintiffs next argue, incorrectly, that claim preclusion does not apply because the

dependency court lacked subject matter jurisdiction. Their reliance on *Brokaw v. Weaver,* 305 F.3d 660 (7th Cir. 2002) is misplaced, not only because that case is non-binding but because it addresses collateral estoppel or issue preclusion rather than claim preclusion. Their reliance on *Pardo-Pena v. Spector,* No. 2:20-CV-03562-MAA, 2021 WL 6496732, at *14 (C.D. Cal. Nov. 3, 2021) is misplaced because that case is based on California preclusion law—not on Arizona law. Similarly, *Noel v. Hall,* 341 F.3d 1148, 1171 (9th Cir. 2002) is unpersuasive because that case is based on jurisdictional limits in small claims court in Washington and its preclusion law—again, not Arizona law. Notably, Plaintiffs cite no Arizona case that requires the ability to file a counter-claim under § 1983 to prevent the application of claim preclusion.

Moreover, there is no dispute that the juvenile court has the power to make temporary orders regarding the welfare of a child awaiting a dependency determination. *Bechtel v. Rose In & For Maricopa Cnty.*, 722 P.2d 236, 243 (Ariz. 1986). The issues below that Plaintiffs contested in the temporary custody hearing, the preliminary protective hearing, and the contested dependency trial and which Plaintiffs are contesting in this Court are the same; that is, whether probable cause existed for L.A.W.'s removal. Plaintiffs' arguments therefore lack merit.

Plaintiffs mistakenly read *Ferguson v. County of Los Angeles*, CV 12-06865, 2014 WL 12949968, at *5 (C.D. Cal. June 5, 2014) in an attempt to distinguish that case from the case at bar. (Doc. 345 at 9-10.) In *Ferguson*, the children's mother filed a civil lawsuit challenging the accuracy of the Department of Children and Family Services reports during the initial "detention" or removal hearing and the adjudication. *Id.* at **1-4. The district court determined that plaintiff's argument against claim preclusion based on the juvenile court's lack of jurisdiction over her constitutional claims was unpersuasive because the claims were "predicated on their 'well-elaborated constitutional right to live together without government interference.'" *Id.* at *5. The plaintiff raised two claims: the

first based on a warrantless removal, and the second based on deceptive reports that the defendants presented to the superior court that deprived the parent physical custody of the child. *Id.* The district court denied claim preclusion on the warrantless removal claim but granted it with respect to the familial association claim based on the alleged deceptive reports filed in the superior court. *Id.* at **5-6. The Court should disregard Plaintiffs' tortured reading of *Ferguson.*

Plaintiffs next contend that claim preclusion does not bar their claims because the same-evidence test allows new legal theories based on some additional facts. (Doc. 345 at 10-11, citing *Power Road-Williams Field LLC v. Gilbert,* 14 F.Supp. 3d 1304, 1309-10 (D. Ariz. 2014)). Under this test, "[i]f no additional evidence is needed to prevail in the second action than that needed in the first, then the second action is barred." *Power Rd.-Williams Field LLC*, 14 F.Supp. 3d at 1309 (citing *Phoenix Newspapers, Inc.*, 188 Ariz. at 240). Here, Defendants set forth the evidence that Plaintiffs raised in their effort to dispute temporary custody and probable cause in the underlying dependency proceedings, which is the same evidence raised in this case. (Doc. 329 at 12-18, Chart "A" and "B".) Plaintiffs have not disputed with any citation to the record or evidence what "additional evidence" they have presented to prevent claim preclusion under the same-evidence test. Accordingly, the Court should disregard their contentions.

Lastly, Plaintiffs rely on *Maldonado v. Harris,* 370 F.3d 945 (9th Cir. 2004) to assert that claim preclusion does not apply because Brian Wright had no obligation to bring a cross claim against the individual DCS Defendants in the state-court dependency action. (Doc. 345 at 11.) But *Maldonado* is inapplicable because it is based on California preclusion law, or more precisely California's compulsory cross–complaint statute and not on Arizona's law on claim preclusion.

Plaintiffs have not challenged the elements establishing claim preclusion under Arizona law. There must be (1) a final judgment on the merits, (2) common identity of

11

the parties and the capacity in which they appeared, (3) common identity of the subject matter and (4) common identity of the cause of action. *Hall,* 191 Ariz. at 106, *aff'd* 194 Ariz. 54, 977 P.2d 776 (1999). A claim preclusive judgment binds the parties in subsequent litigation not only as to "every issue [actually] decided in the prior action" but also as to "every issue that could have been decided." *Norriega v. Machado,* 179 Ariz. 348, 351, 878 P.2d 1386, 1389 (Ct. App. 1994). The Plaintiffs' challenged the evidence to support taking L.A.W. into temporary custody, and the juvenile court entered its judgment finding probable cause. For the reasons stated above and in the Motion (Doc. 329), claim preclusion applies to prevent Plaintiffs from re-litigating the issues that have already been decided in the dependency proceedings.

