WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al., | No. CV-21-00257-TUC-JGZ |
| Plaintiffs, | **ORDER re Dr. Woolridge's Motion for Summary Judgment** |
| v. | |
| Southern Arizona Children's Advocacy Center, et al., | |
| Defendants. | |

Pending before the Court is Defendant Dale Woolridge's Motion for Summary Judgment claiming immunity from suit. (Doc. 297.) The Plaintiffs filed an opposition to the Motion. (Doc. 313.) Defendant Woolridge did not file a reply.

The Court will deny the Motion.

## Discussion

On December 16, 2020, Sahuarita Police Department (SPD) officers were investigating the possible physical abuse of minor L.A.W. SPD officers brought L.A.W. to Southern Arizona Children's Advocacy Center (SACAC), where Defendant Woolridge, a physician, conducted a forensic medical evaluation ("FME") of L.A.W. (Doc. 298 at 5.) The FME was requested and authorized by SPD Detective Johnston, who signed a SACAC consent form indicating he was the guardian of L.A.W. (Doc. 297 at 2.) L.A.W.'s parents were not notified prior to the exam. (Doc. 204 at 11-12.)

In the pending action, Plaintiffs assert two claims under 42 U.S.C. § 1983 against Dr. Woolridge. (Doc. 204 at 39-41.) In Count Five, Plaintiffs allege Dr. Woolridge violated

L.A.W.'s Fourth Amendment rights by conducting an unconsented detention, interrogation, and forensic medical exam. (*Id.*) In Count Six, Plaintiffs allege Dr. Woolridge violated L.A.W. and his father's First and Fourth Amendment rights by conducting the unconsented exam. (*Id.*) To prove their § 1983 claims, Plaintiffs must show that (1) acts by the defendant (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (cleaned up).

Dr. Woolridge moves for summary judgment on Counts Five and Six, asserting that, even if Plaintiffs could prove the elements of their claims, Dr. Woolridge is entitled to immunity pursuant to Arizona Revised Statutes § 13-3620(J), which immunizes any person "who participates in . . . [an] investigation resulting from a report, information or records required or authorized under this section." A.R.S. § 13-3620(J).[1]

The issue presented by Dr. Woolridge is a purely legal question that can be decided on summary judgment. Fed. R. Civ. P. 56(a); *see Dupree v. Younger*, 598 U.S. 729, 737 (2023) ("Rule 56 thus contemplates that the court will sometimes deny the motion . . . because the law does not support the movant's position."). The law is clear that A.R.S. § 13-3620(J) does not provide Dr. Woolridge a defense to Plaintiffs' constitutional claims. "Immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000) (citing *Martinez v. State of Cal.*, 444 U.S. 277, 284 (1980)). Accordingly,

**IT IS ORDERED** Defendant Dale Woolridge's Motion for Summary Judgment (Doc. 297) is **denied**.

Dated this 4th day of April, 2024.

Jennifer G. Zipps
United States District Judge

---

[1] Dr. Woolridge disputes that he was acting under color of state law, but because that issue involves determination of facts, Dr. Woolridge intends to present that defense at trial.