Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Wright, et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br><br>Southern Arizona Children's Advocacy Center,<br><br>          Defendants. | Case No.: 4:21-cv-00257-JGZ<br><br>**PLAINTIFFS' REPLY TO DCS DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFFS' VERIFIED MOTION REGARDING DISCLOSURE OF NAMES OF MINORS [DOC. 396]** |

The DCS Defendants' opposition to Plaintiffs' Motion [Doc. 391], should be rejected. First, Defendants do not elucidate any interest, let alone legitimate interest, in the Plaintiffs' children's names being made public. There is no fight here, and if there was, Defendants have no dog in it.

Defendants likewise ignore the obvious – Rule 5.2 was created to protect the privacy interests of minors. As in every matter, a parent speaks for the child, and if the parent decides to waive that protection, the parent is the best judge of the reasons for that. Neither

1

the Defendants, nor this Court, is in a better position that the parent to decide on behalf of the child.

*Khabbaz v. Costco Wholesale Corp.* 2017 U.S. Dist. LEXIS 37229 (E.D.N.Y. March 15, 2017), which Defendants disparage, recognized that it is the parent's prerogative to rely upon, or waive, the confidentiality imposed by Rule 5.2.

Defendants have presented no authority to the contrary. Indeed, the fundamental policy that proceedings in United States District Courts are public, and that policy extends to the fruits of pretrial discovery, stands in tension with Rule 5.2. *San Jose Mercury News, Inc. v. United States Dist. Court - N. Dist.,* 187 F.3d 1096, 1103 (1999).

If the drafters of Rule 5.2 intended that it be absolute, they would not have included the preambulatory language, "[u]nless the court otherwise orders…." Rule 5.2(a). The language does not even require the movant to show good cause.

The parents' stated desires should be controlling here. The undersigned would also observe that if this Court does not determine this in favor of Plaintiffs' Motion, that the Court will face a more fundamental challenge when, and if, this case comes to trial. As this writer pointed out in open court, trying a case such as this with only a child's initials being allowed into evidence, will be not only extraordinarily cumbersome, but quite prejudicial to the Plaintiffs, as such designations are dehumanizing and frankly confusing.

For these reasons, this Court should grant the Motion.

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (023742)
6336 N. Oracle Road, Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trial Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on June 4, 2024. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,

/s/ Michael Garth Moore