**V.     Issue Preclusion Bars Plaintiffs' Claims.**

Plaintiffs claim that issue preclusion does not apply by arguing that the "issue" of judicial deception, as re-packaged for this case under Claims 17 and 19, was not "essential" to the juvenile court's underlying decision and because it was not actually litigated. (Doc. 345 at 13-17.) They are wrong. The juvenile court made multiple findings that probable cause existed for L.A.W.'s removal and continued care, custody, and control with DCS. (Doc. 307 ¶¶ 24-26, 28, 29, 33.) The juvenile court made these findings at several hearings based on testimony, exhibits, and argument from Plaintiffs who are now repackaging those same issues as alleged misrepresentations and omissions for a judicial deception claim. (Doc. 307 ¶¶ 24-29, 33; Doc. 331 at Exs. 8, 20, 21.) The issue then and now is whether, given all of the evidence—and Plaintiffs' claims of misrepresentations and omissions—probable cause existed to remove L.A.W. and retain temporary custody of him. The juvenile court conclusively made those essential determinations in its prior rulings and judgment because these issues were actually litigated. (Doc. 307 ¶¶ 24, 26, 29; Doc. 331 at Exs. 3, 5, 6, 10, 12, 17, 20, 21, 39, 40.) Plaintiffs have not provided any evidence to the contrary, indeed because they cannot

dispute the juvenile court record. Their conclusory statements that the DCS Defendants failed to prove the elements of issue preclusion (Doc. 345 at 15-16) are insufficient to defeat summary judgment. *Nelson v. Pima Community College,* 83 F.3d 1075, 1081-82 (9th Cir. 1996). Plaintiffs' references to the contested allegations in the dependency petition, drafted and filed by an Assistant Attorney General, and the juvenile court's temporary orders (Doc. 345 at 16) not only show that none of the Defendants drafted those documents, but they corroborate that Plaintiffs have raised these same issues before the juvenile court and that it ruled in DCS's favor. (Doc. 307 ¶¶ 23, 24; Doc. 331 at Exs. 18, 19.) Not only did the juvenile court find probable cause existed to continue temporary custody, it also found that DCS had proven the allegations in the dependency petition. (Doc. 307 ¶ 28; Doc. 331 at Ex. 21.) As dissatisfied litigants who already had the opportunity to litigate and did litigate these issues in the juvenile court, Plaintiffs should not be permitted to re-litigate the same issues here.

Plaintiffs next argue that issue preclusion does not apply to their retaliation claims under Count 22 because the record "now reveals" many specific actions taken against them. (Doc. 345 at 17.) As in their arguments above, Plaintiffs completely ignore that their specific allegations in their Third Amended Complaint were previously addressed by the juvenile court as outlined in the Defendants' Motion. (*See* Doc. 329 at 11-4, 17-19.) Not only did the juvenile court consider the evidence and Plaintiffs' arguments below, it considered the services offered to the family, the child's placement history, ordered DCS to make reasonable efforts to provide reunification services, and later reaffirmed the child's dependent status at a dependency review hearing on August 26, 2021, where it found that the Department had made reasonable reunification efforts. (Doc. 307 ¶ 29; Doc. 331 at Ex. 23.) Their conclusory statements that these issues were not actually litigated or essential to the rulings is belied by the record. Issue preclusion applies, and this Court should therefore grant summary judgment on all of Plaintiffs' claims.

13

## VI. Conclusion.

Plaintiffs have not raised any disputed material facts or presented legal argument to defeat summary judgment for the DCS Defendants on *Rooker-Feldman,* issue preclusion, or claim preclusion. Therefore, the DCS Defendants respectfully request that the Court grant summary judgment in their favor on claims Seventeen, Nineteen, and Twenty-Two, and enter an Order dismissing this action with prejudice.

RESPECTFULLY SUBMITTED this  2nd  day of April, 2024.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

/s/Claudia Acosta Collings
CLAUDIA ACOSTA COLLINGS
JULIE M. RHODES
Assistant Attorneys General
Attorneys for Defendants Francisco, Talamantes, Orozco, Noriega, Encinas & Sheldon

CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of April, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael Garth Moore
mike@mgmoorelaw.com
*Attorney for Plaintiffs*

Tom Slutes
Slutes, Sakrison & Rogers, P.C.
Tslutes@sluteslaw.com
*Attorneys for Defendant Dale Woolridge, MD*

Robert Grasso, Jr.
Pari K. Scroggin
Grasso Law Firm, P.C.
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
*Attorneys for Defendant Southern Arizona Children's Advocacy Center*

s/slf
11991443